IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 03-2028 T

(Judge Francis M. Allegra)

KENNETH C. KEENER,

Plaintiff

v.

THE UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to ¶ 3 of Appendix A of Rules of the United States Court of Federal Claims, the parties submit the following information:

a. Jurisdiction.

Plaintiff's Statement

Plaintiff asserts this Court has jurisdiction pursuant to 28 U.S.C. §§ 1346(a)(1) and 1491(a).

Defendant's Statement

1. This Court lacks subject matter jurisdiction under § 6230(c)(2) of the Internal Revenue Code, insofar as the complaint seeks a refund of tax, and of interest under § 6601(a) and § 6621(a), because plaintiff is not entitled to relief under

§ 6230(c)(1).

2. Alternatively, this Court lacks subject matter jurisdiction under § 6230(c)(2)(B) of the Internal Revenue Code, insofar as the complaint seeks a refund of tax, and of interest under § 6601(a) and § 6621(a), because plaintiff alleges (Compl. ¶¶ 10, 20) that the claims for refund for the years in suit were filed on November 19, 1999, which date was more than two years after April 28, 1997, the date on which the settlements between plaintiff and the IRS were entered into.

3. Alternatively, this Court lacks subject matter jurisdiction to entertain plaintiff's request for abatement of interest pursuant to § 6404(e) of the Internal Revenue Code, because under § 6404(h) the United States Tax Court has exclusive jurisdiction to review a determination by the Secretary of the Treasury not to abate interest.

b. Consolidation. The parties are unaware of any case with which this case should be consolidated.[1]

c. Bifurcation of trial. While the parties agree that separate trials on the questions of liability and damages (*i.e.*, the amount of any underpayment or overpayment of tax and

---

[1] With the exception of one computational issue, the issues presented in *William P. Smith, Jr. and Anne D. Smith v. United States*, Fed. Cl. No. 04-907 T, are identical to the issues presented in the above-captioned case (as identified in section "h," *infra*). Accordingly, to eliminate duplicate briefs, the parties intend to address the issues common to each case in the same brief.

interest) should be unnecessary in this case, we ask that the Court first determine the question of liability only and thereafter permit the parties a reasonable period of time within which to attempt to agree upon any necessary recomputation of tax liability and interest due, with a view to the parties submitting an agreed stipulation as to the amount of any money judgment. This would avoid unnecessary time at trial devoted to the question of computations.

d. Deferral of proceedings. The parties propose that further proceedings regarding plaintiff's claim for abatement of interest be deferred. The threshold question of whether this Court has jurisdiction over this claim is currently pending in *John F. and Pamela F. Hinck v. United States, appeal docketed,* No. 05-5099 (Fed. Cir. Mar. 24, 2005).

e. Remand or suspension. Remand of a tax refund suit is not appropriate, and the parties know of no reason why this matter should be suspended at this time.

f. Additional parties. The parties do not currently know of any additional parties who should be joined in this case.

g. Dispositive motions. The parties intend to file dispositive motions with respect to certain of the issues identified in section "h", *infra*, as discussed in more detail below. (*See* section "l," *infra*.)

h. Issues. The issue in a tax refund suit is whether the

taxpayers can establish that they overpaid their taxes for the years in suit. The parties have so far identified the following subsidiary issues:

1. Whether this Court has jurisdiction to determine whether the assessments against plaintiff with respect to the partnership items of Agri-Venture Fund and Agri-Venture II were timely.

2. Whether this Court has jurisdiction of the years in suit to the extent the complaint is based on a claim for abatement of interest under I.R.C. § 6404(e).

3. If this Court has jurisdiction to determine whether the assessments were timely, whether plaintiff's claim in this action for refund of tax, and of interest under § 6601(a) and 6621(a), is barred by the doctrine of *res judicata*.

4. Alternatively, if this Court has jurisdiction to determine whether the assessments were timely, whether plaintiff is collaterally estopped from litigating the claim asserted in the complaint for refund of tax, and of interest under § 6601(a) and § 6621(a).

5. If the Court has jurisdiction, and collateral estoppel and *res judicata* do not apply, whether the assessments against plaintiff with respect to the partnership items of Agri-Venture Fund and Agri-Venture II were made before the expiration of the statute of limitations.

6. Whether plaintiff is entitled to a refund or credit of

the portion of the interest assessed under former § 6621(c).

7. Alternatively, if the Court has jurisdiction over the claim for abatement of interest, whether plaintiff is entitled to interest abatement under § 6404(e).

8. Alternatively, whether the IRS properly calculated the amount of interest due on the underpayments of tax.

I. Settlement. The parties currently believe that the computational issue (Issue No. 8, *supra*) may be susceptible of settlement. The parties do not currently believe that the other issues identified in section "h," *supra, i.e.,* Issue Nos. 1 through 7, are susceptible of settlement.

The parties do not currently contemplate the use of alternative dispute resolution.

j. Trial. The parties cannot now determine whether it is likely that any of the issues in this case will eventually be the subject of a trial. The necessity for a trial depends on the resolution of the following: (a) the motion to dismiss that defendant intends to file with respect to Issue Nos. 1, 3, and 4, *supra*; (b) the pending appeal in *Hinck*; and (c) the dispositive motions that plaintiff intends to file with respect to Issue Nos. 5 and 6, *supra.*

k. Electronic Case Management. There are no special issues regarding electronic case management needs.

l. Other information.

1. With respect to the jurisdictional issues identified above (Issue Nos. 1, 3, and 4), defendant intends to file a motion to dismiss.

2. The parties believe there are preliminary legal questions with respect to Issue No. 5 (the statute of limitations issue) and Issue No. 6 (the § 6621(c) interest issue). Resolution of the preliminary legal issues will control the extent of and may preclude the need for extensive discovery in these cases. It would be more efficient and cost-effective to resolve these legal issues prior to conducting what may amount to a large amount of discovery in different locations. To this end, the parties intend to conduct only limited, informal discovery in order to prepare dispositive motions on the preliminary legal issues. In this regard, defendant has determined that many of the documents that it needs to support the motion to dismiss and to support its opposition to plaintiff's dispositive motions may be in the possession of various IRS appeals offices across the country. Defendant is currently searching for these documents, and expects to locate them within the next 60 days.

3. Issue No. 7 (interest abatement) presents several factual questions; however, in the context of this case, if the judgment of this Court in *Hinck* is affirmed, Issue No. 7 will never be reached.

**Proposed Schedule of Proceedings**

In view of the foregoing, the parties propose the following schedule:

- defendant will file a motion to dismiss with respect to Issue Nos. 1, 3, and 4 by September 22, 2005 (with subsequent briefs to be filed by the parties in accordance with RCFC 7.1);
- the parties will complete limited, informal discovery with respect to plaintiff's proposed dispositive motions for Issue Nos. 5 and 6 by September 22, 2005; and
- plaintiff will file dispositive motions for Issue Nos. 5 and 6 by November 15, 2005 (with subsequent briefs to be filed by the parties in accordance with RCFC 7.1).

Following the issuance by the Court of an opinion with respect to the motion to dismiss and the dispositive motions referred to above, the parties propose that a status conference be held to determine the most appropriate and efficient means to address any remaining matters relevant to the entry of judgment.

The parties do not know of any other information of which the Court should be aware.


1110551.1
R:\DOCS\TAXCONT.T\Docketed Cases\Keener\jpsr.2.wpd

Defendant's attorney has authorized plaintiff's attorney to sign this report on her behalf.

Respectfully submitted,

7/22/05

s/ Thomas E. Redding

Thomas E. Redding
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, TX. 77018
713-965-9244
713-621-5227 Fax

7/22/05

s/Ellen C. Specker by
s/ Thomas E. Redding

Ellen C. Specker
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
202-307-0508
202-514-9440 Fax