IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 03-2028 T

Judge Francis M. Allegra

(Consolidated with 04-907 T)

---

KENNETH C. KEENER,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

MOTION OF THE UNITED STATES FOR ENLARGEMENT OF TIME AND TO AMEND THE COURT'S BRIEFING ORDER [Doc. #18]

---

The United States respectfully moves the Court for an enlargement of time of 14 days, from October 21, 2005, to and including November 4, 2005, within which to file its motion to dismiss in the above captioned cases (and attendantly an enlargement of time of 14 days for each subsequent filing deadline enumerated in the Court's briefing order [Doc. #18]). This is the first enlargement requested for this purpose. The United States represents that the additional time is needed to permit a new reviewer to become knowledgeable about the cases and the legal issues involved. The new reviewer is currently out of the office and not scheduled to return until October 17, 2005.

Pursuant to RCFC 6.1, the United States has exchanged electronic mail regarding this motion for enlargement with opposing counsel and opposing counsel has no objection to the enlargement of time.

In addition, the United States moves the Court to amend the Court's briefing order [Doc. #18] to suspend all briefing on plaintiffs' period of limitations arguments with the exception of the issue of whether the Court has subject matter jurisdiction to reach the period of limitations issue (which issue will be briefed in the United States' motion to dismiss). The basis for suspension of briefing is that no less than four Federal Circuit Courts of Appeal and one decision of the Court of Federal Claims have concluded that 26 U.S.C. § 7422(h) precludes subject matter jurisdiction over plaintiffs' period of limitation claims in a partner level proceeding like the present one, see Weiner v. United States, 389 F.3d 152, 155-59 (5th Cir. 2004); Davenport Recycling Assocs. v. Commissioner, 220 F.3d 1255, 1260-61 (11th Cir. 2000); Chimblo v. Commissioner, 177 F.3d 119, 125 (2nd Cir. 1999); Kaplan v. United States, 133 F.3d 469, 473-74 (7th Cir. 1998); Slovacek v. United States, 36 Fed. Cl. 250, 254-55 (1996), and no federal appellate court has reached a contrary result.[1]

---

[1] The only district court case known to the United States to reach a contrary result, see Weiner v. United States, 255 F. Supp. 2d 624, 632-36 (S.D.Tex. 2002), was reversed on that holding on appeal, see Weiner, 389 F.3d at 155-59. For other district court decisions in accord with the cited appellate authorities, see Kraemer v. United States, No. CIV. H-00-2948, 2002 WL 575791, at *7-11 (S.D.Tex. Feb. 13, 2002), rev'd in part

While the United States understands that these authorities are not binding on the Court, defendant believes they warrant delaying briefing on plaintiffs' period of limitations arguments for purposes of economy and potential saving of the parties' and the Court's resources.

Respectfully submitted,

S/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
MILDRED L. SEIDMAN
*Chief, Court of Federal Claims Section*
ELLEN C. SPECKER
*Reviewer*

S/Ellen C. Specker
Of Counsel

October 12, 2005

on other grounds by Weiner, 389 F.3d 152; Clark v. United States, 68 F. Supp. 2d 1333, 1342-44 (N.D.Ga. 1999); Barnes v. United States, No. 97-57-Civ-ORL-22, 1997 WL 732594, at *2-4 (M.D.Fla. July 25, 1997); Thomas v. United States, 967 F. Supp. 505, 506 (N.D.Ga. 1997).