HAND-DELIVERED TO PETITIONS SECTION

RECEIVED PETITIONS
'91 JUL 10 A9:54
UNITED STATES TAX COURT

UNITED STATES TAX COURT

FILED
'91 JUL 10 P9:54
UNITED STATES TAX COURT

| | |
|---|---|
| AGRI-VENTURE-II,<br>LLOYD T. AND MARY ANN WHITAKER,<br>A Partner Other Than<br>the Tax Matters Partner,<br><br>Petitioners,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent. | DOCKET NO. 15048-91 |

MAIL CLERK
ADMISSIONS
RECORDED & SERVED
PUB. FILES

PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226

Lloyd T. and Mary Ann Whitaker ("Petitioners"), Mr. Whitaker being a notice partner other than the Tax Matters Partner for the above-named partnership, by their undersigned attorneys, hereby petition for a readjustment of partnership items set forth by the Commissioner of Internal Revenue in his Notice of Final Partnership Administrative Adjustment ("FPAA") dated April 10, 1991, and, as a basis for this proceeding, allege as follows:

EXHIBIT 1

CERTIFIED TRUE COPY
ROBERT R. DI TROLIO, CLERK
BY: [signature]
DEPUTY CLERK

SERVED JUL 12 1991

1. Petitioners, Lloyd T. and Mary Ann Whitaker, are individuals, husband and wife, whose address is 3515 Ridgewood Road, N.W., Atlanta, Georgia 30327.

2. Agri-Venture-II ("the Partnership") has its principal place of business at 52300 Enterprise Way, Coachella, California 92236. Its taxpayer identification number is 33-0053999.

3. The Tax Matters Partner for the Partnership is Frederick H. Behrens. Mr. Behrens' address is 52300 Enterprise Way, Coachella, California 92236.

4. The partnership returns (Forms 1065) for the periods here involved (the taxable periods ending December 31, 1984 and December 31, 1985) were filed with the Office of the Internal Revenue Service at Fresno, California.

5. Petitioner Lloyd T. Whitaker is a notice partner in the Partnership with respect to which this petition is filed.

6. Petitioner Lloyd T. Whitaker is, and was in the taxable periods ending December 31, 1984 and December 31, 1985, a limited partner in the Partnership. The Petitioners filed joint federal income tax returns (Forms 1040) for calendar years 1984 and 1985.

7. Petitioners satisfy the requirements of section 6226(d) of the Internal Revenue Code of 1986, as amended (the "Code"), in that the partnership items of

Petitioners in issue for the Partnership's taxable periods ending December 31, 1984 and December 31, 1985 have not become nonpartnership items by reason of one or more of the events described in section 6231(b) of the Code, and it is the position of Respondent that the period for assessing any tax attributable to such partnership items has not expired. In the notice of FPAA dated April 10, 1991, Respondent alleges that, for purposes of section 6229(c) of the Code, a partner has, with intent to evade tax, signed or participated directly or indirectly in the preparation of the Partnership returns, each of which returns includes a false or fraudulent item for the taxable periods ending December 31, 1984 and December 31, 1985. Respondent has also indicated that an agreement was entered into by the Respondent and a person duly authorized by the Partnership, prior to the expiration of the period for assessing any tax attributable to partnership items, for the Partnership's taxable period ending December 31, 1985, whereby such period was extended to a date after April 10, 1991. As set forth hereinafter in paragraph 10(A), Petitioners allege that the period for assessing tax for the Partnership's taxable periods ending December 31, 1984 and December 31, 1985 has expired.

8. The Notice of FPAA with respect to the Partnership's taxable periods ending December 31, 1984 and December 31, 1985, dated April 10, 1991, was mailed to the Tax Matters Partner by the Office of the Internal Revenue Service at Fresno, California. A copy of such Notice is attached hereto and marked "Exhibit A."

9. The Tax Matters Partner for the Partnership has not filed a petition for readjustment of partnership items within the period specified by section 6226(a) of the Code.

10. The adjustments to partnership items set forth in said Notice of FPAA are based upon the following errors:

A. The statute of limitations bars the assessment of income tax attributable to any partnership items for the Partnership's taxable periods ending December 31, 1984 and December 31, 1985.

B. Respondent erred in disallowing the Partnership's Schedule F (Farm) deductions or losses for the taxable periods ending December 31, 1984 and December 31, 1985 in the amounts of $23,926,643.00 and $9,951,032.00, respectively.

C. Respondent erred in disallowing Other Deductions for the taxable periods ending December 31, 1984 and December 31, 1985 in the amounts of $416,189.00 and $313,564.00, respectively.

D. Respondent erred in disallowing cost of goods sold for the taxable period ending December 31, 1985 in the amount of $23,926,643.00.

E. Respondent erred in disallowing a loss, referred to in the FPAA as Ordinary Loss from Partnerships, for the taxable period ending December 31, 1985 in the amount of $1,788,753.00

F. Respondent erred in disallowing qualified investment income for tax preference purposes for the taxable periods ending December 31, 1984 and December 31, 1985 in the amounts of $19,889.00 and $12,711,147.00, respectively.

G. Respondent erred in disallowing the "investment interest/investment income" reported by the Partnership for the taxable periods ending December 31, 1984 and December 31, 1985 in the amounts of $19,889.00 and $114,371.00, respectively.

H. Respondent erred in disallowing credits for investment property claimed by the Partnership in the amount of $160,705.00 ($3,247.00, $37,721.00 and $119,737.00) for the taxable period ending December 31, 1985.

I. Respondent erred in determining that the Partnership's activities constituted a series of sham transactions.

J. Respondent erred in determining that the Partnership's activities lacked economic substance.

K. Respondent erred in determining that the Partnership did not engage in the trade or business of farming during the taxable periods ending December 31, 1984 and December 31, 1985.

L. Respondent erred in determining that the Partnership did not substantiate all of the expenses that it claimed it paid or incurred during the taxable periods ending December 31, 1984 and December 31, 1985.

M. Respondent erred in determining that the Partnership did not pay or incur any bona fide trade or business expenses during the taxable periods ending December 31, 1984 and December 31, 1985.

N. Respondent erred in determining that, if it is determined that the Partnership paid or incurred expenses during the taxable periods ending December 31, 1984 and December 31, 1985, it has not been established that the expenses paid or incurred by the Partnership were ordinary and necessary trade or business expenses currently deductible under Code section 162 and the Regulations thereunder.

O. Respondent erred in determining that the Partnership has not substantiated its claimed cost or other basis in qualified investment property for which

credits were claimed in the taxable period ending December 31, 1985.

P. Respondent erred in determining that the Partnership has not clearly described which property it is claiming is qualified for the investment credit.

Q. Respondent erred in determining that, in the alternative, if the Partnership's activities are determined to constitute a valid trade or business, the following alternate positions are applicable for the taxable periods ending December 31, 1984 and December 31, 1985:

1. Respondent erred in determining that the Partnership has not substantiated any or all items relating to (a) contributions to the Partnership and (b) distributions from the Partnership.

2. Respondent erred in determining that the Partnership incurred no bona fide debt and made no bona fide loans with respect to its trade or business of farming.

3. Respondent erred in determining that the Partnership has not established that any of its partners signed any document or assumed the obligation contained in any document which purports to increase some or all of the partners' shares of the liabilities of the Partnership under section 752(a) of the Code and the Regulations thereunder, and that amounts covered by

assumption agreements signed by the limited partners of the Partnership are not includable in their adjusted partnership bases because of an alleged failure to establish that the assumption agreements represent the assumption of bona fide partnership liabilities pursuant to the provisions of section 752 of the Code and the Regulations thereunder.

4. Respondent erred in determining that no distributive shares of any losses from the Partnership's activities are allowable in that it has not been established that the partners were at risk in any amount for such activities at the close of the taxable periods ending December 31, 1984 and December 31, 1985, respectively, pursuant to the provisions of section 465 of the Code and the Regulations thereunder.

5. Respondent erred in determining that the expenses claimed for organization of the Partnership and syndication fees are not allowable because it has not been substantiated that the Partnership has met all of the requirements of section 709 of the Code and the Regulations thereunder for the deduction of all or part of the claimed expenses.

6. Respondent erred in determining that the Partnership has not substantiated that it had either investment interest or investment income, as those terms

are defined in section 163(d) of the Code and the Regulations thereunder, and that amounts of income claimed on the Partnership's returns for the taxable periods ending December 31, 1984 and December 31, 1985 as investment income are not investment income.

7. Respondent erred in determining that it has not been established that any corporation which purported to be a partner of the Partnership actually was a partner in the Partnership at any time during the taxable period(s) in question, and that any deferral of, and adjustments to, income that the Partnership obtained because the Partnership claimed a corporation as one of its partners should, accordingly, be disallowed in full.

8. Respondent erred in determining that under section 752(b) of the Code and the Regulations thereunder a deemed distribution of money occurred during the taxable period ending December 31, 1985 in the amount of $19,141,314.00 and that under Code section 731(a) and the Regulations thereunder the distribution results in gain recognized by the partners to the extent that the distribution exceeds the adjusted bases of all the partners' interests in the Partnership immediately before the distribution.

9. Respondent erred in determining that the Partnership was not entitled to change automatically, or otherwise entitled to change, to the

accrual method of accounting under section 447 of the Code and the Regulations thereunder for the taxable period ending December 31, 1985.

R. Respondent erred in determining that the Partnership has not substantiated that it had income that qualifies as investment income and that, therefore, the tax preference item of qualified investment income is zero for the taxable periods ending December 31, 1984 and December 31, 1985.

11. The facts upon which the Petitioners rely as the basis for this proceeding are as follows:

A. The Partnership is a limited partnership organized in 1984. The Partnership's taxable periods in issue ended December 31, 1984 and December 31, 1985, respectively.

B. The Partnership filed, on a timely basis, its U.S. Partnership Return of Income (Form 1065) (the "Return") with the Office of the Internal Revenue Service at Fresno, California for the taxable periods ending December 31, 1984 and December 31, 1985.

C. For the taxable periods ending December 31, 1984 and December 31, 1985, the Partnership paid or incurred ordinary and necessary expenses or losses in the conduct of its trade or business in amounts of at least $23,926,643.00 and $9,951,032.00,

respectively, which constitute allowable deductions under the applicable provisions of the Code.

D. For the taxable periods ending December 31, 1984 and December 31, 1985, the Partnership paid or incurred the amounts of at least $416,189.00 and $313,564.00, respectively, for miscellaneous items incurred in the ordinary course of its trade or business, which constitute allowable deductions under the applicable provisions of the Code.

E. For the taxable period ending December 31, 1985, the Partnership, in the ordinary course of its trade or business, paid or incurred amounts representing cost of goods sold in the amount of at least $23,926,643.00, which amount is allowable as a deduction under the applicable provisions of the Code.

F. For the taxable period ending December 31, 1985, the Partnership incurred an amount not less than $1,788,753.00, representing a loss from other partnerships, which amount is allowable as a deduction under the applicable provisions of the Code.

G. For the taxable periods ending December 31, 1984 and December 31, 1985, the Partnership realized qualified investment income, as defined in section 55(e)(5) of the Code, in amounts not less than the amounts reported on the Returns.

H. For the taxable periods ending December 31, 1984 and December 31, 1985, the Partnership realized investment income, as defined in section 163(d) of the Code, in amounts not less than $19,889.00 and $114,371.00, respectively.

I. For the taxable period ending December 31, 1985, the Partnership is entitled to investment credits, under the provisions of sections 38 and 46 of the Code, in an amount not less than $160,705.00.

J. During the taxable periods ending December 31, 1984 and December 31, 1985, the Partnership engaged in the trade or business of farming primarily for the purpose of earning profits.

K. During the taxable periods ending December 31, 1984 and December 31, 1985, the Partnership engaged in bona fide farming activities, which had economic substance and constituted a trade or business for all purposes of the Internal Revenue laws.

L. The Partnership's books and records, and other available evidence, substantiate, to the extent required by the Code and the Regulations thereunder, all of the expenses it claimed it paid or incurred during the taxable periods ending December 31, 1984 and December 31, 1985.

M. The Partnership paid or incurred bona fide trade or business expenses during the taxable periods ending December 31, 1984 and December 31, 1985.

N. During the taxable periods ending December 31, 1984 and December 31, 1985, the Partnership paid or incurred ordinary and necessary expenses in the conduct of its trade or business of farming, allowable as deductions under the Code, in amounts not less than the amounts claimed on the Partnership Returns.

O. The Partnership's books and records, and other available evidence, substantiate its claimed cost and any other basis in the qualified investment property for which credits were claimed for the taxable period ending December 31, 1985 to the extent required by the Code and the Regulations thereunder.

P. The Partnership's books and records, and other available evidence, adequately describe the property which it claimed was qualified for the investment credit in the taxable period ending December 31, 1985, which property qualifies in all respects for the allowance of such credits.

Q. The Partnership's books and records, and other available evidence, substantiate, to the extent required by the Code and the Regulations thereunder, any and all items relating to (1) contributions to the Partnership and (2) distributions from the Partnership.

R. The Partnership incurred bona fide debt and made bona fide loans with respect to its trade or business of farming during the taxable periods ending December 31, 1984 and December 31, 1985.

S. The Partnership's books and records, and other available evidence, establish that all of its partners signed documents or otherwise assumed bona fide partnership obligations which increased their share of liabilities of the Partnership under section 752 of the Code and the Regulations thereunder.

T. Each partner's adjusted basis for his or her partnership interest in the Partnership at the close of the taxable periods ending December 31, 1984 and December 31, 1985 was in excess of such partner's distributive share of partnership deductions and losses for such taxable years.

U. Each partner's distributive share of Partnership deductions and losses for the taxable periods ending December 31, 1984 and December 31, 1985 is allowable under the provisions of section 465 of the Code and the Regulations thereunder, since each partner was "at risk," within the meaning of section 465 of the Code, in an amount not less than such distributive share.

V. The Partnership's books and records, and other available evidence, substantiate, to the extent

required by the Code and the Regulations thereunder, that the Partnership met all of the requirements of section 709 of the Code for the deduction of all of the expenses claimed for organization of the Partnership and syndication fees.

W. The Partnership realized investment income, as defined in section 163(d) of the Code and the Regulations thereunder, in amounts not less than those reported on the Partnership Returns for the taxable periods ending December 31, 1984 and December 31, 1985.

X. During the taxable period ending December 31, 1985, one or more corporations were partners in the Partnership.

Y. During the taxable period ending December 31, 1985, no partner's share of the liabilities of the Partnership decreased, and the Partnership did not assume any partner's individual liabilities, to an extent greater than that partner's adjusted basis for his or her partnership interest in the Partnership.

Z. The Partnership properly changed to the accrual method of accounting for the taxable period ending December 31, 1985 in accordance with the provisions of section 447 of the Code and the Regulations thereunder.

AA. The Partnership realized income that qualifies as investment income in amounts not less than

the amounts reported on its Returns for the taxable periods ending December 31, 1984 and December 31, 1985.

WHEREFORE, the Petitioners pray that this Court hear this proceeding, determine that the Respondent erred as hereinabove alleged, and set aside the asserted Partnership adjustments, and grant such further relief as may be appropriate.

Respectfully submitted,

ADMITTED U.S. TAX COURT

Stuart E. Seigel (SS0594)
ARNOLD & PORTER
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 750-5372

ADMITTED U.S. TAX COURT

K. Peter Schmidt (SK0153)
ARNOLD & PORTER
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 872-6834

ADMITTED U.S. TAX COURT

Leonard S. Roth (RL0239)
LEVIN, ROTH & KASNER, P.C.
500 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046
(713) 877-1600

Dated: July 10, 1991

Internal Revenue Service
District Director

Department of the Treasury

EXHIBIT A

Date: APR 10 1991

Person to Contact:
Don Webb

Contact Telephone Number:
(209) 454-6288

James P. Joseph
Arnold & Porter
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036

The enclosed material is furnished to you under the provisions of a power of attorney or other authorization you have on file with us. For your convenience, we have listed below the names of the taxpayers this material relates to.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely Yours,

Jesse A. Cota

District Director

Taxpayer's Names: Agri-Venture-II
33-0053999
1984 AND 1985

P.O. Box A-7, Laguna Niguel, CA 92677

Letter 937(DO)(3-81)

Internal Revenue Service Department of the Treasury

Date: APR 10 1991

COPY

Name of Partnership:
AGRI-VENTURE-II

Taxpayer Identifying Number:
33-0053999

Tax Years Ended:
DECEMBER 31, 1984 AND
DECEMBER 31, 1985

Date FPAA Mailed to Tax
Matters Partner:

Tax Matters Partner
AGRI-VENTURE-II
52300 ENTERPRISE WAY
COACHELLA, CA 92236-2707

Person to Contact:
Don Webb

Contact Telephone Number:
(209) 443-7568

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding agreement to treat the partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of agreement, the treatment of the partnership items of the partnership under the agreement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest the adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier in the Claims Court or a district court) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

(Continued)

5045 East Butler Avenue, Stop 826-1
Fresno, CA 93888

Letter 1830(DO) (Rev. 10-89)

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the total partnership adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the first page of this letter, the FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
by

Jesse A. Cota
District Director

Enclosures:
Form 870-P
Copy of this letter

5045 East Butler Avenue, Stop 826-1
Fresno, CA 93888

Letter 1830(DO) (Rev. 10-89)

FORM 870-P

Department of the Treasury - Internal Revenue Service
AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

| Taxpayer(s) name(s), address, and ZIP code | Name of partnership | Tax Year(s) ended |
|---|---|---|
| TAX MATTERS PARTNER<br>AGRI-VENTURE-II<br>52300 ENTERPRISE WAY<br>COACHELLA, CA 92236-2707 | AGRI-VENTURE-II<br>Taxpayer identifying number 33-0053999 | DECEMBER 31, 1984 AND<br>DECEMBER 31, 1985 |
| Taxpayer Identifying Number 33-0053999 | Name of tax matters partner<br>FRED BEHRENS | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into an agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as provided by law) provided in section 6625(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

Signature of taxpayer — Date

Signature of taxpayer — Date

By (Signature and title) — Date

If this offer is executed by a tax matters partner, please include title with the signature.

NOTE: The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If the taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specifically authorized by a power of attorney, which; if not previously filed, must accompany this form.

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Form 870-P

Department of the Treasury -Internal Revenue Service

AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

Schedule Of Adjustments

| Name of Partnership: AGRI-VENTURE II | Tax Year(s) Ended | |
|---|---|---|
| Taxpayer Identifying Number 33-0053999 | 12-31-84 | 12-31-85 |
| **Detail Of Adjustments To Ordinary Income** | | |
| SCHEDULE F-FARMING EXPENSES | $23,926,643.00 | $ 9,951,032.00 |
| OTHER DEDUCTIONS | $ 416,189.00 | $ 313,564.00 |
| SCHEDULE F-COST OF GOODS SOLD | | $23,926,643.00 |
| ORDINARY LOSS FROM PARTNERSHIPS | | $ 1,788,753.00 |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $24,342,832.00 | $35,979,992.00 |
| OTHER ADJUSTMENTS | | |
| A. TAX PREFERENCE-QUALIFIED INVESTMENT INCOME (1) Adjustment | $ 19,889.00 | $12,711,147.00 |
| (2) As Reported | $ 19,889.00 | $12,711,147.00 |
| (3) Corrected | $ 0.00 | $ 0.00 |
| B. TAX PREFERENCE ITEM-QUALIFIED INVESTMENT EXPENSE | | |
| (1) Adjustment | $24,099,428.00 | $10,161,960.00 |
| (2) As Reported | $24,099,428.00 | $10 161,960.00 |
| (3) Corrected | $ 0.00 | $ 0.00 |

REMARKS

CONTINUED ON ATTACHMENT TO 870-P

Department of the Treasury -Internal Revenue Service
ATTACHMENT TO 870-P

Schedule Of Adjustments

| Name of Partnership<br>AGRI-VENTURE II<br>Taxpayer Identifying Number:33-0053999 | Tax Year(s) Ended 12-31-84 | 12-31-85 |
|---|---|---|
| OTHER ADJUSTMENTS | | |
| C. INVESTMENT INTEREST-INVESTMENT INCOME | | |
| (1) Adjustment | $ 19,889.00 | $ 114,371.00 |
| (2) As Reported | $ 19,889.00 | $ 114,371.00 |
| (3) Corrected | $ 0.00 | 0.00 |
| D. QUALIFIED INVESTMENT PROPERTY-NEW, 3 YEAR<br>(1) Adjustment | | $ 3,247.00 |
| (2) As Reported | | $ 3,247.00 |
| (3) Corrected | | $ 0.00 |
| E. QUALIFIED INVESTMENT PROPERTY-NEW, OTHER<br>(1) Adjustment | | $ 37,721.00 |
| (2) As Reported | | $ 37,721.00 |
| (3) Corrected | | $ 0.00 |
| F. QUALIFIED INVESTMENT PROPERTY-USED, OTHER<br>(1) Adjustment | | $ 119,737.00 |
| (2) As Reported | | $ 119,737.00 |
| (3) Corrected | | $ 0.00 |
| G.<br>(1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |
| H.<br>(1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |

REMARKS

EXPLANATION OF ADJUSTMENTS

I. It is determined that the farming expenses claimed on Schedule F in the amounts of $23,926,643.00 and $9,951,032.00 and Other Deductions claimed on line 22, page 1 of Form 1065 in the amounts of $416,189.00 and $313,564.00 for the taxable periods ending December 31, 1984 and December 31, 1985, respectively, are not allowable, and it is determined that cost of goods sold claimed on line 51 of Schedule F in the amount of $23,926,643.00, Ordinary income from other partnerships claimed on line 4, page 1 of Form 1065 in the amount of $(1,788,753.00), and property claimed eligible for investment credit on Form 3468 in the total amount of $160,705.00 ($3,247.00, $37,721.00, and $119,737.00) for the taxable period ending December 31, 1985, are not allowable for the following reasons:

1. The partnership's activities constitute a series of sham transactions.

2. The partnership's activities lack economic substance.

3. The partnership did not engage in the trade or business of farming during the taxable periods.

4. The partnership has not substantiated any of the expenses it claimed it paid or incurred during the taxable periods.

5. The partnership did not pay or incur any bona fide trade or business expenses during the taxable periods.

6. If it is determined that the partnership did pay or incur expenses during the taxable periods, it has not been established that the expenses paid or incurred were ordinary and necessary trade or business expenses currently deductible under section 162 of the Internal Revenue Code and the Regulations thereunder.

7. The partnership has not substantiated its claimed cost or other basis in the alleged qualified investment property.

8. The partnership has not clearly described which property it is claiming is qualified for the investment tax credit.

EXPLANATION OF ADJUSTMENTS

II. In the alternative, if the partnership activities are determined to constitute a valid trade or business, then the following alternate positions are applicable for the taxable periods ending December 31, 1984 and December 31, 1985, unless otherwise stated in the particular numbered paragraph:

1. The partnership has not substantiated any or all items relating to the following transactions, to the extent that a determination of such items can be made from determinations that the partnership is required to make with respect to an amount, the character of an amount, or the percentage interest of a partner in the partnership, for purposes of the partnership books and records or for purposes of furnishing information to a partner:

   a. Contributions to the partnership; and

   b. Distributions from the partnership.

2. The partnership incurred no bona fide debt and made no bona fide loans with respect to its trade or business of farming.

3. Under section 704 of the Internal Revenue Code and the Regulations thereunder, a partner may not deduct partnership losses exceeding his adjusted basis in the partnership. The partnership has not established that any of its partners signed any document or assumed the obligation contained in any document which purports to increase some or all of the partners' share of the liabilities of the partnership under section 752(a) of the Internal Revenue Code and the Regulations thereunder. For instance, the assumption agreements signed by the limited partners are not includable in their adjusted partnership bases because it has not been established that they represent the assumption of bona fide partnership liabilities as required by the provisions of section 752 of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 3 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of partners' bases which are partnership items.

4. No distributive shares of any losses from the partnership's activities are allowable because it has not been established that the partners are at risk in any amount for such activities at the close of the taxable periods, pursuant to the provisions of section 465 of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 4 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of the at risk determination which are partnership items.

EXPLANATION OF ADJUSTMENTS

5. The expenses claimed for organization of the partnership and syndication fees are not allowable because it has not been substantiated that the partnership has met all of the requirements of section 709 of the Internal Revenue Code and the Regulations thereunder for the deduction of all or part of said claimed expenses.

6. The partnership has not substantiated that it had either investment interest or investment income as those terms are defined in section 163(d) of the Internal Revenue Code and the Regulations thereunder. Therefore, the amount of income claimed on the partnership's returns as investment income is not investment income. The only matters raised in this subparagraph 6 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of investment interest and investment income which are partnership items.

7. It has not been established that any corporation which purports to be a partner of the partnership actually was a partner in the partnership at any time during the taxable period(s) in question. Accordingly, any deferral of and adjustments to income that the partnership obtained because the partnership claimed a corporation as one of its partners is disallowed in full.

8. It has been determined that under section 752(b) of the Internal Revenue Code and the Regulations thereunder, a deemed distribution of money occured during the 1985 taxable year in the total amount of $19,141,314.00. Therefore, under section 731(a) of the Internal Revenue Code and the Regulations thereunder, gain shall be recognized by the partners to the extent that the distribution exceeds the adjusted bases of all of the partners' interests in the partnership immediately before the distribution. The only matters raised in this subparagraph 8 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of the distribution of money and the gain to be recognized which are partnership items.

9. It has been determined that the partnership is not entitled to automatically change to the accrual method of accounting under section 447 of the Internal Revenue Code and the Regulations thereunder for the taxable period ended December 31, 1985. Because section 447 does not apply, the partnership must ask the Commissioner for permission to change its method of accounting. For the taxable period ending December 31, 1985, the partnership did not ask the Commissioner for permission to change its method of accounting from the cash basis method to the accrual method of accounting, and the Commissioner has not otherwise consented to permit the partnership to change its method of accounting from the cash basis method to the accrual method of accounting. Accordingly, the taxable income of the partnership for the taxable period ending December 31, 1985, is increased due to the recomputation of taxable income using the cash basis method of accounting.

EXPLANATION OF ADJUSTMENTS

III. 1. It is determined that the Tax Preference Item of qualified investment expenses is zero in leiu of the $24,099,428.00 and $10,161,960.00 reported on the partnership tax returns for the taxable periods ending December 31, 1984 and December 31, 1985, since the expenses on which the tax preference item was based have been adjusted for the reasons stated above. Accordingly, tax preference items have been reduced $24,099,428.00 and $10,161,960.00.

2. It is determined that the Tax Preference Item of qualified investment income is zero in lieu of the $19,889.00 and $12,711,147.00 reported on the partnership tax returns for the taxable periods ending December 31, 1984 and December 31, 1985, because the partnership has not substantiated that it had income that qualifies as investment income.

IV. It is determined that for purposes of section 6229(c) of the Internal Revenue Code, a partner has, with the intent to evade tax, signed or participated directly or indirectly in the preparation of the partnership returns each of which return includes a false or fraudulent item for the taxable periods ending December 31, 1984 and December 31, 1985.