**UNITED STATES TAX COURT**
Washington, D.C.

**CERTIFICATE**

I, CHARLES S. CASAZZA, Clerk of the United States Tax Court, do hereby certify that the document attached hereto is a true copy of PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226 with attached Exhibit A filed July 10, 1991 in the case of AGRI-VENTURE FUND, DONALD HOUSMAN, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent, Docket No. 15034-91 in this Court, and that the original documents in that case are in my official custody and are on file in my office.

IN TESTIMONY WHEREOF, my signature and the seal of the Court are affixed hereto at Washington, D. C. this 19th day of April, 2004.

CHARLES S. CASAZZA
Clerk of the Court

By [signature]
Lynne L. Glasser
Deputy Clerk of the Court

EXHIBIT
tabbies
2

HAND-DELIVERED TO PETITIONS SECTION

RECEIVED PETITIONS
'91 JUL 10 A10:45

UNITED STATES TAX COURT

FILED
'91 JUL 10

| | | |
|---|---|---|
| AGRI-VENTURE FUND,<br>DONALD HOUSMAN,<br>A Partner Other Than<br>the Tax Matters Partner,<br><br>Petitioner,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent. | ) | 15034-91<br><br>DOCKET NO. ________ |

MAIL CLERK
ADMISSIONS
RECORDED & SERVED
PUB. FILES

PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226

Donald Housman ("Petitioner"), a notice partner other than the Tax Matters Partner for the above-named partnership, by his undersigned attorneys, hereby petitions for a readjustment of partnership items set forth by the Commissioner of Internal Revenue in his Notice of Final Partnership Administrative Adjustment ("FPAA") dated April 10, 1991, and, as a basis for this proceeding, alleges as follows:

SERVED JUL 12 1991

1. Petitioner is an individual, whose address is 6600 S.E. Harbor Circle, Stuart, Florida 34996.

2. Agri-Venture Fund ("the Partnership") has its principal place of business at 52300 Enterprise Way, Coachella, California 92236. Its taxpayer identification number is 33-0115708.

3. The Tax Matters Partner for the Partnership is Frederick H. Behrens. Mr. Behrens' address is 52300 Enterprise Way, Coachella, California 92236.

4. The partnership return (Form 1065) for the period here involved (the taxable period ending December 31, 1985) was filed with the Office of the Internal Revenue Service at Fresno, California.

5. Petitioner is a notice partner in the Partnership with respect to which this petition is filed.

6. Petitioner is, and was in the taxable period ending December 31, 1985, a limited partner in the Partnership.

7. Petitioner satisfies the requirements of section 6226(d) of the Internal Revenue Code of 1986, as amended (the "Code"), in that the partnership items of Petitioner in issue for the Partnership's taxable period ending December 31, 1985 have not become nonpartnership items by reason of one or more of the events described in section 6231(b) of the Code, and it is the position

of Respondent that the period for assessing any tax attributable to such partnership items has not expired. In the notice of FPAA dated April 10, 1991, Respondent alleges that, for purposes of section 6229(c) of the Code, a partner has, with intent to evade tax, signed or participated directly or indirectly in the preparation of the Partnership return, which return includes a false or fraudulent item for the taxable period ending December 31, 1985. Respondent has also indicated that an agreement was entered into by the Respondent and a person duly authorized by the Partnership, prior to the expiration of the period for assessing any tax attributable to partnership items, for the Partnership's taxable period ending December 31, 1985, whereby such period was extended to a date after April 10, 1991. As set forth hereinafter in paragraph 10(A), Petitioner alleges that the period for assessing tax for the Partnership's taxable period ending December 31, 1985 has expired.

8. The Notice of FPAA with respect to the Partnership's taxable period ending December 31, 1985, dated April 10, 1991, was mailed to the Tax Matters Partner by the Office of the Internal Revenue Service at Fresno, California. A copy of such Notice is attached hereto and marked "Exhibit A."

9. The Tax Matters Partner for the Partnership has not filed a petition for readjustment of partnership items within the period specified by section 6226(a) of the Code.

10. The adjustments to partnership items set forth in said Notice of FPAA are based upon the following errors:

A. The statute of limitations bars the assessment of income tax attributable to any partnership items for the Partnership's taxable period ending December 31, 1985.

B. Respondent erred in disallowing the Partnership's Schedule F (Farm) deduction or loss for the taxable period ending December 31, 1985 in the amount of $27,605,580.00.

C. Respondent erred in disallowing Other Deductions for the taxable period ending December 31, 1985 in the amount of $510,828.00.

D. Respondent erred in disallowing a loss or deduction for Gross Rents for the taxable period ending December 31, 1985 in the amount of $369,661.00.

E. Respondent erred in disallowing a deduction for depreciation for the taxable period ending December 31, 1985 in the amount of $369,661.00.

F. Respondent erred in disallowing a loss, referred to in the FPAA as Ordinary Income from Other

Partnership, for the taxable period ending December 31, 1985 in the amount of $3,724,033.00.

G. Respondent erred in disallowing qualified investment income for tax preference purposes for the taxable period ending December 31, 1985 in the amount of $33,154.00.

H. Respondent erred in disallowing the "investment interest/investment income" reported by the Partnership for the taxable period ending December 31, 1985 in the amount of $16,093.00.

I. Respondent erred in disallowing credits for investment property claimed by the Partnership in the amount of $2,615,749.00 ($182,279.00, $2,418,496.00, and $14,974.00) for the taxable period ending December 31, 1985.

J. Respondent erred in determining that the Partnership's activities constituted a series of sham transactions.

K. Respondent erred in determining that the Partnership's activities lacked economic substance.

L. Respondent erred in determining that the Partnership did not engage in the trade or business of farming during the taxable period ending December 31, 1985.

M. Respondent erred in determining that the Partnership did not substantiate all of the expenses

that it claimed it paid or incurred during the taxable period ending December 31, 1985.

N. Respondent erred in determining that the Partnership did not pay or incur any bona fide trade or business expenses during the taxable period ending December 31, 1985.

O. Respondent erred in determining that, if it is determined that the Partnership paid or incurred expenses during the taxable period ending December 31, 1985, it has not been established that the expenses paid or incurred by the Partnership were ordinary and necessary trade or business expenses currently deductible under Code section 162 and the Regulations thereunder.

P. Respondent erred in determining that the Partnership has not substantiated its claimed cost or other basis in qualified investment property for which credits were claimed in the taxable period ending December 31, 1985.

Q. Respondent erred in determining that the Partnership has not clearly described which property it is claiming is qualified for the investment credit.

R. Respondent erred in determining that the Partnership has not established that it acquired tangible personal property or other tangible property

that qualified for the investment credit in the taxable period ending December 31, 1985.

S. Respondent erred in determining that the Partnership has not established that the property that qualified for the investment credit both was placed in service during the taxable period ending December 31, 1985 and was used in a trade or business during that year.

T. Respondent erred in determining that, in the alternative, if the Partnership's activities are determined to constitute a valid trade or business, the following alternate positions are applicable for the taxable period ending December 31, 1985:

1. Respondent erred in determining that the Partnership has not substantiated any or all items relating to (a) contributions to the Partnership and (b) distributions from the Partnership.

2. Respondent erred in determining that the Partnership incurred no bona fide debt and made no bona fide loans with respect to its trade or business of farming.

3. Respondent erred in determining that the Partnership has not established that any of its partners signed any document or assumed the obligation contained in any document which purports to increase some or all of the partners' shares of the liabilities

of the Partnership under section 752(a) of the Code and the Regulations thereunder, and that amounts covered by assumption agreements signed by the limited partners of the Partnership are not includable in their adjusted partnership bases because of an alleged failure to establish that the assumption agreements represent the assumption of bona fide partnership liabilities pursuant to the provisions of section 752 of the Code and the Regulations thereunder.

4. Respondent erred in determining that no distributive shares of any losses from the Partnership's activities are allowable in that it has not been established that the partners were at risk in any amount for such activities at the close of the taxable period ending December 31, 1985, pursuant to the provisions of section 465 of the Code and the Regulations thereunder.

5. Respondent erred in determining that the expenses claimed for organization of the Partnership and syndication fees are not allowable because it has not been substantiated that the Partnership has met all of the requirements of section 709 of the Code and the Regulations thereunder for the deduction of all or part of the claimed expenses.

6. Respondent erred in determining that the Partnership has not substantiated that it had either

investment interest or investment income, as those terms are defined in section 163(d) of the Code and the Regulations thereunder, and that the amount of income claimed on the Partnership's return for taxable period ending December 31, 1985 as investment income is not investment income.

7. Respondent erred in determining that the Partnership has not established that it owns property which may be depreciated or, if depreciable, what the depreciable basis in that property is.

8. Respondent erred in determining that it has not been established that the fair market value(s) of the depreciable property claimed to be owned by the Partnership was the amount reported on the Partnership's return for the taxable period ending December 31, 1985.

9. Respondent erred in determining that the Partnership has not established that it was in the trade or business of renting equipment or other tangible property to itself or to anyone else and that, therefore, the net income or loss reported on Statement 2 attached to the Partnership's Form 1065 for the taxable period ending December 31, 1985 is not allowable.

10. Respondent erred in determining that if the Partnership establishes that it was in the trade

or business of renting equipment or other tangible property to itself or others, the Partnership is nonetheless not entitled to claim it had property that qualifies for investment credit because it has not met the requirements of section 46(e)(3) of the Code and the Regulations thereunder.

U. Respondent erred in determining that the Partnership has not substantiated that it had income that qualifies as investment income and that, therefore, the tax preference item of qualified investment income is zero for the taxable period ending December 31, 1985.

11. The facts upon which the Petitioner relies as the basis for this proceeding are as follows:

A. The Partnership is a limited partnership organized in 1985. The Partnership's taxable period in issue ended December 31, 1985.

B. The Partnership filed, on a timely basis, its U.S. Partnership Return of Income (Form 1065) (the "Return") with the Office of the Internal Revenue Service at Fresno, California for the taxable period ending December 31, 1985.

C. For the taxable period ending December 31, 1985, the Partnership paid or incurred ordinary and necessary expenses or losses in the conduct of its trade or business in an amount of at least

$27,605,580.00 which constitutes an allowable deduction under the applicable provisions of the Code.

D. For the taxable period ending December 31, 1985, the Partnership paid or incurred an amount of at least $510,828.00, for miscellaneous items incurred in the ordinary course of its trade or business, which constitutes an allowable deduction under the applicable provisions of the Code.

E. For the taxable period ending December 31, 1985, the Partnership, in the ordinary course of its trade or business, paid or incurred an amount not less than $369,661.00, representing a loss or deduction for Gross Rents, which amount is allowable as a deduction under the applicable provisions of the Code.

F. For the taxable period ending December 31, 1985, the Partnership is entitled, under the applicable provisions of the Code, to a deduction for depreciation in an amount not less than $369,661.00.

G. For the taxable period ending December 31, 1985, the Partnership incurred an amount not less than $3,724,033.00, representing a loss from other partnerships, which amount is allowable as a deduction under the applicable provisions of the Code.

H. For the taxable period ending December 31, 1985, the Partnership realized qualified investment income, as defined in section 55(e)(5) of the

Code, in an amount not less than the amount reported on the Return.

I. For the taxable period ending December 31, 1985, the Partnership realized investment income, as defined in section 163(d) of the Code, in an amount not less than $16,093.00.

J. For the taxable period ending December 31, 1985, the Partnership is entitled to investment credits, under the provisions of sections 38 and 46 of the Code, in an amount not less than $2,615,749.00.

K. During the taxable period ending December 31, 1985, the Partnership engaged in the trade or business of farming primarily for the purpose of earning profits.

L. During the taxable period ending December 31, 1985, the Partnership engaged in bona fide farming activities, which had economic substance and constituted a trade or business for all purposes of the Internal Revenue laws.

M. The Partnership's books and records, and other available evidence, substantiate, to the extent required by the Code and the Regulations thereunder, all of the expenses it claimed it paid or incurred during the taxable period ending December 31, 1985.

N. The Partnership paid or incurred bona fide trade or business expenses during the taxable period ending December 31, 1985.

O. During the taxable period ending December 31, 1985, the Partnership paid or incurred ordinary and necessary expenses in the conduct of its trade or business of farming, allowable as a deduction under the Code, in an amount not less than the amount claimed on the Partnership Return.

P. The Partnership's books and records, and other available evidence, substantiate its claimed cost and any other basis in the qualified investment property for which credits were claimed for the taxable period ending December 31, 1985 to the extent required by the Code and the Regulations thereunder.

Q. The Partnership's books and records, and other available evidence, adequately describe the property which it claimed was qualified for the investment credit in the taxable period ending December 31, 1985, which property qualifies in all respects for the allowance of such credits.

R. For the Partnership's taxable period ending December 31, 1985, the Partnership's books and records, and other available evidence, establish to the extent required by the Code and the Regulations thereunder (1) that it acquired tangible personal

property or other tangible property that qualifies for the investment credit, (2) that such property was placed in service during the taxable period ending December 31, 1985, and (3) that such property was used in the Partnership's trade or business during that period.

S. The Partnership's books and records, and other available evidence, substantiate, to the extent required by the Code and the Regulations thereunder, any and all items relating to (1) contributions to the Partnership and (2) distributions from the Partnership.

T. The Partnership incurred bona fide debt and made bona fide loans with respect to its trade or business of farming during the taxable period ending December 31, 1985.

U. The Partnership's books and records, and other available evidence, establish that all of its partners signed documents or otherwise assumed bona fide partnership obligations which increased their share of liabilities of the Partnership under section 752 of the Code and the Regulations thereunder.

V. Each partner's adjusted basis for his or her partnership interest in the Partnership at the close of the taxable period ending December 31, 1985 was in excess of such partner's distributive share of partnership deductions and losses for such taxable year.

W. Each partner's distributive share of Partnership deductions and losses for the taxable period ending December 31, 1985 is allowable under the provisions of section 465 of the Code and the Regulations thereunder, since each partner was "at risk," within the meaning of section 465 of the Code, in an amount not less than such distributive share.

X. The Partnership's books and records, and other available evidence, substantiate, to the extent required by the Code and the Regulations thereunder, that the Partnership met all of the requirements of section 709 of the Code for the deduction of all of the expenses claimed for organization of the Partnership and syndication fees.

Y. The Partnership realized investment income, as defined in section 163(d) of the Code and the Regulations thereunder, in an amount not less than that reported on the Partnership Return for the taxable period ending December 31, 1985.

Z. The Partnership owned, and its books and records, and other available evidence, establish that it owned, property depreciable in the taxable period ending December 31, 1985.

AA. The Partnership's books and records, and other available evidence, establish that, for federal income tax purposes, the Partnership had bases for such

depreciable property in amounts not less than the amounts reported on its Return for the taxable period ending December 31, 1985.

BB. The Partnership's books and records, and other available evidence, establish that the fair market value of the depreciable property owned by the Partnership was consistent with any requirements of the Code and the Regulations thereunder, for purposes of claiming a deduction for depreciation for the taxable period ending December 31, 1985.

CC. During the taxable period ending December 31, 1985, the Partnership was, and its books and records, and other available evidence, establish that it was, in the trade or business of renting equipment or other tangible property.

DD. The Partnership's books and records, and other available evidence, satisfy the requirements of section 46(e)(3) of the Code and the Regulations thereunder, such that the Partnership was entitled to claim that it had property qualified for investment credits in the taxable period ending December 31, 1985.

EE. The Partnership realized income that qualifies as investment income in an amount not less than the amount reported on its Return for the taxable period ending December 31, 1985.

WHEREFORE, the Petitioner prays that this Court hear this proceeding, determine that the Respondent erred as hereinabove alleged, and set aside the asserted Partnership adjustments, and grant such further relief as may be appropriate.

Respectfully submitted,

ADMITTED U.S. TAX COURT

Stuart E. Seigel (SS0594)
ARNOLD & PORTER
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 750-5372

ADMITTED U.S. TAX COURT

K. Peter Schmidt (SK0153)
ARNOLD & PORTER
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 872-6834

ADMITTED U.S. TAX COURT

Leonard S. Roth (RL0239)
LEVIN, ROTH & KASNER, P.C.
500 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046
(713) 877-1600

Dated: July 10, 1991

EXHIBIT A

Internal Revenue Service
District Director

Department of the Treasury

Date: APR 1 0 1991

Person to Contact:
Don Webb

Contact Telephone Number:
(209) 454-6289

JAMES P. JOSEPH
ARNOLD & PORTER
1200 NEW HAMPHIRE AVENUE, N.W.
WASHINGTON D.C. 20036

The enclosed material is furnished to you under the provisions of a power of attorney or other authorization you have on file with us. For your convenience, we have listed below the names of the taxpayers this material relates to.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely Yours,

Jesse A. Cota

District Director

Taxpayer's Names: AGRI-VENTURE FUND
33-0115708
1985

P.O. Box A-7, Laguna Niguel, CA 92677

Letter 937(DO)(3-81)

B45

Internal Revenue Service | Department of the Treasury

Date: APR 10 1991

COPY

Name of Partnership:
AGRI-VENTURE FUND

Taxpayer Identifying Number:
33-0115708

Tax Year Ended:
December 31, 1985

Date FPAA Mailed to Tax Matters Partner:

Tax Matters Partner
AGRI-VENTURE FUND
52300 ENTERPRISE WAY
COACHELLA, CA 92236-2707

Person to Contact:
Don Webb

Contact Telephone Number:
(209) 443-7568

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding agreement to treat the partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of agreement, the treatment of the partnership items of the partnership under the agreement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest the adjustments in court, you have **90 days** from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier in the Claims Court or a district court) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

(Continued)

5045 East Butler Avenue, Stop 826-1
Fresno, CA 93888

Letter 1830(DO) (Rev. 10-89)

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the total partnership adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the first page of this letter, the FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
by

Jesse A. Cota
District Director

Enclosures:
Form 870-P
Copy of this letter

5045 East Butler Avenue, Stop 826-1
Fresno, CA 93888

Letter 1830(DO) (Rev. 10-89)

FORM 870-P

Department of the Treasury - Internal Revenue Service
AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

| Taxpayer(s) name(s), address, and ZIP code | Name of partnership | Tax Year(s) ended |
|---|---|---|
| TAX MATTERS PARTNER<br>AGRI-VENTURE FUND<br>52300 ENTERPRISE WAY<br>COACHELLA, CA 92236-2707 | AGRI-VENTURE FUND<br><br>Taxpayer identifying number 33-0115708 | DECEMBER 31, 1985 |
| Taxpayer Identifying Number 33-0115708 | Name of tax matters partner<br>FRED BEHRENS | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into an agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as provided by law) provided in section 6625(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

Signature of taxpayer — Date

Signature of taxpayer — Date

By (Signature and title) — Date

**If this offer is executed by a tax matters partner, please include title with the signature.**

NOTE: The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If the taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specifically authorized by a power of attorney, which; if not previously filed, must accompany this form.

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Form 870-P

Department of the Treasury -Internal Revenue Service
ATTACHMENT TO 870-P

Schedule Of Adjustments

| Name of Partnership AGRI-VENTURE FUND | Tax Year(s) Ended | |
|---|---|---|
| Taxpayer Identifying Number: 33-0115708 | 12-31-85 | |
| OTHER ADJUSTMENTS | | |
| C. INVESTMENT INTEREST-INVESTMENT INCOME | | |
| (1) Adjustment | $ 16,093.00 | |
| (2) As Reported | $ 16,093.00 | |
| (3) Corrected | $ 0.00 | |
| D. INVESTMENT CREDIT PROPERTY VALUATION NEW-3 YEAR | | |
| (1) Adjustment | $ 182,279.00 | |
| (2) As Reported | $ 182,279.00 | |
| (3) Corrected | $ 0.00 | |
| E. INVESTMENT CREDIT PROPERTY VALUATION NEW-OTHER | | |
| (1) Adjustment | $ 2,418,496.00 | |
| (2) As Reported | $ 2,418,496.00 | |
| (3) Corrected | $ 0.00 | |
| F. INVESTMENT CREDIT PROPERTY VALUATION USED-OTHER | | |
| (1) Adjustment | $ 14,974.00 | |
| (2) As Reported | $ 14,974.00 | |
| (3) Corrected | $ 0.00 | |
| G. | | |
| (1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |
| H. | | |
| (1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |

REMARKS

Department of the Treasury -Internal Revenue Service
AGREEMENT TO ASSESSMENT AND COLLECTION OF
DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

Schedule Of Adjustments

| Name of Partnership<br>AGRI-VENTURE FUND | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number 33-0115708 | 12-31-85 | | |
| **Detail Of Adjustments To Ordinary Income** | | | |
| SCHEDULE F - FARM EXPENSES | $27,605,580.00 | | |
| OTHER DEDUCTIONS | $ 510,828.00 | | |
| RENTAL EXPENSES/DEPRECIATION | $ 369,661.00 | | |
| ORDINARY INCOME FROM OTHER PARTNERSHIP | $ 3,724,033.00 | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $32,210,102.00 | | |
| OTHER ADJUSTMENTS | | | |
| A. TAX PREFERENCE ITEM-<br>QUALIFIED INVESTMENT EXPENSE | | | |
| (1) Adjustment | $28,201,208.00 | | |
| (2) As Reported | $28,201,208.00 | | |
| (3) Corrected | 0.00 | | |
| B. TAX PREFERENCE ITEM-<br>QUALIFIED INVESTMENT INCOME | | | |
| (1) Adjustment | $ 33,154.00 | | |
| (2) As Reported | $ 33,154.00 | | |
| (3) Corrected | $ 0.00 | | |

REMARKS

CONTINUED ON ATTACHMENT TO 870-P

EXPLANATION OF ADJUSTMENTS

I. It is determined that the farming expenses claimed on Schedule F in the amount of $27,605,580.00, Other Deductions claimed on line 22, page 1 of Form 1065 in the amount of $510,828.00, Gross Rents claimed on line 6(c), page 1 of Form 1065 in the amount of $(369,661.00), Depreciation claimed on Form 4562 in the amount of $369,661.00, Ordinary income from other partnerships claimed on line 4, page 1 of Form 1065 in the amount of $(3,724,033.00) and property claimed eligible for investment credit on Form 3468 in the total amount of $2,615,749.00, ($182,279.00, $2,418,496.00 and $14,974.00) for the taxable period ending December 31, 1985, are not allowable for the following reasons:

1. The partnership's activities constitute a series of sham transactions.

2. The partnership's activities lack economic substance.

3. The partnership did not engage in the trade or business of farming during the taxable period.

4. The partnership has not substantiated any of the expenses it claimed it paid or incurred during the taxable period.

5. The partnership did not pay or incur any bona fide trade or business expenses during the taxable period.

6. If it is determined that the partnership did pay or incur expenses during the taxable period, it has not been established that the expenses paid or incurred were ordinary and necessary trade or business expenses currently deductible under section 162 of the Internal Revenue Code and the Regulations thereunder.

7. The partnership has not substantiated its claimed cost or other basis in the alleged qualified investment property.

8. The partnership has not clearly described which property it is claiming is qualified for the investment tax credit.

9. The partnership has not established that it acquired tangible personal property or other tangible property that qualifies for the investment credit, and that such property both was placed in service during the year in question and was used in a trade or business that year.

EXPLANATION OF ADJUSTMENTS

II. In the alternative, if the partnership activities are determined to constitute a valid trade or business, then the following alternate positions are applicable for the taxable period ending December 31, 1985:

1. The partnership has not substantiated any or all items relating to the following transactions, to the extent that a determination of such items can be made from determinations that the partnership is required to make with respect to an amount, the character of an amount, or the percentage interest of a partner in the partnership, for purposes of the partnership books and records or for purposes of furnishing information to a partner:

   a. Contributions to the partnership; and

   b. Distributions from the partnership.

2. The partnership incurred no bona fide debt and made no bona fide loans with respect to its trade or business of farming.

3. Under section 704 of the Internal Revenue Code and the Regulations thereunder, a partner may not deduct partnership losses exceeding his adjusted basis in the partnership. The partnership has not established that any of its partners signed any document or assumed the obligation contained in any document which purports to increase some or all of the partners' share of the liabilities of the partnership under section 752(a) of the Internal Revenue Code and the Regulations thereunder. For instance, the assumption agreements signed by the limited partners are not includable in their adjusted partnership bases because it has not been established that they represent the assumption of bona fide partnership liabilities as required by the provisions of section 752 of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 3 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of partners' bases which are partnership items.

4. No distributive shares of any losses from the partnership's activities are allowable because it has not been established that the partners are at risk in any amount for such activities at the close of the taxable period ending December 31, 1985, pursuant to the provisions of section 465 of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 4 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of the at risk determination which are partnership items.

EXPLANATION OF ADJUSTMENTS

5. The expenses claimed for organization of the partnership and syndication fees are not allowable because it has not been substantiated that the partnership has met all of the requirements of section 709 of the Internal Revenue Code and the Regulations thereunder for the deduction of all or part of said claimed expenses.

6. The partnership has not substantiated that it had either investment interest or investment income as those terms are defined in section 163(d) of the Internal Revenue Code and the Regulations thereunder. Therefore, the amount of income claimed on the partnership's return for the taxable period ending December 31, 1985, as investment income is not investment income. The only matters raised in this subparagraph 6 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of investment interest and investment income which are partnership items.

7. It is determined that you have not established you own property that may be depreciated or if depreciable, what the depreciable basis in that property is. Accordingly, the entire amount of depreciation claimed as a deduction on your return is disallowed.

8. It has not been established that the fair market value(s) of the depreciable property claimed to be owned by the partnership is the amount claimed on the partnership's return for the taxable period ending December 31, 1985.

9. The partnership has not established that it was in the trade or business of renting equipment or other tangible property to itself or to anyone else. Therefore, the net income or loss claimed on Statement 2 attached to its Form 1065 for the taxable period ending December 31, 1985 is not allowable.

10. If the partnership establishes it was in the trade or business of renting equipment or other tangible property to itself or others, the partnership is not entitled to claim it has property qalifed for investment credit because it has not met the requirements of section 46(e)(3) of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 10 of this notice of final partnership administrative adjustment wich are to be litigated at the partnership level are the components of investent credit which are partnership items.

EXPLANATION OF ADJUSTMENTS

III. 1. It is determined that the Tax Preference Item of qualified investment expenses is zero in leiu of the $28,201,208.00 reported on the partnership tax return for the period ending December 31, 1985, since the expenses on which the tax preference item was based have been adjusted for the reasons stated above. Accordingly, tax preference items have been reduced $28,201,208.00.

2. It is determined that the Tax Preference Item of qualified investment income is zero in lieu of the $33,154.00 reported on the partnership tax return for the period ending December 31, 1985, because the partnership has not substantiated that it had income that qualifies as investment income.

IV. It is determined that for purposes of section 6229(c) of the Internal Revenue Code, a partner has, with the intent to evade tax, signed or participated directly or indirectly in the preparation of the partnership return which includes a false or fraudulent item for the taxable period ending December 31, 1985.