Table of Contents Previous Section Next Section View Full Chapter

## Section 402.7. TEFRA AND ELECTING-LARGE-PARTNERSHIP AUDIT PROCEDURES

Although, generally, partnerships do not have direct tax liabilities of their own, they are required to file information returns. Any partnership income, gain, loss, deductions, etc., are reported by the partners on their individual returns. Prior to 1982, if the IRS wanted to audit partnership items, it did so by locating and examining the individual tax returns of each partner to ensure consistent audit results.

The process of auditing partnership items on the partner level, while regarded by some as merely inefficient, became virtually impossible for the IRS with the proliferation in the 1970s of limited partnerships with scores -- sometimes hundreds -- of limited partners seeking tax shelter investments. Congress responded to this difficulty in the Tax Equity and Fiscal Responsibility Tax Act of 1982 (TEFRA). Under TEFRA's partnership-level audit procedures -- known as the unified audit rules, as set forth in Code Section 6221 et seq. -- all partners in a "TEFRA partnership" generally must report their partnership items consistently with the partnership's reporting, thus permitting audits of partnership items at the partnership level. The TEFRA unified audit rules cover nearly all partnerships, although small partnerships, having ten or fewer members, unless they specifically elect to be covered, are excluded. See Section 402.7(a). In addition, large partnerships of 100 or more members normally are covered, but effective for partnership taxable years beginning after December 31, 1997, they may specifically elect to be excluded and thereby covered by other special unified audit rules. See Section 402.7(f).

### (a) TEFRA PARTNERSHIP AND THE SMALL PARTNERSHIP EXCEPTION

All partnerships that are required to file a partnership return are generally considered "TEFRA partnerships." Code Section 6231(a)(1). Specifically excluded from the requirement, however, are small partnerships. Code Section 6231(a)(1)(B). To qualify as a small partnership and thus avoid TEFRA's unified audit procedures, effective for partnership tax years ending after August 5, 1997, the partnership must have no more than ten partners at any time throughout the taxable year, and each of the partners must be either an individual (other than a non-resident alien), a C corporation, or an estate of a deceased partner. Code Section 6231(a)(1)(B)(i). (In order to qualify as a small partnership for partnership tax years ending prior to August 6, 1997, a partnership could not have a C corporation as a partner, and each partner's share of each partnership item had to be the same as the partner's share of all other partnership items. These restrictions were removed, however, by the Taxpayer Relief Act of 1997, Pub. L. 105-34.) The number of partners refers to the number of total partners, not simply general partners. Rothstein v. United States, No. 97-647T (Fed. Cl. May 15, 1998). The exception to the TEFRA audit procedures for a small partnership does not apply for any taxable year in which any partner is a pass-through partner. A pass-through partner generally is a partner through whom other persons hold an interest in the partnership (Code Section 6231(a)(9)), but for purposes of this limitation, an estate is not considered a pass-through partner. Reg. Section



PLAINTIFFS' EXHIBIT 10

301.6231(a)(1)-1(a)(2).

The determination of whether a partnership is excepted as a small partnership is made with respect to each partnership taxable year. Reg. Section 301.6231(a)(1)-1(a)(3). Thus, a partnership may be excepted in one year but not the next.

A small partnership otherwise qualified for the exception from the TEFRA unified audit procedures may nevertheless elect to be covered. Code Section 6231(a)(1)(B)(ii). The election is made by attaching a statement to the partnership return for the first taxable year for which the election is to be effective. The statement must be signed by all persons who were partners at any time during that taxable year. The election is effective for that taxable year and for all subsequent years unless revoked, but it may not be revoked without the consent of the Commissioner. Reg. Section 301.6231(a)(1)-1(b).

Go to sample election by a small partnership to be covered by TEFRA.

Effective for tax years ending after August 5, 1997, the IRS may elect to apply TEFRA's unified audit procedures to any partnership if it reasonably determines that such procedures are appropriate under the circumstances. Code Section 6231(g).

Because partnerships in which another partnership is a partner are not included in the small partnership exception, tiered partnerships are necessarily governed by TEFRA unified audit procedures. Thus, where the XYZ partnership consists of individuals X and Y and partnership Z, XYZ will be governed by TEFRA unified audit procedures. Furthermore, partnership Z will be treated as a pass-through partner and Z's partners, X and Y, will be treated as indirect partners for TEFRA purposes.

(b) TYPES OF PARTNERS

The TEFRA unified audit procedures identify a number of types of partners and groups of partners and assign to these particular designations different rights and responsibilities.

(b)(1) The tax matters partner

Perhaps of most consequence to the partnership with respect to TEFRA procedures is the designation of a tax matters partner, or TMP. The designated TMP is responsible for serving as the partnership's representative in all TEFRA-related proceedings. Significantly, the TMP is authorized to execute an extension of the statute of limitations by which the IRS may make assessments. <17> The TMP also has the authority to bind certain other partners to a settlement agreement unless a particular partner negates that authority with respect to that particular partner by filing a statement with the IRS. Code Section 6224(c)(3).

The power of the TMP to bind the partnership and other partners is not unlimited, however. In a case in which the IRS had sought from the limited partners an extension of time within which to make assessments and had been denied the extension, the IRS then sought and received an extension from the TMP, whom it was also investigating on a criminal matter. The

Second Circuit held that the TMP has a fiduciary duty to the other partners and that the granting of the extension by the TMP was a conflict of interest. The court refused to let the TMP bind the limited partners and held that the extension was void. Transpac Drilling Venture v. Commissioner, 147 F.3d 221 (2d Cir. 1998). However, the Ninth Circuit has held that there is no automatic termination of TMP status by virtue of a criminal investigation by the IRS. The court rejected a partner's argument that a waiver of the statute of limitations by the TMP, who was under investigation for tax fraud, was invalid. The court distinguished the situation from that in Transpac, noting that the IRS did not first go to the partners to try to get the waiver as they had in that case. The court stated that while the partner may believe that the TMP signed the waiver to ingratiate himself with the IRS because of his investigation, the partner did not prove it. Phillips v. Commissioner, 272 F.3d 1172 (9th Cir. 2001).

It is also a primary duty of the TMP to keep the other partners informed of all administrative and judicial proceedings with respect to any adjustment at the partnership level of any partnership items. Thus, the TMP generally must:

(1) forward a copy of the notice of the beginning of partnership proceedings to each partner not entitled to notice from the IRS within 75 days after the notice is mailed by the IRS.

(2) forward a copy of the notice of final partnership administrative adjustment to each partner not entitled to notice from the IRS within 60 days after the notice is mailed by the IRS.

(3) provide partners information about other procedural matters within 30 days of taking action or receiving information with respect to the matter. <18>

The TMP must be a general partner designated by the partnership, or if no such partner is designated, the general partner having the largest profits interest in the partnership at the close of the taxable year. If the partnership fails to designate the TMP and the Secretary determines it is impractical to determine the partner with the largest profit interest, the IRS may select the TMP. Code Section 6231(a)(7). If designated by the partnership, the TMP must have been a general partner either at some time during the taxable year for which the designation is made or at the time the partnership makes the designation. Reg. Section 301.6231(a)(7)-1(b). If selected by the IRS, the TMP may be any person who was a partner, including a limited partner, at any time during the taxable year. Rev. Proc. 88-16, 1988-1 C.B. 691.

The TMP may be designated in a number of ways. The designation may be made on the partnership return for that taxable year. Reg. Section 301.6231(a)(7)-1(c). It may be made by a current TMP's certifying in a filed statement that a successor TMP has been selected. Reg. Section 301.6231(a)(7)-1(d). A TMP may be designated for a taxable year even after the filing of the partnership return for that taxable year by the filing of a statement signed by general partners holding more than 50 percent of the aggregate interest in the partnership profits. Reg. Section 301.6231(a)(7)-1(e). A TMP may also be designated after the filing of a partnership return if all of the general partners at the time of the filing of the return are no longer able to carry on their responsibilities as general partners. Reg. Section 301.6231(a)(7)-1(f).

At the time the TMP is designated, the partnership may also designate an alternate TMP who will become the TMP upon the death of the designated TMP or on the adjudication that the designated TMP is no longer competent to manage his estate. Reg. Section 301.6231(a)(7)-1(g).

If the partnership has not timely designated an initial TMP or a replacement TMP, a TMP will be designated under the "automatic designation" provisions of the Code. Code Section 6231(a)(7)(B). Pursuant to the automatic designation provisions, the general partner with the largest profit interest at the close of the subject taxable year will be considered to be the TMP. If there are two such general partners, the one whose name appears first alphabetically will be automatically designated as the TMP. Reg. Section 301.6231(a)(7)- 1(m)(2).

If it becomes impractical under the automatic designation provisions to designate a TMP, the IRS will designate a TMP. Reg. Section 301.6231(a)(7)-1(p). Criteria to be considered in making the selection include the general knowledge of the partner in the affairs of the partnership, the partner's access to the books and records, and the profits interest held by the partner. Reg. Section 301.6231(a)(7)-1(q). The IRS considers the automatic designation provisions to be impractical if the identity of the general partner with the largest profits interest is not apparent from the partnership's Forms K-1 or such general partner is legally unavailable to serve as TMP. Reg. Section 301.6231(a)(7)-1(o). If the IRS determines that the automatic designation provisions are impractical, it is required notify the partner selected, the partnership, and all partners required to receive notice of the selection within 30 days, and the partnership has one last opportunity to make its own designation of a TMP. During this period, the partnership has one final opportunity to designate a TMP to represent the partnership in any TEFRA unified audit procedures. <19>

> OBSERVATION: According to the IRS, a bankruptcy court may not appoint a TMP where the prospective TMP is neither an employee of nor "inexorably interwoven" with the debtor, and the appointment of a TMP will have no bearing on the bankruptcy proceedings at hand. FSA 199950008.

A partner designated as the TMP may resign as such at any time by filing a statement to that effect specifying among other requirements the taxable year of the partnership to which the resignation relates. Reg. Section 301.6231(a)(7)-1(i). The partnership itself may also revoke its designation of a TMP by filing a statement to that effect. Reg. Section 301.6231(a)(7)-1(j).

The designation of a TMP will remain in effect until (Reg. Section 301.6231(a)(7)-1(l)):

(1) the death of the designated TMP;

(2) an adjudication by a court of competent jurisdiction that the designated TMP is no longer capable of managing the individual's person or estate;

(3) the liquidation or dissolution of the TMP, if the TMP is an

entity;

(4) the partnership items of the designated TMP become non-partnership items under Code Section 6231(c) ; or

(5) the resignation of the current TMP, the revocation of the current designation, or the designation of a successor TMP.

PRACTICE TIP: The practitioner should stress to the partnership the importance of designating a TMP because the TMP performs essential duties in TEFRA unified audit proceedings. The TMP is responsible for furnishing fundamental information about the audit proceedings to other partners and notice groups. The TMP also provides essential information about the partnership to the IRS. These responsibilities continue through all judicial phases of the TEFRA unified audit proceedings.

(b)(2) Notice partners and notice groups

The IRS is required to notify the partners in a partnership of the beginning of an administrative proceeding at the partnership level with respect to a partnership item and of the final partnership administrative adjustment resulting from any such proceeding. Code Section 6223(a).

A partner who is entitled to receive directly from the IRS a notice of the beginning of an administrative proceeding and a final partnership administrative adjustment is called a notice partner. Code Section 6231(a)(8). In partnerships of 100 or fewer partners, all partners are notice partners. In partnerships of more than 100 partners, only partners with at least 1 percent profits interest are notice partners. Partners in such partnerships who do not hold at least a 1 percent profits interest are referred to as non-notice partners. Code Section 6223(b). While a TMP may bind a non-notice partner in a TEFRA settlement, a TMP does not have authority to enter into a settlement of a TEFRA proceeding on behalf of a notice partner. Code Section 6224(c)(3). A notice partner may also, under certain circumstances, file a petition for readjustment of partnership items with any of the courts that may hear appeals from a final partnership administrative adjustment. Code Section 6226(b).

Any group of partners in the aggregate having a 5 percent or more interest in the profits of a partnership may designate a partner other than the TMP to receive notices of administrative proceedings, and such designated partner will be treated as a notice partner. The group is referred to as a notice group. Code Section 6223(b)(2). The designated notice partner, as are other notice partners, is entitled to receive directly from the IRS a notice of the beginning of an administrative proceeding and a final partnership administrative adjustment. Reg. Section 301.6223(b)-1(a). Additionally, as is the case with other notice partners, the TMP does not have authority to enter into a settlement of a TEFRA proceeding on behalf of a notice partner designated by a notice group. Code Section 6224(c)(3)(A).

OBSERVATION: A notice group is formed solely for the purpose of receiving notices, and its formation does not constitute the formation of a so-called 5 percent group for purposes of litigation. Reg. Section 301.6223(b)-1(e).

(b)(3) Other types of partners or groups

A 5 percent group is defined as a group of partners who for the partnership taxable year involved had profits interests which aggregated 5 percent or more. Code Section 6231(a)(11). Although it is identified in the same manner as a notice group, it is not the same as a notice group and is formed for a different purpose. A notice group is formed solely for the purpose of receiving notices, while the 5 percent group is formed solely for the purpose of litigation, for filing a petition for judicial review or appealing a judicial determination. Reg. Section 301.6223(b)-1(e). Thus, a member of a notice group may choose whether or not to join other members of the same notice group in forming a 5 percent group. All of the members of a 5 percent group must join in filing any petition for judicial review. Reg. Section 301.6226(b)-1.

A pass-through partner is a partnership, estate, trust, S corporation, nominee, or other similar person through whom other persons hold an interest in the partnership with respect to the audit procedures. Code Section 6231(a)(9). As noted previously (see Section 402.7(a)), a partnership with a pass-through partner may not be excepted as a small partnership from the application of the TEFRA unified audit procedures.

Pass-through partners give rise to indirect partners. An indirect partner is a person holding an interest in a partnership through one or more pass-through partners. Code Section 6231(a)(10).

(c) PARTNERSHIP ITEMS AND AFFECTED ITEMS

The unified audit procedures require all partners in a TEFRA partnership to report their partnership items in a manner that is consistent with the treatment of those items on the partnership's return. Code Section 6222(a). It is therefore necessary to determine which items are partnership items. Generally, a partnership item is an item required to be taken into account for the partnership taxable year to the extent that regulations provide that the item is more appropriately determined at the partnership level than at the partner level. Code Section 6231(a)(3). The regulations identify those items more appropriately determined at the partnership level than at the partner level and that are, therefore, partnership items. Reg. Section 301.6231(a)(3)-1(a). Partnership items include:

(1) items of income, gain, loss, deduction, or credit of the partnership;

(2) expenditures by the partnership not deductible in computing taxable income, such as charitable contributions;

(3) items that may be tax preference items for any partner;

(4) income of the partnership exempt from tax;

(5) partnership liabilities;

(6) amounts with respect to partnership assets, investments, transactions, and operations necessary to determine various credits, allowances, and limitations;

(7) guaranteed payments;

(8) optional adjustments to the basis of partnership property; and

(9) items relating to contributions to and distributions from the partnership and transactions between the partnership and a partner other than in the partner's capacity as a member of the partnership.

Partnership items also include the accounting practices and the legal and factual determinations on which are based the determination of the amount, timing, and characterization of such items as income, credit, gain, loss, and deduction. Examples of such determinations are the partnership's method of accounting, taxable year, inventory method, whether an election was made by the partnership, whether partnership property is a capital asset, whether it is currently deductible or must be capitalized, and whether the partnership qualifies for certain credits. Reg. Section 301.6231(a)(3)-1(b). Other items that have been found to be partnership items include:

(1) Contributions to and distributions from a partnership. FSA 200049023

(2) The classification of income and foreign taxes under Code Section 904 to separate categories of income. FSA 200144006.

(3) The determination of whether a taxpayer is actually a partner in a partnership. Blonien v. Commissioner, 118 T.C. No. 34 (2002).

In contrast, the following items are not partnership items:

(1) The increased rate of interest on substantial underpayments attributable to tax-motivated transactions. FSA 199950008.

(2) The accuracy-related penalty that may be asserted against individual partners of a partnership. FSA 200051005.

(3) Foreign deemed paid tax credits under Code Section 902 and under Code Section 960. FSA 200144006.

In a coordinated issue paper on the Subchapter K anti-abuse regulation, the IRS discusses whether partnership anti-abuse adjustments under Reg. Section 1.701-2 are partnership items and concludes that it depends on the method chosen to recast the partnership transaction. For example, if the IRS decides to treat one or more of the partners as if they were not partners, such adjustments constitute partnership-level adjustments. IRS Coordinated Issue Paper, Subchapter K Anti-Abuse Rule.

A non-partnership item is an item that is not a partnership item. Code Section 6231(a)(4). Under certain circumstances, an item that was a partnership item may become a non-partnership item (and therefore need not be treated on the partner's return in a manner consistent with the treatment given the item on the partnership return). Pursuant to Code Section 6231(b)), a partnership item may become a non-partnership item under the following conditions:

(1) The Secretary notifies a partner that an item will be treated as a non-partnership item;

(2) the partner files suit after a denial of an administrative adjustment with respect to the item;

(3) there is a settlement agreement with respect to such item; <20> or

(4) the Secretary fails to give required notice of an administrative proceeding or final administrative adjustment, or there is a determination that the treatment of an item as a partnership item will interfere with the effective and efficient enforcement of the tax Code in particular cases. <21>

Partnership items of a partner under criminal investigation for violation of the internal revenue income tax laws arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner to which the criminal investigation relates are treated as non-partnership items as of the date on which the partner is notified that he or she is the subject of a criminal investigation and receives written notification from the IRS that his or her partnership items will be treated as non-partnership items. The partnership items of a partner who is notified that he or she is the subject of a criminal investigation are not treated as non-partnership items unless and until such partner receives written notification from the IRS of such treatment. Reg. Section 301.6231(c)-5. The Tax Court and the Ninth Circuit have found this regulation to be valid, rejecting a taxpayer's argument that a criminal investigation automatically converts a partner's partnership items to non-partnership items (and thus in the case of a tax matters partner who is under investigation, terminates the partner's designation as tax matters partner). Phillips v. Commissioner, 114 T.C. 115 (2000), aff'd 272 F.3d 1172 (9th Cir. 2001).

Additionally, Reg. Section 301.6231(c)-7(a) provides that partnership items of a debtor in bankruptcy convert to non- partnership items. It should be noted that, although Code Section 6231(a)(12) provides that a husband and wife who have a joint interest in a partnership are treated as one person, Reg. Section 301.6231(a)(12)-1 reverses that rule and provides that a husband and wife holding a joint interest should be treated as separate partners. Thus, the rules on the conversion of partnership items apply separately to each spouse. Reg. Section 301.6231(a)(12)-1(c). For example, the Tax Court held that a husband's bankruptcy did not constitute a converting event as to his wife's partnership items. The bankruptcy of the husband caused the partnership items on the joint return to convert to non-partnership items only for the husband. Dubin v. Commissioner, 99 T.C. 325 (1992), acq. 1999-2 C.B. xvi, corrected, 2000-52 I.R.B. 605.

A notification to a partner that a partnership item will be treated as a non-partnership item may be made only if the partner had filed a statement identifying an inconsistency in the treatment of the item between the partner's return and the partnership's return and the partner had either not filed a request for an administrative adjustment or if such a request had been filed, the adjustment would not make the treatment of the items in the two returns consistent. Code Section 6231(b)(2).

If the Secretary determines and provides by regulations that the treatment of an item as a partnership item would interfere with the effective and efficient enforcement of the Code in a variety of situations such as criminal investigations, assessments, and foreign partnerships, the item will be treated as a non-partnership item. Code Section 6231(c). Perhaps the most common of such a situation arises with respect to bankruptcy proceedings. The regulations provide that the treatment of items as partnership items with respect to a partner who has been named as a debtor in a bankruptcy proceeding would interfere with the effective and efficient enforcement of the internal revenue laws, and that therefore the items of a partner who is a debtor in bankruptcy or for whom a receiver has been appointed will be treated as non-partnership items. Reg. Section 301.6231(c)-7.

OBSERVATION: If the partnership items of a tax matters partner (TMP) become non-partnership items under Code Section 6231(c), then that partner loses his TMP status. Reg. Section 301.6231(a)(7)-1(l)(1)(iv).

A partner's claim for tax treatment consistent with that accorded other partners in a settlement with the IRS is a claim for a refund attributable to a non-partnership item that properly can be the subject of a suit in a federal district court. Monti v. United States, No. 97- 6215 (2d Cir. August 17, 2000); consistent treatment allowed on remand, (E.D.N.Y. Jan. 8, 2002).

An affected item is any item to the extent that it is affected by a partnership item. Code Section 6231(a)(5). It includes items that may be unrelated to items reflected on the partnership return. For example, a partner's medical deduction could be an affected item because, although not related to the partnership return, it is allowed only as a percentage of income, a partnership item. It is thus affected by a partnership item. Reg. Section 301.6231(a)(5)-1. Other affected items include:

(1) A partner's basis in the partnership interest, to the extent it is not a partnership item;

(2) the application of the at-risk limitation to a partner with respect to losses flowing from a partnership, to the extent it is not a partnership item;

(3) the application of the passive loss rules to a partner with respect to a loss incurred by a partnership, to the extent it is not a partnership item;

(4) penalties, additions to tax, or additional amounts imposed by the penalty provision under many circumstances.

Because of the relationship between partnership items and affected items, certain procedures applicable to partnership items are applicable to affected items as well. For example, the statute of limitations for making tax assessments that are attributable to partnership items is applicable to the affected items as well. Code Section 6229(a). Deficiency proceedings are also applicable to affected items that require partner level determinations. Code Section 6230(a)(2). However, mere computational affected items are not subject to the standard deficiency procedures and thus do not require notices of deficiency before making an assessment against the taxpayer. <22>

A change in the tax liability of a partner to properly reflect the treatment of a partnership item is made through a computational adjustment. Code Section 6231(a)(6). A computational adjustment may also reflect a change in an affected item where that change is necessary to properly reflect the treatment of a partnership item. Reg. Section 301.6231(a)(6)-1.

PRACTICE TIP: A partner must report partnership items consistent with the partnership's return, not necessarily with a Form K-1 that she receives from the partnership. Thus, an inconsistency may exist where a partner relies on a Form K-1 that contained information at variance with the partnership's return. Reg. Section 301.6222(a)-1(b). In this situation, the partner may elect to have the item treated as though it were treated in a consistent manner by filing a statement with the IRS and including a copy of the information furnished the partner and any computational adjustment made by the IRS. Reg. Section 301.6222(b)-3. A problem also arises if a partner reports her partnership items in her individual return, but the partnership reports nothing because of a failure to file a partnership return. Although an inconsistency technically exists, no consistency assessment will be imposed on the partner as long as she discloses the inconsistency. Code Section 6222(b)(1)(A)(ii). A partner may avoid an assessment for inconsistent reporting by filing Form 8082, Notice of Inconsistent Treatment or Amended Return. The use of Form 8082 will permit the partner to avoid an adjustment only for the specific items identified in the form. Reg. Section 301.6222(b)-2(b).

(d) TEFRA UNIFIED AUDIT PROCEDURES

A typical TEFRA proceeding begins with the issuance of a formal written notice to the TMP of the beginning of an administrative proceeding. Reg. Section 301.6223(a)-1. The notice must also be mailed to each notice partner and representative of any notice group not later than 120 days prior to mailing a notice of a final partnership administrative adjustment. Code Section 6223(d)(1). The purpose of the original notice is to inform partners that the IRS is considering a TEFRA audit. During the next 45 days, the IRS must make a determination whether to go forward and conduct a comprehensive TEFRA proceeding or, based upon information provided during this period by the TMP, withdraw the notice and discontinue the proceeding. Reg. Section 301.6223(a)-2(a). If the IRS at this point decides to withdraw the notice, neither the IRS nor the TMP need furnish any further notice with respect to that proceeding to any other partner. A notice that has been withdrawn will be treated as though it had never been issued. After withdrawing a notice with respect to a particular taxable year, the IRS is prohibited from mailing a second notice with respect to the same taxable year unless there is evidence of fraud, malfeasance, collusion, concealment, or misrepresentation of a material fact, the prior proceeding involved the misapplication or erroneous interpretation of an established IRS position existing at the time of the previous examination, or the failure to make an adjustment based on such a a position, or other circumstances exist that would indicate that failure to reissue a notice would be a serious administrative omission. Reg. Section 301.6223(a)- 2(b).

Any partner has the right to participate at any point in an administrative proceeding relating to the determination of partnership items at the partnership level. Code Section 6224(a). Except in the case of notices specifically required by the Code, however, neither the IRS nor the TMP need inform other partners of meetings and proceedings; a partner who may wish to participate in preliminary discussions during the 45-day period after the issuance of the notice of the beginning of an administrative proceeding, for example, will need to initiate arrangements with the TMP to insure that participation. Reg. Section 301.6224(a)-1.

If the initial notice is not withdrawn, the next step in a TEFRA proceeding involves an audit, followed by a closing conference, and then issuance of a summary report describing each proposed adjustment. Thereafter, each notice partner will receive a letter describing the conclusions that have been reached and advising each of the right to an administrative appeal to the IRS within 60 days. At this stage, the partners may attempt to pursue a settlement of the audit issues. Any settlement is binding on all parties to the settlement with respect to the determination of partnership items for the partnership taxable year. Code Section 6224(c)(1). A settlement by the TMP will be binding on any partner who is not a notice partner or a member of a notice group as long as the settlement expressly states that it will be binding on the other partners and such other partner has not filed a statement providing that the TMP does not have the authority to enter into an agreement by which that partner will be bound. Code Section 6224(c)(3). To be effective, such a statement must be filed at least 30 days prior to the day on which the agreement is entered into. Reg. Section 301.6224(c)-1(a).

At any time within three years after the date by which a partnership return was to be filed, or, if later, was actually filed, but before the issuance to the TMP of a notice of final partnership administrative adjustment, a partner may file a request for an administrative adjustment of partnership items for that taxable year. Code Section 6227(a). The three years may be extended by six months after the period within which the IRS may make an assessment as extended by agreement. Code Section 6227(b). A TMP may file an administrative adjustment request on behalf of the partnership in the form of a substituted return, and the Secretary may treat the changes as mathematical or clerical corrections. Code Section 6227(c)(1). If the request is not treated as a substitute return, the Secretary may either make the adjustments, conduct a partnership proceeding, or take no action. Code Section 6227(c)(2).

If any part of a request for an administrative adjustment filed by a TMP is not allowed, the TMP may file a petition for an adjustment with either the Tax Court, a District Court of the United States, or the Claims Court. Code Section 6228(a)(1). The petition may be filed only after six months but not after two years from the date of filing the request for an administrative adjustment with the IRS. No such petition to a Court may be filed after either a notice of the beginning of an administrative proceeding (Code Section 6228(a)(2)(B)) or a notice of final partnership administrative adjustment (Code Section 6228(a)(3)(A)) has been mailed to the partnership.

The final stage in the administrative phase of a TEFRA proceeding involves the issuance of a notice of the final partnership administrative adjustment. Code Section 6223(a). Although no particular form of such a

notice is prescribed, it is clear that to be a final notice, it must minimally give notice to the taxpayer that the IRS has finally determined adjustments to the partnership return. Clovis I v. Commissioner, 88 T.C. 980 (1987). The notice must also be mailed to each notice partner and representative of any notice group not later than 60 days after the notice is mailed to the TMP. Code Section 6223(d)(2).

Once the IRS issues a final partnership administrative adjustment, the partners may seek judicial review in the Tax Court, the United States District Court, or the Claims Court. Code Section 6226(a). A petition for a readjustment of the partnership items must be brought by the TMP within 90 days after the date on which the notice of a final partnership administrative adjustment was mailed to the TMP. If the TMP does not file such a petition, any notice partner or representative of a 5 percent group may file a petition for readjustment of the partnership items. That petition may only be filed, however, within 60 days after the close of the initial 90-day period. Code Section 6226(b)(1).

If more than one action is brought for judicial review, the first action brought in the Tax Court goes forward, and the other actions will be dismissed. If no action is brought in the Tax Court, the first action brought goes forward. Code Section 6226(b). To bring the action in a United States District Court or in the Claims Court (but not the Tax Court), however, a deposit must first be made with the IRS equal to the amount by which each partner's tax liability would be increased according to the final administrative adjustment. If the action is dismissed because of the priority of a Tax Court action, the deposit will be refunded upon request. Code Section 6226(e).

The Tax Court has jurisdiction to determine all partnership items to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment of a partnership item. <23> However, where no final partnership administrative adjustment has been issued, Tax Court Rule 240(c) provides that the Tax Court does not have jurisdiction. Thus, if any portion of a deficiency notice is attributable to a partnership item and no partnership administrative adjustment has been issued, the Tax Court does not have jurisdiction. Maxwell v. Commissioner, 87 T.C. 783 (1986). In addition, partnership items may not be litigated in a non- partnership Tax Court proceeding even if a final partnership administrative adjustment has been issued. Further, Tax Court jurisdiction is dependent upon a valid notice of deficiency and a valid notice of deficiency based on affected items cannot be issued prior to completion of the related partnership-level proceedings. GAF Corp. v. Commissioner, 114 T.C. 519 (2000). The Tax Court has held that the manner in which the distributive share of a partner in bankruptcy is allocated between the partner and the bankruptcy estate is not a partnership item and, thus, the allocation need not be resolved in a partnership-level proceeding. Katz v. Commissioner, 116 T.C. 5 (2001).

In general, no action may be brought for a refund attributable to partnership items except as provided in Code Section 6228(b) (relating to items ceasing to be partnership items or cases where the IRS fails to allow any part of certain administrative adjustment requests) or Code Section 6230(c) (relating to claims arising out of erroneous computations or situations where certain credits or refunds are disallowed). <24>

A determination by a court may itself be appealed, but only by the TMP, a notice partner, or the representative of a 5 percent group. Code Section 6226(g). If an action is dismissed other than as a result of the priority of an action brought before the Tax Court, the dismissal will be an affirmation of the final partnership administrative adjustment. Code Section 6226(h).

If the partners do not interpose a timely request for judicial relief within the 150 days provided after the final partnership administrative adjustment is mailed, the IRS will make computational adjustments and bill each partner for her distributive share of the adjustments.

No judicial determination with respect to the income tax liability of any partner that was made in a proceeding outside of the TEFRA procedure is a bar to any adjustment in that partner's income tax liability resulting from a TEFRA proceeding. Code Section 6231(e).

A 1989 Tax Court case held that the TEFRA procedure required that partnership items and non-partnership items were to be determined separately and that partnership items that had not yet been finally determined could not be considered in determining a deficiency based on non-partnership items. Munro v. Commissioner, 92 T.C. 71 (1989). In response, effective for partnership tax years ending after August 5, 1997, Congress provided in the Taxpayer Relief Act of 1997, Pub. L. 105-34, that the IRS may compute deficiencies by assuming that all TEFRA items, the treatment of which is not fully determined, are correctly reported on a taxpayer's return. Code Section 6234(d).

Also effective for partnership tax years ending after August 5, 1997, the IRS is authorized to send a notice of adjustment reflecting a determination with respect to non-partnership items if the taxpayer files a so-called oversheltered return for a taxable year and if the adjustments resulting from such determination do not give rise to a deficiency but would give rise to a deficiency if there were no net loss from partnership items. Code Section 6234(a). An oversheltered return is one that shows no taxable income and a net loss from partnership items. Code Section 6234(b). Within 90 days after such notice is mailed, the taxpayer may file a petition with the Tax Court seeking a redetermination of the adjustments. The Tax Court may make a declaratory judgment with respect to all items other than partnership items and affected items, which judgment itself may be appealed. Code Section 6234(c). If a petition with respect to the notice is not filed within the time provided, unless a petition is filed within the same time period with respect to a subsequent notice of adjustment relating to the same taxable year, the determination set forth in the notice of adjustment shall be deemed to be correct. Code Section 6234(d).

(e) TEFRA ASSESSMENTS

During the course of a TEFRA unified audit proceeding, partners may be subject to several types of assessments. Of paramount importance to the purpose of the TEFRA procedure is the consistency assessment. A consistency assessment may be made to conform the partner's reporting of a partnership item to the partnership's reporting of the item. Normally, such an assessment of a deficiency attributable to a partnership item may not be made before 150 days after a notice of a final partnership administrative adjustment is mailed to the TMP. If, during the 150 days, a

petition for review of the final adjustment is filed with the Tax Court, then the assessment may not be made before the decision of the Tax Court has become final. Code Section 6225(a). The prohibition on the timing of the assessment does not apply, however, if a partner fails to notify the IRS that the treatment of a partnership item on the partner's return is inconsistent with the treatment of that item on the partnership return. Code Section 6222(c).

A second type of assessment is the computational adjustment that may be made to the return of a partner to reflect the treatment of a partnership item as the result of an adverse determination contained in a final partnership administrative adjustment. A computational adjustment also may include a change in tax liability that reflects a change in an affected item if that change is necessary to properly reflect the treatment of a partnership item. Changes in a partner's tax liability with respect to affected items that require partner level determinations, however, such as a partner's at risk amount that depends on the source of a partner's money contributed to the partnership, are not included in a computational adjustment. Reg. Section 301.6231(a)(6)-1.

A third type of assessment is one made to correct a mathematical or clerical error on the partnership return. Such an adjustment normally is not subject to the timing restrictions on making an assessment, but it is made subject to those restrictions if within 60 days of the date on which notice of the correction of the error is mailed to a partner, that partner requests that the correction not be made. In that case, no assessment may be made before 150 days after a notice of a final partnership administrative adjustment is mailed to the TMP or the decision of the Tax Court has become final. Code Section 6230(b).

Normally, the time within which any assessment attributable to a partnership item or an affected item for a partnership taxable year may be made is limited to three years from the date (not including extensions) by which the partnership return must be filed for that year, or, if later, on which the partnership return for that year is actually filed. <25> The three-year period may be extended, and the extended period itself may also be further extended, by an agreement between the IRS and the TMP or any partner entered into before the expiration of the period. If the agreement is entered into with the TMP, the extension is effective with respect to all partners, and if with another partner, it is effective with respect to that partner alone. Code Section 6229(b). However, where a person is authorized to act on behalf of the partnership in a Form 2848, Power of Attorney and Declaration of Representative, executed on behalf of the partnership by a general partner, the National Office has advised that such person is authorized to execute a Form 872-P, Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, on behalf of the partnership. TAM 200123010.

COMPLIANCE TIP: Debtors in bankruptcy proceedings are not eligible for TMP status and, consequently, cannot legally extend the statute of limitations on assessments with respect to all partners. <26> However, the IRS can still rely on an executed extension agreement with a TMP if it is not notified of the TMP's bankruptcy proceedings. <27>

If a partnership fails to file a return, or in the case of a partner who signs or participates in the preparation of a return that includes a false or fraudulent item, no statute of limitations applies. An assessment may be made at any time. Code Section 6229(c). In the case of partners who

did not sign or participate in the preparation of a return that nevertheless includes a false or fraudulent item, the normal period within which an assessment may be made is extended to six years, rather than three years. Code Section 6229(c)(1)(B). Similarly, if a partnership omits from gross income an amount that should have been included which is in excess of 25 percent of the amount of gross income stated in its return, the limitations period is also extended to six years. <28> In determining the amount omitted from gross income, amounts disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the IRS of the nature and amount of such item are not counted. <29> However, one of the requirements for a valid assessment is that the taxpayer be identified. Thus, where the IRS issued an assessment against a partnership and "an unknown number of unidentified taxpayers," a district court held that the IRS's attempts to collect unpaid taxes from one of the partners who had not been individually assessed were improper. United States v. Coson, 286 F.2d 453 (9th Cir. 1961). Similarly, the Ninth Circuit affirmed a district court decision disallowing IRS proof of claims against several partners that had filed for bankruptcy. The IRS had filed the proofs of claim against the debtor-partners for unpaid employment taxes assessed against a partnership in which they were general partners. According to the court, the IRS's claims were properly disallowed because (1) the IRS cannot collect a partnership's tax deficiency directly from the partners without first making individualized assessments against the partners or obtaining judgments against the partners holding them jointly and severally liable for the partnership's tax debts; and (2) the statute of limitations had run on making such individual assessments or obtaining such judgments. In re Briguglio, No. 01-55954 (9th Cir. Aug. 8, 2002).

If a notice of a final partnership administrative adjustment is mailed to the TMP, the running of the limitations period is suspended until either one year after the end of the period within which a petition for judicial review of the adjustment may be filed or, if such a petition is filed, one year after the decision of the court becomes final. Code Section 6229(d). The Tax Court held that the period referred to by this provision is the minimum three-year period of Code Section 6229(a) rather than the general period for assessing any tax which is attributable to any partnership item under Code Section 6501, which does not expire before three years after the later of the filing of the partnership return or its due date. Thus, the court concluded, Code Section 6229(d) suspends the running of any applicable period of limitations when a final partnership administrative adjustment is issued and during the pendency of litigation. Rhone-Poulenc Surfactants and Specialties v. Commissioner, 114 T.C. 533 (2000).

Under certain circumstances, with respect to a partner whose name, address, and taxpayer identification number are not furnished on the partnership return, the statute of limitations within which an assessment may be made continues to run for one year after the date on which the name, address, and taxpayer identification number of such partner are furnished to the IRS. Code Section 6229(e).

For partnership items that are converted to non-partnership items under Code Section 6231(b)(1), the limitations period will not expire for at least one year. Code Section 6229(f)(1). However, if either the IRS or the Attorney General (or his delegate) and a partner enter into a partial settlement agreement that converts some (but not all) partnership items to non-partnership items, the limitations period for making assessments

against the converted items is determined as if the settlement did not exist. Code Section 6229(f)(2). As a result, the one-year tolling provisions under Code Section 6229(f)(1) do not apply to either the converted items or the items still in dispute when a partial settlement is executed. Reg. Section 301.6229(f)-1(b).

With respect to a partner who is a debtor in a bankruptcy proceeding, the running of the statute of limitations is suspended until 60 days after the end of the period during which the IRS is prohibited, because of the bankruptcy proceeding, from making an assessment. Code Section 6229(h).

(f) LARGE PARTNERSHIP EXCEPTION TO TEFRA

The TEFRA unified audit procedures do not apply to large partnerships (those with 100 or more partners) electing large partnership status. Such an election is available for partnership taxable years beginning after December 31, 1997. Such partnerships are governed by different reporting requirements and thus different audit procedures. Code Section 6240(b)(1). If an electing large partnership is itself a partner in a partnership that is not an electing large partnership, the TEFRA rules will apply to those items of the electing large partnership that are partnership items with respect to the other partnership. Any adjustment of those items, however, shall be taken into account under the rules applicable to electing large partnerships. Code Section 6240(b)(2).

In general, because a partnership is a conduit for tax purposes (Code Section 701), partnership-level tax items are passed through to and reported by the partners in their individual capacities. Further, because the tax consequences of many tax items are dependent on other tax items (for example, charitable contributions are subject to annual percentage limitations (Code Section 170(b)) and capital losses are subject to limitations based on capital gains (Code Section 1211)), a partnership's tax items cannot, in general, be netted together to form a single item of income or loss that is then allocated among the partners. Instead, many partnership items are "separately stated" items so that their character is preserved in the hands of each partner. Code Section 702.

While Code Section 702(a) provides a partial listing of a partnership's separately stated items, the regulations generally provide that any partnership-level item must be separately stated if that item would, if received by a partner directly, affect the partner's individual tax liability. Reg. Section 1.702-1(a)(8)(ii). As the Code has become more complex, more and more items must be separately stated including, for example, passive activity losses (Code Section 469), foreign taxes paid (Code Section 901), and all items relevant to computation of the alternative minimum tax (Code Section 55 et seq.). Thus, for a large, active partnership, the number of separately stated items can be substantial.

In an attempt to reduce the reporting complexity of large partnerships, special rules for "electing large partnerships" are provided by Code Sections 771-777. The purpose is to permit such partnerships to combine a number of tax items at the partnership level, thereby reducing the need to state such items separately. Unfortunately, the statutory list of items that must be stated separately for electing large partnerships

includes most items that require separate statement by all partnerships, so the "simplified flow-through" of Code Section 772 is unlikely to offer much simplification. Code Section 772(a). In general, to the extent that the electing large partnership rules are inconsistent with other provisions in Subchapter K, the electing large partnership rules control. Code Section 771.

For tax years beginning after December 31, 1997, a partnership may elect treatment under the special large partnership provisions if it has at least 100 members in the preceding taxable year. Code Section 775(a). Partnerships are not eligible for the election if substantially all the partners are individuals either who perform substantial services in connection with the partnership's activities or the spouses of such partners. Code Section 775(b). Thus, the electing large partnership provisions are intended to apply to partnerships having 100 or more investor partners. Such a partnership may, but need not, elect to be taxed under these special rules. Once an election is made, it is binding for all subsequent taxable years unless the partnership membership drops to below 100 investor partners or the Commissioner consents to an earlier revocation. Code Section 775(a)(1).

> COMPLIANCE TIP: The election is made by filing Form 1065-B, U.S. Return of Income for Electing Large Partnerships. It applies to the tax year for which it is made and all subsequent years. It can be revoked only with the IRS's consent. Code Section 775(a)(2).

For an electing large partnership, all passive activities conducted by the partnership are treated as a single passive activity to the partners. Code Section 772(c)(2). Income and loss from non-passive partnership activities are combined and reported by the partners as long- term capital gain or loss from a single investment activity. Code Section 772(c). Net capital gain (as defined in Code Section 1222(11)) must be apportioned between the partnership's passive and non-passive activities as were the underlying capital gains and losses. See Code Section 772(d)(4)(B). One benefit offered to electing large partnerships is that no technical termination results from the sale or exchange of 50 percent or more of the total interest in partnership profits and capital. Code Section 774(c).

In general, limitations affecting the computation of taxable income of an electing large partnership are made at the partnership level. Code Section 773(a)(3)(A). However, there are exceptions, for example, amounts at-risk (Code Sections 49 and 465) and passive activity losses and credits (Code Section 469) are applied at the partner level. Code Section 773(a)(3)(B). The annual dollar limitation of Code Section 179 (relating to the expensing of certain depreciable business assets) applies at both the partnership and the partner level.

There are significant differences between the audit procedures applicable to electing large partnerships and those under the TEFRA rules, particularly with respect to the rights of individual partners. As is the case with a non-electing partnership, each partner in an electing large partnership is under an obligation to report on their individual return each partnership item in a manner that is consistent with the treatment of that item on the partnership return. Code Section 6241(a). Unlike the situation under the TEFRA rules (Code Section 6222(b)(1)), however, no opportunity is given in the electing large partnership procedure to

report such an item in a manner inconsistent with the treatment of that item on the partnership return merely by filing a statement identifying the inconsistency. If a partner fails to treat a partnership item in a manner consistent with the treatment of that item on the partnership return, any resulting underpayment of tax by the partner may be assessed and collected immediately as though the underpayment were the result of a mathematical or clerical error on the partner's return. No request for an abatement of the assessment is permitted. Code Section 6241(b).

Further, under the electing large partnership procedure, the relationship with the IRS is on the partnership level alone. There is no requirement that individual partners be notified of any partnership adjustment. Notice by the IRS is sufficient if mailed by registered or certified mail to the last known address of the partnership, even if the partnership no longer exists. Code Section 6245(b)(1). The partnership's last known address for this purpose generally is the address on the last Form 1065, U.S. Return of Partnership Income, filed by the partnership. Rev. Proc. 2001-18, 2001-8 I.R.B. 708. See Section 612.3(b) for discussion of last known address. If the IRS seeks to adjust an item on the partnership's return, the individual partners are given no right to participate in the proceeding, as is the case under the TEFRA rules; only the partnership is given the right to file a petition for review. Code Section 6247(a). Unlike the case of a non- electing partnership (Code Section 6224(c)(3)(B)), the partners in an electing large partnership have no right of election not to be bound by a settlement entered into on behalf of the partnership; the partnership designates a partner or other person who has the sole authority to act on behalf of the partnership, and the partnership itself and all of its partners are bound by any action undertaken by the partnership and any decision in a proceeding brought under the electing large partnership rules. Code Section 6255(b).

Under the electing large partnership procedure, the IRS is authorized to make adjustments at the partnership level to any partnership item and to notify the partnership of that adjustment. After mailing, the notice may be rescinded by the IRS, but only with the consent of the partnership. Code Section 6245.

Within 90 days of the mailing of the notice, the partnership may file a petition for readjustment of the partnership items with the Tax Court, a United States District Court, or the Claims Court. Code Section 6247(a). The petition may be filed in the District Court or the Claims Court, however, only if the partnership first deposits with the IRS an amount equal to any underpayment, interest, and penalties for which the partnership would be liable if the adjustments to the partnership items made in the notice were correct. Code Section 6247(b). Any of the courts with which the petition may be filed are empowered to determine all partnership items for the taxable year to which the notice of adjustment relates and the proper allocation of those items among the partners. Code Section 6247(c). Such a determination may be appealed as other decisions from the particular court. Code Section 6247(d).

No adjustment to a partnership item may actually be made by the IRS within 90 days from the mailing of the notice of adjustment or, if a petition has been filed with a court within those 90 days, before the decision of the court becomes final. Code Section 6246(a). If the adjustment is due to a mathematical or clerical error appearing on the return, however, the limitation on the timing of making the adjustment will not apply. Code

Section 6246(c)(1). The partnership itself may also waive the restriction on the timing of making the adjustment. Code Section 6246(c)(2).

The statute of limitations after which no adjustment to any partnership item for any partnership taxable year may be made is three years from the last day for filing the partnership return for that year (not including extensions) or, if later, the day on which the partnership return for that year was actually filed. Code Section 6248(a). The period may be extended prior to its expiration by agreement between the partnership and the IRS. Code Section 6248(b). If the partnership fails to file a return, or if the partnership return is fraudulent with the intent to evade tax, there is no limitation of time; an adjustment may be made at any time. If a partnership fails to properly include in its return income that is in excess of 25 percent of that actually included in the return, the period within which an adjustment may be made is extended to six, rather than three, years. Code Section 6248(c). If a notice of a partnership adjustment is mailed, the running of the statute of limitations is suspended until one year after the partnership may no longer bring a petition for judicial review or, if a petition is brought, until one year after the decision of the court is final. Code Section 6248(d).

A partnership itself may also request an administrative adjustment of partnership items for any partnership taxable year as long as the IRS has not mailed to the partnership a notice of a partnership adjustment. The request may be made at any time within three years of the last day for filing the partnership return for that year (not including extensions) or, if later, the day on which the partnership return for that year was actually filed. Code Section 6251(a). If the period within which an adjustment initiated by the IRS could be made had been extended by agreement, the period within which the partnership may request an administrative adjustment is extended for six months after the period extended by agreement ends. Code Section 6251(c).

If any part of the request is not allowed, the partnership may file a petition for an adjustment with respect to those items with the Tax Court, a United States District Court, or the Claims Court. Code Section 6252(a). The petition may be filed only after six months and before two years from the date of the request. Code Section 6252(b). Unlike a petition for judicial review pursuant to the IRS's sending a notice of a partnership adjustment, there is no requirement that the partnership make a deposit before filing with the District Court or the Claims Court. Further, the court may make a determination only with respect to those partnership items that were not allowed or to which the IRS asserts adjustments as offsets, not, as in the case of a judicial review where the IRS has initiated the adjustment, with respect to all partnership items and their proper allocation. Code Section 6252(d). Such a determination may be appealed as other decisions from the particular court. Code Section 6252(e).

The electing large partnership rules also establish procedures for taking partnership adjustments into account. If an adjustment is made pursuant to a court proceeding, it takes effect when the court decision becomes final. If it is made pursuant to a request for an administrative adjustment, it takes effect when the requested adjustment is allowed by the IRS. In all other cases, the adjustment takes effect when it is made. Code Section 6242(d)(2). A partnership adjustment with respect to any partnership item must be taken into account in determining the amount of such item for the

partnership taxable year in which the adjustment takes effect. Code Section 6242(a)(1).

A partnership may elect not to take an adjustment into account for a partnership taxable year in which it takes effect. If the partnership either elects not to take the adjustment into account or fails to take it fully into account, it must nevertheless make a payment to the IRS. Code Section 6242(a)(2). The amount that must be paid is a tax computed at the highest rate on the increase in income that would result from the partnership adjustment, as well as interest and penalties. Code Section 6242(b). The payment must be made on or before the due date of the return for the partnership taxable year in which the partnership adjustment takes effect. The amount may be assessed and collected in the same manner as income taxes. Code Section 6242(c)(1). A failure to pay the required amount results in a penalty equal to 10 percent of the amount not paid. Code Section 6242(c)(3). No deduction from income taxes may be taken for any such payment required to be made by an electing large partnership. Code Section 6242(e).

<ENDNOTES>

17/ Code Section 6229(b). Debtors in bankruptcy proceedings are not eligible for TMP status and, consequently, cannot legally extend the statute of limitations on assessments with respect to all partners. See Reg. Section 301.6231(a)(7)-1(l)(1)(iv). However, the IRS can still rely on an executed extension agreement with a TMP if it is not notified of the TMP's bankruptcy proceedings. Code Section 6229(b)(2). See also Reg. Section 301.6229(b)-2(b) for procedures for notifying the IRS of a partner's bankruptcy proceeding.

18/ Code Section 6223(g) ; Reg. Section 301.6223(g)- 1.

19/ Reg. Sections 301.6231(a)(7)-1(p)(2), 301.6231(a)(7)-1(r). See also Rev. Proc. 88-16, 1988-1 C.B. 691.

20/ If partnership items are converted to non-partnership items, the limitations period for making assessments will not expire until at least one year after the items become non-partnership items. Code Section 6229(f)(1). However, if either the IRS or the Attorney General (or his delegate) and a partner enter into a settlement agreement on some, but not all, of the partnership items, the limitations period for making assessments against the settled items is determined as if the partial settlement had not been executed. Code Section 6229(f)(2). In other words, the one-year period for assessing partnership items that convert to non-partnership items does not apply to partial settlement agreements, and the limitations period for assessing settled items is governed by the period for assessing the remaining unsettled items. See Reg. Section 301.6229(f)-1(b).

21/ The partnership items of a partner on whose behalf a request for prompt assessment of income tax is filed under Code Section 6501(d) are treated as non-partnership items as of the date that the request for prompt assessment is filed. Reg. Section 301.6231(c)-8. The filing of a request for prompt assessment on behalf of a deceased partner presents special problems with respect to TEFRA partnership proceedings due to the abbreviated period of limitations associated with such a request (i.e.,

such tax generally must be assessed within 18 months after filing of such request but not later than three years after the return was filed). See, e.g., Callaway v. Commissioner, 231 F.3d 106 (2d Cir. 2000) (where a husband held a partnership interest as separate property but filed a joint return, his estate's request for a prompt assessment converts all items on the joint return; thus, assessment procedures for non1partnerhsip items apply for assessing a deficiency against the wife). See Reg. Section 301.6231(a)(2)-1(a)(4).

22/ See Olson v. United States, No. 98-5053 (Fed. Cir. Feb. 8, 1999) and Woody v. Commissioner, 95 T.C. 193 (1990).

23/ Code Section 6226(f). Penalties, additions to tax, and additional amounts relating to an adjustment to a partnership item are determined at the partnership level. Reg. Section 301.6221- 1(c). However, partner-level defenses to such items can be asserted through refund actions following assessment and payment. See Code Section 6230(c)(4) ; Reg. Section 301.6221- 1(d).

24/ Code Section 7422(h). See, e.g., Conway v. United States, No. 96-786T (Fed. Cl. Aug. 22, 2001) However, the Code Section 7422(h) prohibition on TEFRA refunds does not prevent refund claims under the innocent spouse provisions of Code Section 6015. SCA 199925040. See Section 605.6(e). It also does not prevent refund claims after a partnership item has ceased to be a partnership item. For example, because the execution of a Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments, settlement agreement turned a partnership item into a nonpartnership item, the jurisdictional bar of Code Section 7422(h) did not apply to a taxpayer's refund request. Browning-Ferris v. United States, CIV 00-440-PHX-SMM (D. Ariz. July 29, 2002). See Section 402.7(c) for when partnership items become non- partnership items.

25/ Code Section 6229(a). The limitations period under Code Section 6229(a) extends the limitations period otherwise available under Code Section 6501 when such period has otherwise expired. Harris v. Commissioner, 99 T.C. 121 (1992). See also, IRS Litigation Guideline Memorandum TL-81 concerning TEFRA statute of limitations.

26/ See Reg. Sections 301.6231(a)(7)-1(l)(1)(iv), 301.6231(c)-7(a).

27/ Code Section 6229(b)(2). See also Reg. Sections 301.6223(c)-1 and 301.6229(b)-2(b) for procedures for notifying the IRS of a partner's bankruptcy proceeding.

28/ Code Section 6229(c)(2). In determining the amount of gross income for purposes of the 25 percent test, a second-tier partnership's information returns are treated as adjuncts to, and parts of, the first-tier partnership's information returns, which in turn are treated as adjuncts to, and parts of, the taxpayer's tax returns. Harlan v. Commissioner, 116 T.C. 31 (2001), acq., 2002-7 I.R.B. n.p.

29/ Code Section 6501(e)(1)(A)(ii). See, e.g., CC&F Western Operations Limited Partnership v. Commissioner, T.C. Memo. 2000-286, aff'd 273 F.3d 402 (1st Cir. 2001) (supplying IRS with a clue was not sufficient disclosure).

Case 1:03-cv-02028-FMA Document 35-6 Filed 02/21/2006 Page 22 of 22

Next Section

<<END OF SECTION>>