time of the settlement the items arising from P are no longer partnership items with respect to F.

*Example (3).* G, a partner in Partnership P, filed suit under section 6228(b) after the Service failed to allow an administrative adjustment request with respect to a partnership item arising from P for a taxable year. Under section 6231(b)(1)(B), the partnership items of G for the partnership taxable year became nonpartnership items as of the date the suit was filed. After G filed suit, another partner and the Service entered into a settlement agreement with respect to items arising from P in that year. G is not entitled to consistent settlement terms because the items arising from P are no longer partnership items with respect to G. [Temporary Reg. § 301.6224(c)-3T.]

☐ [*T.D.* 8128, 3-2-87. *Amended by T.D.* 8808, 1-25-99.]

### [Reg. § 301.6226(a)-1T]

**§ 301.6226(a)-1T. Principal place of business of partnership (Temporary).**—(a) *In general.* The principal place of business of a partnership for purposes of determining the appropriate district court in which a petition for a readjustment of partnership items may be filed is its principal place of business as of the date the petition is filed.

(b) *Example.* The provisions of paragraph (a) of this section may be illustrated by the following example:

*Example.* The principal place of business of partnership A on the day that the notice of the final partnership administrative adjustment was mailed to the tax matters partner of A was Cincinnati, Ohio. However, by the day on which a petition seeking judicial review of that adjustment was filed, A had moved its principal place of business to Louisville, Kentucky. For purposes of section 6226(a)(2), A's principal place of business is Louisville. [Temporary Reg. § 301.6226(a)-1T.]

☐ [*T.D.* 8128, 3-2-87.]

### [Reg. § 301.6226(b)-1T]

**§ 301.6226(b)-1T. 5-percent group (Temporary).**—All members of a 5-percent group shall join in filing any petition for judicial review. The designation of a partner as a representative of a notice group does not authorize that partner to file a petition for a readjustment of partnership items on behalf of the notice group. [Temporary Reg. § 301.6226(b)-1T.]

☐ [*T.D.* 8128, 3-2-87.]

### [Reg. § 301.6226(e)-1T]

**§ 301.6226(e)-1T. Jurisdictional requirement for bringing an action in District Court or Claims Court (Temporary).**—(a) *Amount to be deposited*—(1) *In general.* The jurisdictional amount that the filing partner (or, in the case of a petition filed by a 5-percent group, each member of the group) shall deposit is the amount by which the tax liability of the partner would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the notice of final partnership administrative adjustment. The partner is not required to pay other outstanding liabilities in order to deposit a jurisdictional amount.

(2) *Example.* The provisions of paragraph (a)(1) of this section may be illustrated by the following example:

*Example.* A files a petition for readjustment of partnership items in the Claims Court. A's tax liability would be increased by $4,000 if partnership items on his return were conformed to the partnership return, as adjusted by the notice of final partnership administrative adjustment. A has an unpaid liability of $10,000 attributable to nonpartnership items. A is required to deposit only $4,000 in order to satisfy the jurisdictional requirement.

(b) *Deposit taken into account in computing interest.* The amount deposited is treated as a payment of tax for purposes of chapter 67 (relating to interest). Thus, the period of deposit will be treated as a period of payment for purposes of determining the interest due on any overpayment or underpayment and computing any penalty under section 6653(a)(2) or (b)(2).

(c) *Deposit generally not treated as payment of tax.* Except as provided in paragraph (b) of this section, an amount deposited under section 6226(e) shall not be treated as payment of tax. Thus, the Service may proceed against the depositor for a deficiency based on nonpartnership items without regard to this deposit.

(d) *Amount deposited may be applied against assessment.* If the restriction on assessment provided under section 6225(a) lapses with respect to a deficiency attributable to partnership items for a partnership taxable year while an amount is on deposit under section 6226(e) in connection with a petition relating to those items, the Service may apply the amount deposited against any such deficiency that is assessed. [Temporary Reg. § 301.6226(e)-1T.]

☐ [*T.D.* 8128, 3-2-87.]

[Sec. 6229(d)]

(d) SUSPENSION WHEN SECRETARY MAKES ADMINISTRATIVE ADJUSTMENT.—If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended—

(1) for the period during which an action may be brought under section 6226 (and, if an action with respect to such administrative adjustment is brought during such period, until the decision of the court in such action becomes final), and

(2) for 1 year thereafter.

[Sec. 6229(e)]

(e) UNIDENTIFIED PARTNER.—If—

(1) the name, address, and taxpayer identification number of a partner are not furnished on the partnership return for a partnership taxable year, and

(2)(A) the Secretary, before the expiration of the period otherwise provided under this section with respect to such partner, mails to the tax matters partner the notice specified in paragraph (2) of section 6223(a) with respect to such taxable year, or

(B) the partner has failed to comply with subsection (b) of section 6222 (relating to notification of inconsistent treatment) with respect to any partnership item for such taxable year,

the period for assessing any tax imposed by subtitle A which is attributable to any partnership item (or affected item) for such taxable year shall not expire with respect to such partner before the date which is 1 year after the date on which the name, address, and taxpayer identification number of such partner are furnished to the Secretary.

[Sec. 6229(f)]

(f) ITEMS BECOMING NONPARTNERSHIP ITEMS.—If, before the expiration of the period otherwise provided in this section for assessing any tax imposed by subtitle A with respect to the partnership items of a partner for the partnership taxable year, such items become nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, the period for assessing any tax imposed by subtitle A which is attributable to such items (or any item affected by such items) shall not expire before the date which is 1 year after the date on which the items become nonpartnership items.

**Amendments**

**P.L. 97-248, § 402(a):**

Added Code Sec. 6229 to read as above, applicable to partnership taxable years beginning after September 3, 1982, and also to partnership taxable years ending after September 3, 1982, if the partnership, each partner, and each indirect partner requests such application and the Secretary or his delegate consents to such application. For a special rule for certain international satellite partnerships, see the amendment note for P.L. 97-248, following Code Sec. 6221.

[Sec. 6229(g)]

(g) PERIOD OF LIMITATIONS FOR PENALTIES.—The provisions of this section shall apply also in the case of any addition to tax or an additional amount imposed under subchapter A of chapter 68 which arises with respect to any tax imposed under subtitle A in the same manner as if such addition or additional amount were a tax imposed by subtitle A.

**Amendments**

**P.L. 99-514, § 1875(d)(1):**

**Act Sec. 1875(d)(1)** amended Code Sec. 6229 by adding at the end thereof new subsection (g) to read as above.

**The above amendment is effective as if included in the provision of P.L. 98-369 to which such amendment relates.**

[Sec. 6230]

## SEC. 6230. ADDITIONAL ADMINISTRATIVE PROVISIONS.

[Sec. 6230(a)]

(a) COORDINATION WITH DEFICIENCY PROCEEDINGS.—

(1) IN GENERAL.—Except as provided in paragraph (2), subchapter B of this chapter shall not apply to the assessment or collection of any computational adjustment.

(2) DEFICIENCY PROCEEDINGS TO APPLY IN CERTAIN CASES.—

(A) Subchapter B shall apply to any deficiency attributable to—


©1986, Commerce Clearing House, Inc.

97+

[Sec. 6229(e)]

(e) UNIDENTIFIED PARTNER.—If—

(1) the name, address, and taxpayer identification number of a partner are not furnished on the partnership return for a partnership taxable year, and

(2)(A) the Secretary, before the expiration of the period otherwise provided under this section with respect to such partner, mails to the tax matters partner the notice specified in paragraph (2) of section 6223(a) with respect to such taxable year, or

(B) the partner has failed to comply with subsection (b) of section 6222 (relating to notification of inconsistent treatment) with respect to any partnership item for such taxable year,

the period for assessing any tax imposed by subtitle A which is attributable to any partnership item (or affected item) for such taxable year shall not expire with respect to such partner before the date which is 1 year after the date on which the name, address, and taxpayer identification number of such partner are furnished to the Secretary.

[Sec. 6229(f)]

(f) SPECIAL RULES.—

(1) ITEMS BECOMING NONPARTNERSHIP ITEMS.—If, before the expiration of the period otherwise provided in this section for assessing any tax imposed by subtitle A with respect to the partnership items of a partner for the partnership taxable year, such items become nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, the period for assessing any tax imposed by subtitle A which is attributable to such items (or any item affected by such items) shall not expire before the date which is 1 year after the date on which the items become nonpartnership items. The period described in the preceding sentence (including any extension period under this sentence) may be extended with respect to any partner by agreement entered into by the Secretary and such partner.

(2) SPECIAL RULE FOR PARTIAL SETTLEMENT AGREEMENTS.—If a partner enters into a settlement agreement with the Secretary with respect to the treatment of some of the partnership items in dispute for a partnership taxable year but other partnership items for such year remain in dispute, the period of limitations for assessing any tax attributable to the settled items shall be determined as if such agreement had not been entered into.

**Amendments**

**P.L. 105-34, § 1235(a)(1)-(3):**

Act Sec. 1235(a)(1)-(3) amended Code Sec. 6229(f) by striking "(f) ITEMS BECOMING NONPARTNERSHIP ITEMS.—If" and inserting "(f) SPECIAL RULES.—(1) ITEMS BECOMING NONPARTNERSHIP ITEMS.—If", by moving the text of such subsection 2 ems to the right, and by adding at the end a new paragraph (2) to read as above.

**The above amendment applies to settlements entered into after August 5, 1997.**

**P.L. 100-647, § 1018(o)(3):**

Act Sec. 1018(o)(3) amended Code Sec. 6229(f) by adding at the end thereof a new sentence to read as above.

**The above amendment is effective as if included in the provision of the Tax Reform Act of 1986 (P.L. 99-514) to which it relates.**

**P.L. 97-248, § 402(a):**

Added Code Sec. 6229 to read as above, applicable to partnership taxable years beginning after September 3, 1982, and also to partnership taxable years ending after September 3, 1982, if the partnership, each partner, and each indirect partner requests such application and the Secretary or his delegate consents to such application. For a special rule for certain international satellite partnerships, see the amendment note for P.L. 97-248, following Code Sec. 6221.

[Sec. 6229(g)]

(g) PERIOD OF LIMITATIONS FOR PENALTIES.—The provisions of this section shall apply also in the case of any addition to tax or an additional amount imposed under subchapter A of chapter 68 which arises with respect to any tax imposed under subtitle A in the same manner as if such addition or additional amount were a tax imposed by subtitle A.

**Amendments**

**P.L. 99-514, § 1875(d)(1):**

Act Sec. 1875(d)(1) amended Code Sec. 6229 by adding at the end thereof new subsection (g) to read as above.

**The above amendment is effective as if included in the provision of P.L. 98-369 to which such amendment relates.**

[Sec. 6229(h)]

(h) SUSPENSION DURING PENDENCY OF BANKRUPTCY PROCEEDING.—If a petition is filed naming a partner as a debtor in a bankruptcy proceeding under title 11 of the United States Code, the running of the period of limitations provided in this section with respect to such partner shall be suspended—

(1) for the period during which the Secretary is prohibited by reason of such bankruptcy proceeding from making an assessment, and

(2) for 60 days thereafter.

of law, if an agreement is entered into under section 6229(b)(1)(B), and the agreement is signed by a person who would be the tax matters partner but for the fact that, at the time that the agreement is executed, the person is a debtor in a bankruptcy proceeding under Title 11 of the United States Code, such agreement shall be binding on all partners in the partnership unless the Service has been notified of the bankruptcy proceeding in accordance with paragraph (b) of this section.

(b) *Procedures for notifying the Service of a partner's bankruptcy proceeding.* (1) The Service shall be notified of the bankruptcy proceeding of the tax matters partner in accordance with the procedures set forth in § 301.6223(c)-1T.

(2) In addition to the information specified in § 301.6223(c)-1T, notification that a person is (or was) a debtor in a bankruptcy proceeding shall include the date the bankruptcy proceeding was filed, the name and address of the court in which the bankruptcy proceeding exists (or took place), the caption of the bankruptcy proceeding (including the docket number or other identification number used by the court), and the status of the proceeding as of the date of notification. [Temporary Reg. § 301.6229(b)-2T.]

☐ [*T.D.* 8808, 1-25-98.]

### [Reg. § 301.6229(e)-1T]

§ 301.6229(e)-1T. **Information with respect to unidentified partner (Temporary).**—A partner who is not properly identified on the partnership return (including an indirect partner) remains an unidentified partner for purposes of section 6229(e) until identifying information is furnished as provided in § 301.6223(c)-1T. [Temporary Reg. § 301.6229(e)-1T.]

☐ [*T.D.* 8128, 3-2-87.]

### [Reg. § 301.6229(f)-1T]

§ 301.6229(f)-1T. **Special rule for partial settlement agreements (temporary).**—(a) *In general.* If a partner enters into a settlement agreement with the Service with respect to the treatment of some of the partnership items in dispute for a partnership taxable year, but other partnership items for such year remain in dispute, the period of limitations for assessing any tax attributable to the settled items shall be determined as if such agreement had not been entered into.

(b) *Other items remaining in dispute.* Pursuant to section 6226(c), a partner is a party to a partnership level judicial proceeding with respect to partnership items. When a partner settles partnership items, the settled partnership items convert to nonpartnership items under section 6231(b)(1)(C) and will not be subject to any future or pending partnership level proceeding pursuant to section 6226(d)(1). The remaining unsettled partnership items, however, will remain subject to determination under partnership level administrative and judicial procedures. Consequently, any remaining unsettled items will be deemed to remain in dispute. Thus, the period for assessing settled items will be governed by the period for assessing the remaining unsettled items. [Temporary Reg. § 301.6229(f)-1T.]

☐ [*T.D.* 8808, 1-25-98.]

### [Reg. § 301.6230(b)-1T]

§ 301.6230(b)-1T. **Request that correction not be made (Temporary).**—The request that a correction not be made under section 6230(b)(2) shall be in writing and shall—

(a) State that it is a request that a correction not be made under section 6230(b),

(b) Identify the partnership and the partner filing the request by name, address, and taxpayer identification number,

(c) Be signed by the partner filing the request, and

(d) Be filed with the Internal Revenue Service office that provided the notice of the correction of the error. [Temporary Reg. § 301.6230(b)-1T.]

☐ [*T.D.* 8128, 3-2-87.]

### [Reg. § 301.6230(c)-1T]

§ 301.6230(c)-1T. **Claim arising out of erroneous computation, etc. (Temporary).**—A claim for refund under section 6230(c) shall state the grounds for the claim and shall be filed with the service center with which the partner's return is filed. [Temporary Reg. § 301.6230(c)-1T.]

☐ [*T.D.* 8128, 3-2-87.]

### [Reg. § 301.6230(e)-1T]

§ 301.6230(e)-1T. **Tax matters partner required to furnish names (Temporary).**—(a) *In general.* If a notice of the beginning of an administrative proceeding is mailed to the tax matters partner with respect to any partnership taxable year, the tax matters partner shall furnish to the Internal Revenue Service office that issued the notice the name, address, profits interest, and taxpayer identification number of each person who was a partner in the partnership at any time during that taxable year if that information was not provided on the partnership return filed for that year.

(b) *Revised or additional information.* If the tax [...]ner discovers that any information [...]he Service on the partnership return

(E) section 4804(c) relating to a manufacturer of white phosphorus matches.

**• 1974 (P.L. 93-490)**

**P.L. 93-490, §3(b)(7):**

Repealed subparagraph (C) of paragraph (3) of Code Sec. 7103(d). **Effective** with respect to filled cheese manufactured, imported, or sold after 10-26-74.

**• 1970 (P.L. 91-513)**

**P.L. 91-513, §1102(e):**

Repealed subparagraph (D) of Code Sec. 7103(d). **Effective** 5-1-71. Prior to repeal, subparagraph (D) read as follows:

"(D) section 4713 (b) relating to manufacturer of opium suitable for smoking purposes;". Effective on 5-1-71.

**• 1965, Excise Tax Reduction Act of 1965 (P.L. 89-44)**

**P.L. 89-44, §802(b)(3):**

Amended Code Sec. 7103(d) by deleting a semicolon at the end of subparagraph (3)(E) and inserting a period in lieu thereof and by deleting subparagraph (3)(F). **Effective** 7-1-65. Prior to amendment, Code Sec. 7103(d)(3)(F) read as follows:

"(F) section 4101, relating to a producer or importer of gasoline or a manufacturer or producer of lubricating oils subject to tax under chapter 32."

**[Sec. 7103(e)—Repealed]**

**Amendments**

**• 1972 (P.L. 92-310)**

**P.L. 92-310, §230(c):**

Repealed Code Sec. 7103(e). **Effective** 6-6-72. Prior to repeal, Code Sec. 7103(e) read as follows:

(e) PERSONNEL BONDS.

(1) For bonds of internal revenue personnel to insure faithful performance of duties, see section 7803(c).

(2) For jurisdiction of United States district courts, concurrently with the courts of the several States, in an action on the official bond of any internal revenue officer or employee, see section 7402(d).

(3) For bonds of postmasters to whom stamps have been furnished under section 6802(1), see section 6803(a)(1).

(4) For bonds in cases coming within the provisions of section 6802(2) or (3), relating to stamps furnished a designated depositary of the United States or State agent, see section 6803(b)(1).

# CHAPTER 74—CLOSING AGREEMENTS AND COMPROMISES


| | |
|---|---|
| Sec. 7121. | Closing agreements. |
| Sec. 7122. | Compromises. |
| Sec. 7123. | Appeals dispute resolution procedures. |
| Sec. 7124. | Cross references. |


**[Sec. 7121]**

## SEC. 7121. CLOSING AGREEMENTS.

**[Sec. 7121(a)]**

(a) AUTHORIZATION.—The Secretary is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

**Amendments**

**• 1976, Tax Reform Act of 1976 (P.L. 94-455)**

**P.L. 94-455, §1906(b)(13)(A):**

Amended 1954 Code by substituting "Secretary" for "Secretary or his delegate" each place it appeared. **Effective** 2-1-77.

**[Sec. 7121(b)]**

(b) FINALITY.—If such agreement is approved by the Secretary (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—

(1) the case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States, and

(2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

**Amendments**

(1) IN GENERAL.—If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).

(2) PRIORITY OF THE TAX COURT ACTION.—If more than 1 action is brought under paragraph (1) with respect to any partnership for any partnership taxable year, the first such action brought in the Tax Court shall go forward.

(3) PRIORITY OUTSIDE THE TAX COURT.—If more than 1 action is brought under paragraph (1) with respect to any partnership for any taxable year but no such action is brought in the Tax Court, the first such action brought shall go forward.

(4) DISMISSAL OF OTHER ACTIONS.—If an action is brought under paragraph (1) in addition to the action which goes forward under paragraph (2) or (3), such action shall be dismissed.

(5) TAX MATTERS PARTNER MAY INTERVENE.—The tax matters partner may intervene in any action brought under this subsection.

**[Sec. 6226(c)]**

(c) PARTNERS TREATED AS PARTIES.—If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year—

(1) each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and

(2) the court having jurisdiction of such action shall allow each such person to participate in the action.

**[Sec. 6226(d)]**

(d) PARTNER MUST HAVE INTEREST IN OUTCOME.—

(1) IN ORDER TO BE PARTY TO ACTION.—Subsection (c) shall not apply to a partner after the day on which—

(A) the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or

(B) the period within which any tax attributable to such partnership items may be assessed against that partner expired.

(2) TO FILE PETITION.—No partner may file a readjustment petition under subsection (b) unless such partner would (after the application of paragraph (1) of this subsection) be treated as a party to the proceeding.


©1988, Commerce Clearing House, Inc.

(2) the court having jurisdiction of such action shall allow each such person to participate in the action.

[Sec. 6226(d)]

(d) PARTNER MUST HAVE INTEREST IN OUTCOME.—

(1) IN ORDER TO BE PARTY TO ACTION.—Subsection (c) shall not apply to a partner after the day on which—

(A) the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or

(B) the period within which any tax attributable to such partnership items may be assessed against that partner expired.

Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion.

(2) TO FILE PETITION.—No partner may file a readjustment petition under subsection (b) unless such partner would (after the application of paragraph (1) of this subsection) be treated as a party to the proceeding.

**Amendments**

**P.L. 105-34, § 1239(b):**

Act Sec. 1239(b) amended Code Sec. 6226(d)(1) by adding at the end a new sentence to read as above.

**The above amendment applies to partnership tax years ending after August 5, 1997.**

[Sec. 6226(e)]

(e) JURISDICTIONAL REQUIREMENT FOR BRINGING ACTION IN DISTRICT COURT OR CLAIMS COURT.—

(1) IN GENERAL.—A readjustment petition under this section may be filed in a district court of the United States or the Claims Court only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment. In the case of a petition filed by a 5-percent group, the requirement of the preceding sentence shall apply to each member of the group. The court may by order provide that the jurisdictional requirements of this paragraph are satisfied where there has been a good faith attempt to satisfy such requirements and any shortfall in the amount required to be deposited is timely corrected.

(2) REFUND ON REQUEST.—If an action brought in a district court of the United States or in the Claims Court is dismissed by reason of the priority of a Tax Court action under paragraph (2) of subsection (b), the Secretary shall, at the request of the partner who made the deposit, refund the amount deposited under paragraph (1).

(3) INTEREST PAYABLE.—Any amount deposited under paragraph (1), while deposited, shall not be treated as a payment of tax for purposes of this title (other than chapter 67).

[Sec. 6226(f)]

(f) SCOPE OF JUDICIAL REVIEW.—A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

**Amendments**

**P.L. 105-34, § 1238(b)(1)(A)-(B):**

Act Sec. 1238(b)(1)(A)-(B) amended Code Sec. 6226(f) by striking "relates and" and inserting "relates,", and by inserting before the period ", and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item".

**The above amendment applies to partnership tax years ending after August 5, 1997.**

[Sec. 6226(g)]

(g) DETERMINATION OF COURT REVIEWABLE.—Any determination by a court under this section shall have the force and effect of a decision of the Tax Court or a final judgment or decree of the district court or the Claims Court, as the case may be, and shall be reviewable as such. With respect to the partnership, only the tax matters partner, a notice partner, or a 5-percent group may seek review of a determination by a court under this section.

(11) 5-PERCENT GROUP.—A 5-percent group is a group of partners who for the partnership taxable year involved had profits interests which aggregated 5 percent or more.

(12) HUSBAND AND WIFE.—Except to the extent otherwise provided in regulations, a husband and wife who have a joint interest in a partnership shall be treated as 1 person.

**Amendments**

**• 1998, IRS Restructuring and Reform Act of 1998 (P.L. 105-206)**

**P.L. 105-206, §3507(a):**

Amended Code Sec. 6231(a)(7) by adding at the end a new sentence. **Effective** for selections of tax matters partners made by the Secretary of the Treasury after 7-22-98.

**• 1997, Taxpayer Relief Act of 1997 (P.L. 105-34)**

**P.L. 105-34, §1234(a):**

Amended Code Sec. 6231(a)(1)(B)(i). **Effective** for partnership tax years ending after 8-5-97. Prior to amendment, Code Sec. 6231(a)(1)(B)(i) read as follows:

(i) IN GENERAL.—The term "partnership" shall not include any partnership if—

(I) such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and

(II) each partner's share of each partnership item is the same as his share of every other item.

For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

**• 1984, Deficit Reduction Act of 1984 (P.L. 98-369)**

**P.L. 98-369, §714(p)(2)(B):**

Amended Code Sec. 6231(a)(9) by striking out "electing small business corporation" and inserting in lieu thereof "S corporation". **Effective** as if included in the provision of P.L. 97-248 to which it relates.

**[Sec. 6231(b)]**

(b) ITEMS CEASE TO BE PARTNERSHIP ITEMS IN CERTAIN CASES.—

(1) IN GENERAL.—For purposes of this subchapter, the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date—

(A) the Secretary mails to such partner a notice that such items shall be treated as nonpartnership items,

(B) the partner files suit under section 6228(b) after the Secretary fails to allow an administrative adjustment request with respect to any of such items,

(C) the Secretary or the Attorney General (or his delegate) enters into a settlement agreement with the partner with respect to such items, or

(D) such change occurs under subsection (e) of section 6223 (relating to effect of Secretary's failure to provide notice) or under subsection (c) of this section.

(2) CIRCUMSTANCES IN WHICH NOTICE IS PERMITTED.—The Secretary may mail the notice referred to in subparagraph (A) of paragraph (1) to a partner with respect to partnership items for a partnership taxable year only if—

(A) such partner—

(i) has complied with subparagraph (B) of section 6222(b)(1) (relating to notification of inconsistent treatment) with respect to one or more of such items, and

(ii) has not, as of the date on which the Secretary mails the notice, filed a request for administrative adjustments which would make the partner's treatment of the item or items with respect to which the partner complied with subparagraph (B) of section 6222(b)(1) consistent with the treatment of such item or items on the partnership return, or

(B)(i) such partner has filed a request under section 6227(d) for administrative adjustment of one or more of such items, and

(ii) the adjustments requested would not make such partner's treatment of such items consistent with the treatment of such items on the partnership return.

(3) NOTICE MUST BE MAILED BEFORE BEGINNING OF PARTNERSHIP PROCEEDING.—Any notice to a partner under subparagraph (A) of paragraph (1) with respect to partnership items for a partnership taxable year shall be mailed before the day on which the Secretary mails to the tax matters partner a notice of the beginning of an administrative proceeding at the partnership level with respect to such items.

**Amendments**

**• 2002, Job Creation and Worker Assistance Act of 2002 (P.L. 107-147)**

**P.L. 107-147, §416(d)(1)(C):**

Amended Code Sec. 6231(b)(1)(C) by inserting "or the Attorney General (or his delegate)" after "Secretary". **Effective** with respect to settlement agreements entered into after 3-9-2002.

**P.L. 107-147, §417(19)(C):**

Amended Code Sec. 6231(b)(2)(B)(i) by striking "section 6227(c)" and inserting "section 6227(d)". **Effective** 3-9-2002.

**• 1984, Deficit Reduction Act of 1984 (P.L. 98-369)**

**P.L. 98-369, §714(p)(2)(I):**

Amended Code Sec. 6231(b)(2)(B) by striking out "section 6227(b)" and inserting in lieu thereof "section 6227(c)". **Effective** as if included in the provision of P.L. 97-248 to which it relates.

**[Sec. 6231(c)]**

(c) REGULATIONS WITH RESPECT TO CERTAIN SPECIAL ENFORCEMENT AREAS.—

(1) APPLICABILITY OF SUBSECTION.—This subsection applies in the case of—

**Amendments**

• **1982, Tax Equity and Fiscal Responsibility Act of 1982 (P.L. 97-248)**

**P.L. 97-248, §402(a):**

Added Code Sec. 6230. **Effective** for partnership tax years beginning after 9-3-82, and also for partnership tax years ending after 9-3-82, if the partnership, each partner, and each indirect partner, requests such application and if the Secretary consents to such application. For a special rule for certain international satellite partnerships, see the amendment note for P.L. 97-248, following Code Sec. 6221.

**[Sec. 6231]**

## SEC. 6231. DEFINITIONS AND SPECIAL RULES.

**[Sec. 6231(a)]**

(a) DEFINITIONS.—For purposes of this subchapter—

(1) PARTNERSHIP.—

(A) IN GENERAL.—Except as provided in subparagraph (B), the term "partnership" means any partnership required to file a return under section 6031(a).

(B) EXCEPTION FOR SMALL PARTNERSHIPS.—

(i) IN GENERAL.—The term "partnership" shall not include any partnership having 10 or fewer partners each of whom is an individual (other than a nonresident alien), a C corporation, or an estate of a deceased partner. For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

(ii) ELECTION TO HAVE SUBCHAPTER APPLY.—A partnership (within the meaning of subparagraph (A)) may for any taxable year elect to have clause (i) not apply. Such election shall apply for such taxable year and all subsequent taxable years unless revoked with the consent of the Secretary.

(2) PARTNER.—The term "partner" means—

(A) a partner in the partnership, and

(B) any other person whose income tax liability under subtitle A is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership.

(3) PARTNERSHIP ITEM.—The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

(4) NONPARTNERSHIP ITEM.—The term "nonpartnership item" means an item which is (or is treated as) not a partnership item.

(5) AFFECTED ITEM.—The term "affected item" means any item to the extent such item is affected by a partnership item.

(6) COMPUTATIONAL ADJUSTMENT.—The term "computational adjustment" means the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item. All adjustments required to apply the results of a proceeding with respect to a partnership under this subchapter to an indirect partner shall be treated as computational adjustments.

(7) TAX MATTERS PARTNER.—The tax matters partner of any partnership is—

(A) the general partner designated as the tax matters partner as provided in regulations, or

(B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner. The Secretary shall, within 30 days of selecting a tax matters partner under the preceding sentence, notify all partners required to receive notice under section 6223(a) of the name and address of the person selected.

(8) NOTICE PARTNER.—The term "notice partner" means a partner who, at the time in question, would be entitled to notice under subsection (a) of section 6223 (determined without regard to subsections (b)(2) and (e)(1)(B) thereof).

(9) PASS-THRU PARTNER.—The term "pass-thru partner" means a partnership, estate, trust, S corporation, nominee, or other similar person through whom other persons hold an interest in the partnership with respect to which proceedings under this subchapter are conducted.

(10) INDIRECT PARTNER.—The term "indirect partner" means a person holding an interest in a partnership through 1 or more pass-thru partners.

STANDARD FEDERAL TAX REPORTS

REG. U. S. PAT. OFF.

—EXTRA EDITION—

VOL. 69 NUMBER 35 AUGUST 19, 1982

# TAX EQUITY AND FISCAL RESPONSIBILITY BILL OF 1982

## (H. R. 4961)

Text of revenue provisions in H. R. 4961
as approved by a Conference Committee
on August 17, 1982

Statement of the Managers

Extra issues are available from Commerce Clearing House, Inc., 4025 W. Peterson Ave., Chicago, Illinois 60646. Price: 1-4 copies, $6.00 each; 5-9 copies, $5.40 each; 10-24 copies, $4.90 each; 25-49 copies, $4.40 each.

*CCH Special 4*

COMMERCE, CLEARING, HOUSE, INC.
PUBLISHERS of TOPICAL LAW REPORTS
4025 W. PETERSON AVE., CHICAGO, ILLINOIS 60646

*Continuation of existing rules for nonpartnership items*

Existing rules relating to administrative and judicial proceedings, statutes of limitations, settlements, etc., will continue to govern the determination of a partner's tax liability attributable to nonpartnership income, loss, deductions, and credits. Neither the Secretary nor the taxpayer will be permitted to raise nonpartnership items in the course of a partnership proceeding nor may partnership items, except to the extent they become nonpartnership items under the rules, be raised in proceedings relating to nonpartnership items of a partner.

The separate statute of limitations applicable to nonpartnership items of a partner may have expired when the computational adjustment of a partner's tax liability attributable to a FPAA or final court decision is made. In such case neither the Secretary (to reduce a refund) nor a partner (to reduce an assessment) may raise nonpartnership items in determining the partner's tax liability resulting from such computational adjustment. However, if the partner has in fact overpaid his income tax liability for the taxable year with respect to which the computational adjustment was made, he may obtain credit or refund of such overpayment by filing a claim within 2 years following such overpayment, as prescribed by sections 6511 (a) and (b)(2)(B). If such claim is not allowed, suit may be filed pursuant to section 7422(a). Any overpayment which may be refunded pursuant to such a claim or suit for refund would be attributable only to nonpartnership items.