**No. 03-2028 T**
Consolidated with 04-907 T
(Judge Francis M. Allegra)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

KENNETH C. KEENER,

PLAINTIFF

VS.

UNITED STATES OF AMERICA,

DEFENDANT

**VOLUME 1 TO APPENDIX B TO PLAINTIFF'S §6621(C) MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING BRIEF**

THOMAS E. REDDING, Lead Counsel
TERESA J. WOMACK
SALLIE W. GLADNEY
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
Attorneys for Plaintiffs
Kenneth C. Keener and
William P. Smith, Jr. and Anne Smith

**No. 03-2028 T**
Consolidated with 04-907 T
(Judge Francis M. Allegra)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

KENNETH C. KEENER,
PLAINTIFF

VS.

UNITED STATES OF AMERICA,
DEFENDANT

**VOLUME 1 OF APPENDIX B TO**
**PLAINTIFF'S §6621(C) MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND SUPPORTING BRIEF**

| Plaintiffs' Exhibit No. | Document Description | Page No. (B*) |
|---|---|---|
| 1 | Schedule K-1 for Keener for Agri-Venture II ("AV2") for 1984 | B1-B2 |
| 2 | FPAA for AV2 for 1984 and 1985 | B3-B11 |
| 3 | Form 1040 excerpts for Keener for 1984 | B12-B14 |
| 4 | Tax Rate Schedules for 1984 | B15 |
| 5 | Form 1040 excerpts for Keener for 1985 | B16-B17 |
| 6 | Form 1040 excerpts for Keener for 1986 | B18-B21 |
| 7 | Form 1040 excerpts for Keener for 1991 | B22-B25 |
| 8 | Form 1040 excerpts for Keener for 1992 | B26-B29 |
| 9 | Form 1040 excerpts for Keener for 1999 | B30-B33 |
| 10 | Form 1040 excerpts for Keener for 2000 | B33-B38 |
| 11 | Docket Sheet for *AV2 v. Commissioner*, Docket No. 15048-91 | B38-B51 |
| 12 | Cash Bond Transmittal from Keener for 1984 | B52 |
| 13 | IRS Transcript of Account for Keener for 1984 | B53 |
| 14 | Form 870-P(AD) for AV2 for Keener for 1984 | B54-B55 |

| Plaintiffs' Exhibit No. | Document Description | Page No. (B*) |
|---|---|---|
| 15 | Form 870-P(AD) for AV2 for Keener for 1985 | B56-B57 |
| 16 | Form 870-P(AD) for AV2 for Keener for 1986 | B58-B59 |
| 17 | Form 4549A-CG for Keener for AV2 for 1984 and 1985 | B60-67 |
| 18 | Form 1040X for Keener for AV2 for 1984 | B68-B82 |
| 19 | Form 843 for Keener for AV2 for 1984 | B83-B94 |
| 20 | IRS Notice Disallowing Keener Claims for Refund for 1984 and 1985 | B95-B96 |

Respectfully,

/s/ Thomas E. Redding
Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)



R:\DOCS\TAXCONT.T\twwa1106.ke2.wpd

AGRI-VENTURE-II 159 7536-17 195
01824

Schedule K - 1
(Form 1065)
Department of the Treasury
Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

for calendar year 1984 or fiscal year
beginning , and ending

OMB No. 1545-0099

**1984**

**Partner's identifying number** ▶ [redacted]5770

Partner's name, address, and ZIP code PARTNER NO 96
KENNETH KEENER
1507A HAROLD
HOUSTON, TX 77006

**Partnership's identifying number** ▶ 33-0053999

Partnership's name, address, and ZIP code
AGRI-VENTURE-II
C/O AMERICAN AGRI-CORP
5000 BIRCH ST., STE 610 EAST TOWER
NEWPORT BEACH
CA 92660

A Is partner a general partner (see page 3 of Instructions for Form 1065)? . . . . . . [ ] YES [X] NO

B Partner's share of liabilities (see page 10 of Instructions for Form 1065):
Nonrecourse . . . . . . . $ NA
Other . . . . . . . . . . $ 118,945.

C What type of entity is this partner? ▶ INDIVIDUAL

D Enter partner's percentage of:

| | (i) Before decrease or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | 0.621400% |
| Loss sharing | % | 0.621400% |
| Ownership of capital | % | 0.621400% |

E IRS Center where partnership filed return ▶ FRESNO, CA

F Reconciliation of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Ordinary income (loss) from line 1 |
|---|---|---|
| | 50,000. | -151,142. |

| (d) Income not included in column (c) plus nontaxable income | (e) Losses not included in column (c), plus unallowable deductions | (f) Withdrawals and distributions | (g) Capital account at end of year |
|---|---|---|---|
| | | | -101,142. |

| | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|
| Income (Loss) | 1 Ordinary income (loss) | -151,142. | Sch. E, Part II, col. (d) or (e) |
| | 2 Guaranteed payments | | Sch. E, Part II, column (e) |
| | 3 Dividends qualifying for exclusion | | Sch. B, Part II, line 4 |
| | 4 Net short-term capital gain (loss) | | Sch. D, line 4, col. f. or g. |
| | 5 Net long-term capital gain (loss) | | Sch. D, line 12, col. f. or g. |
| | 6 Net gain (loss) from involuntary conversions due to casualty or theft | | (See Partner's instructions for Schedule K-1 (Form 1065)) |
| | 7 Other net gain (loss) under section 1231 | | Form 4797, line 1 |
| | 8 Other | | (Enter on applicable lines of your return) |
| Deductions | 9 Charitable contributions: 50% ....... ,30% ....... ,20% ....... | | See Form 1040 instructions |
| | 10 Expense deduction for recovery property (section 179) | | (See Partner's instructions for Schedule K-1 (Form 1065)) |
| | 11 a Payments for partner to an IRA | | See Form 1040 instructions |
| | b Payments for partner to a Keogh Plan (Type of plan ▶ ....... ) | | Form 1040, line 27 |
| | c Payments for partner to Simplified Employee Pension (SEP) | | Form 1040, line 27 |
| | 12 Other | | (Enter on applicable lines of your return) |
| Credits | 13 Jobs credit | | Form 5884 |
| | 14 Credit for alcohol used as fuel | | Form 6478 |
| | 15 Credit for income tax withheld | | See Form 1040 instructions |
| | 16 Other | | (Enter on applicable lines of your return) |
| Self-employment | 17 a Net earnings (loss) from self-employment | | Sch. SE, Part I |
| | b Gross farming or fishing income | | (See Partner's instructions for Schedule K-1 (Form 1065)) |
| | c Gross nonfarm income | | (See Partner's instructions for Schedule K-1 (Form 1065)) |
| Tax Preference Items | 18 a Accelerated depreciation on nonrecovery real property or 15-year or 18-year real property | | Form 6251, line 4c |
| | b Accelerated depreciation on leased personal property or leased recovery property other than 15-year or 18-year real property | | Form 6251, line 4d |
| | c Depletion (other than oil and gas) | | Form 6251, line 4i |
| | d (1) Gross income from oil, gas, and geothermal properties | | See Form 6251 instructions |
| | (2) Deductions allocable to oil, gas, and geothermal properties | | See Form 6251 instructions |
| | e (1) Qualified investment income included in line 1 above | 124. | (See Partner's instructions for Schedule K-1 (Form 1065)) |
| | (2) Qualified investment expenses included in line 1 above | 151,267. | (See Partner's instructions for Schedule K-1 (Form 1065)) |
| | f Other | | (See Partner's instructions for Schedule K-1 (Form 1065)) |

**For Paperwork Reduction Act Notice, see Form 1065 Instructions.** 95-2396893

**PLAINTIFFS' EXHIBIT 1**

AGRI-VENTURE-II 159 ⁷536-17 196
33-0053999 01824



| | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|
| Investment Interest | 19 a Interest expense on: | | |
| | (1) Investment debts incurred before 12/17/69 | | Form 4952, line 1 |
| | (2) Investment debts incurred before 9/11/75, but after 12/16/69 | | Form 4952, line 15 |
| | (3) Investment debts incurred after 9/10/75 | | Form 4952, line 5 |
| | b (1) Investment income included in line 1 (not (1) above) | 124. | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| | (2) Investment expenses included in line 1 (not (1) above) | | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| | c (1) Income from "net lease property" included in line 1 (not (1) above) | | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| | (2) Expenses from "net lease property" included in line 1 (not (1) above) | | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| Foreign Taxes | 20 a Type of income | | Form 1116, checkboxes |
| | b Name of foreign country or U.S. possession | | Form 1116, Part I |
| | c Total gross income from sources outside the U.S. (attach schedule) | | Form 1116, Part I |
| | d Total applicable deductions and losses (attach schedule) | | Form 1116, Part I |
| | e Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | | Form 1116, Part II |
| | f Reduction in taxes available for credit (attach schedule) | | Form 1116, Part III |
| | g Other (attach schedule) | | Form 1116, instructions |
| Other | 21 Other items and amounts not included in lines 1 through 20g and 22 and 23 that are required to be reported separately to you | | See Partner's Instructions for Schedule K-1 (Form 1065) |

| | 22 | | | (b) Amount | (c) |
|---|---|---|---|---|---|
| Property Eligible for Investment Credit | Regular Percentage | Unadjusted basis of new recovery property | a 3-Year | | Form 3468, line 1(a) |
| | | | b Other | | Form 3468, line 1(b) |
| | | Unadjusted basis of old recovery property | c 3-Year | | Form 3468, line 1(c) |
| | | | d Other | | Form 3468, line 1(d) |
| | Section 48(q) Election to Reduce Credit (Instead of Adjusting Basis) | Unadjusted basis of new recovery property | e 3-Year | | Form 3468, line 1(e) |
| | | | f Other | | Form 3468, line 1(f) |
| | | Unadjusted basis of old recovery property | g 3-Year | | Form 3468, line 1(g) |
| | | | h Other | | Form 3468, line 1(h) |
| | i Other (see Instructions for Schedule K-1 (Form 1065)) | | | | (See Partner's Instructions for Schedule K-1 (Form 1065)) |

| | 23 Properties: | A | B | C | |
|---|---|---|---|---|---|
| Property Subject to Recapture of Investment Credit | a Description of property (state whether recovery or nonrecovery property. If recovery property, state whether regular percentage method or section 48(q) election used.) | | | | Form 4255, top |
| | b Date placed in service | | | | Form 4255, line 2 |
| | c Cost or other basis | | | | Form 4255, line 3 |
| | d Class of recovery property or original estimated useful life | | | | Form 4255, line 4 |
| | e Date item ceased to be investment credit property | | | | Form 4255, line 8 |

95-2396893

Internal Revenue Service | Department of the Treasury

Date: APR 10 1991

12 1991

ORIGINAL

Name of Partnership:
AGRI-VENTURE-II

Taxpayer Identifying Number:
33-0053999

Tax Years Ended:
DECEMBER 31, 1984 AND
DECEMBER 31, 1985

Date FPAA Mailed to Tax Matters Partner:

Tax Matters Partner
AGRI-VENTURE-II
52300 ENTERPRISE WAY
COACHELLA, CA 92236-2707

Person to Contact:
Don Webb

Contact Telephone Number:
(209) 443-7568

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding agreement to treat the partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of agreement, the treatment of the partnership items of the partnership under the agreement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest the adjustments in court, you have **90 days** from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier in the Claims Court or a district court) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

(Continued)

PLAINTIFFS' EXHIBIT 2

5045 East Butler Avenue, Stop 826-1
Fresno, CA 93888

Letter 1830(DO) (Rev. 10-89)

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the total partnership adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the first page of this letter, the FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
by

Jesse A. Cota

Jesse A. Cota
District Director

Enclosures:
Form 870-P
Copy of this letter

5045 East Butler Avenue, Stop 826-1
Fresno CA 93888

Letter 1830(DO)

FORM 870-P

Department of the Treasury - Internal Revenue Service

# AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

| Taxpayer(s) name(s), address, and ZIP code | Name of partnership | Tax Year(s) ended |
|---|---|---|
| TAX MATTERS PARTNER<br>AGRI-VENTURE-II<br>52300 ENTERPRISE WAY<br>COACHELLA, CA 92236-2707 | AGRI-VENTURE-II<br>Taxpayer identifying number 33-0053999 | DECEMBER 31, 1984 AND<br>DECEMBER 31, 1985 |
| Taxpayer Identifying Number 33-0053999 | Name of tax matters partner<br>FRED BEHRENS | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into an agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as provided by law) provided in section 6625(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

Signature of taxpayer — Date

Signature of taxpayer — Date

By (Signature and title) — Date

If this offer is executed by a tax matters partner, please include title with the signature.

NOTE: The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If the taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specifically authorized by a power of attorney, which; if not previously filed, must accompany this form.

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Form 870-P

Department of the Treasury -Internal Revenue Service

AGREEMENT TO ASSESSMENT AND COLLECTION OF
DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

Schedule Of Adjustments

| Name of Partnership<br>AGRI-VENTURE II | Tax Year(s) Ended | |
|---|---|---|
| Taxpayer Identifying Number 33-0053999 | 12-31-84 | 12-31-85 |
| **Detail Of Adjustments To Ordinary Income** | | |
| SCHEDULE F-FARMING EXPENSES | $23,926,643.00 | $ 9,951,032.00 |
| OTHER DEDUCTIONS | $ 416,189.00 | $ 313,564.00 |
| SCHEDULE F-COST OF GOODS SOLD | | $23,926,643.00 |
| ORDINARY LOSS FROM PARTNERSHIPS | | $ 1,788,753.00 |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $24,342,832.00 | $35,979,992.00 |
| OTHER ADJUSTMENTS | | |
| A. TAX PREFERENCE-<br>QUALIFIED INVESTMENT INCOME<br>(1) Adjustment | $ 19,889.00 | $12,711,147.00 |
| (2) As Reported | $ 19,889.00 | $12,711,147.00 |
| (3) Corrected | $ 0.00 | $ 0.00 |
| B. TAX PREFERENCE ITEM-<br>QUALIFIED INVESTMENT EXPENSE | | |
| (1) Adjustment | $24,099,428.00 | $10,161,960.00 |
| (2) As Reported | $24,099,428.00 | $10 161,960.00 |
| (3) Corrected | $ 0.00 | $ 0.00 |

REMARKS

CONTINUED ON ATTACHMENT TO 870-P

Department of the Treasury -Internal Revenue Service
ATTACHMENT TO 870-P

Schedule Of Adjustments

| Name of Partnership<br>AGRI-VENTURE II<br>Taxpayer Identifying Number:33-0053999 | Tax Year(s) Ended 12-31-84 | Tax Year(s) Ended 12-31-85 |
|---|---|---|
| OTHER ADJUSTMENTS | | |
| C. INVESTMENT INTEREST-INVESTMENT INCOME | | |
| (1) Adjustment | $ 19,889.00 | $ 114,371.00 |
| (2) As Reported | $ 19,889.00 | $ 114,371.00 |
| (3) Corrected | $ 0.00 | 0.00 |
| D. QUALIFIED INVESTMENT PROPERTY-NEW, 3 YEAR | | |
| (1) Adjustment | | $ 3,247.00 |
| (2) As Reported | | $ 3,247.00 |
| (3) Corrected | | $ 0.00 |
| E. QUALIFIED INVESTMENT PROPERTY-NEW, OTHER | | |
| (1) Adjustment | | $ 37,721.00 |
| (2) As Reported | | $ 37,721.00 |
| (3) Corrected | | $ 0.00 |
| F. QUALIFIED INVESTMENT PROPERTY-USED, OTHER | | |
| (1) Adjustment | | $ 119,737.00 |
| (2) As Reported | | $ 119,737.00 |
| (3) Corrected | | $ 0.00 |
| G. | | |
| (1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |
| H. | | |
| (1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |

REMARKS

AGRI-VENTURE II

EXPLANATION OF ADJUSTMENTS

I. It is determined that the farming expenses claimed on Schedule F in the amounts of $23,926,643.00 and $9,951,032.00 and Other Deductions claimed on line 22, page 1 of Form 1065 in the amounts of $416,189.00 and $313,564.00 for the taxable periods ending December 31, 1984 and December 31, 1985, respectively, are not allowable, and it is determined that cost of goods sold claimed on line 51 of Schedule F in the amount of $23,926,643.00, Ordinary income from other partnerships claimed on line 4, page 1 of Form 1065 in the amount of $(1,788,753.00), and property claimed eligible for investment credit on Form 3468 in the total amount of $160,705.00 ($3,247.00, $37,721.00, and $119,737.00) for the taxable period ending December 31, 1985, are not allowable for the following reasons:

1. The partnership's activities constitute a series of sham transactions.

2. The partnership's activities lack economic substance.

3. The partnership did not engage in the trade or business of farming during the taxable periods.

4. The partnership has not substantiated any of the expenses it claimed it paid or incurred during the taxable periods.

5. The partnership did not pay or incur any bona fide trade or business expenses during the taxable periods.

6. If it is determined that the partnership did pay or incur expenses during the taxable periods, it has not been established that the expenses paid or incurred were ordinary and necessary trade or business expenses currently deductible under section 162 of the Internal Revenue Code and the Regulations thereunder.

7. The partnership has not substantiated its claimed cost or other basis in the alleged qualified investment property.

8. The partnership has not clearly described which property it is claiming is qualified for the investment tax credit.

EXPLANATION OF ADJUSTMENTS

II. In the alternative, if the partnership activities are determined to constitute a valid trade or business, then the following alternate positions are applicable for the taxable periods ending December 31, 1984 and December 31, 1985, unless otherwise stated in the particular numbered paragraph:

1. The partnership has not substantiated any or all items relating to the following transactions, to the extent that a determination of such items can be made from determinations that the partnership is required to make with respect to an amount, the character of an amount, or the percentage interest of a partner in the partnership, for purposes of the partnership books and records or for purposes of furnishing information to a partner:

   a. Contributions to the partnership; and

   b. Distributions from the partnership.

2. The partnership incurred no bona fide debt and made no bona fide loans with respect to its trade or business of farming.

3. Under section 704 of the Internal Revenue Code and the Regulations thereunder, a partner may not deduct partnership losses exceeding his adjusted basis in the partnership. The partnership has not established that any of its partners signed any document or assumed the obligation contained in any document which purports to increase some or all of the partners' share of the liabilities of the partnership under section 752(a) of the Internal Revenue Code and the Regulations thereunder. For instance, the assumption agreements signed by the limited partners are not includable in their adjusted partnership bases because it has not been established that they represent the assumption of bona fide partnership liabilities as required by the provisions of section 752 of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 3 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of partners' bases which are partnership items.

4. No distributive shares of any losses from the partnership's activities are allowable because it has not been established that the partners are at risk in any amount for such activities at the close of the taxable periods, pursuant to the provisions of section 465 of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 4 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of the at risk determination which are partnership items.

EXPLANATION OF ADJUSTMENTS

5. The expenses claimed for organization of the partnership and syndication fees are not allowable because it has not been substantiated that the partnership has met all of the requirements of section 709 of the Internal Revenue Code and the Regulations thereunder for the deduction of all or part of said claimed expenses.

6. The partnership has not substantiated that it had either investment interest or investment income as those terms are defined in section 163(d) of the Internal Revenue Code and the Regulations thereunder. Therefore, the amount of income claimed on the partnership's returns as investment income is not investment income. The only matters raised in this subparagraph 6 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of investment interest and investment income which are partnership items.

7. It has not been established that any corporation which purports to be a partner of the partnership actually was a partner in the partnership at any time during the taxable period(s) in question. Accordingly, any deferral of and adjustments to income that the partnership obtained because the partnership claimed a corporation as one of its partners is disallowed in full.

8. It has been determined that under section 752(b) of the Internal Revenue Code and the Regulations thereunder, a deemed distribution of money occured during the 1985 taxable year in the total amount of $19,141,314.00. Therefore, under section 731(a) of the Internal Revenue Code and the Regulations thereunder, gain shall be recognized by the partners to the extent that the distribution exceeds the adjusted bases of all of the partners' interests in the partnership immediately before the distribution. The only matters raised in this subparagraph 8 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of the distribution of money and the gain to be recognized which are partnership items.

9. It has been determined that the partnership is not entitled to automatically change to the accrual method of accounting under section 447 of the Internal Revenue Code and the Regulations thereunder for the taxable period ended December 31, 1985. Because section 447 does not apply, the partnership must ask the Commissioner for permission to change its method of accounting. For the taxable period ending December 31, 1985, the partnership did not ask the Commissioner for permission to change its method of accounting from the cash basis method to the accrual method of accounting, and the Commissioner has not otherwise consented to permit the partnership to change its method of accounting from the cash basis method to the accrual method of accounting. Accordingly, the taxable income of the partnership for the taxable period ending December 31, 1985, is increased due to the recomputation of taxable income using the cash basis method of accounting.

EXPLANATION OF ADJUSTMENTS

III. 1. It is determined that the Tax Preference Item of qualified investment expenses is zero in leiu of the $24,099,428.00 and $10,161,960.00 reported on the partnership tax returns for the taxable periods ending December 31, 1984 and December 31, 1985, since the expenses on which the tax preference item was based have been adjusted for the reasons stated above. Accordingly, tax preference items have been reduced $24,099,428.00 and $10,161,960.00.

2. It is determined that the Tax Preference Item of qualified investment income is zero in lieu of the $19,889.00 and $12,711,147.00 reported on the partnership tax returns for the taxable periods ending December 31, 1984 and December 31, 1985, because the partnership has not substantiated that it had income that qualifies as investment income.

IV. It is determined that for purposes of section 6229(c) of the Internal Revenue Code, a partner has, with the intent to evade tax, signed or participated directly or indirectly in the preparation of the partnership returns each of which return includes a false or fraudulent item for the taxable periods ending December 31, 1984 and December 31, 1985.