Keener [redacted]

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year** ▶ 19 85 , **OR fiscal year ended** ▶ , 19 .

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| KENNETH C. | KEENER | [redacted]5770 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| | | |

| Home address (no. and street) or P.O. box if mail is not delivered to your home | Apt. no. | Telephone number (optional) |
|---|---|---|
| c/o Thomas E. Redding; P. O. Box 924328 | | 713-965-9244 |

City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.

Houston, Texas 77292-4328 **** *ADDRESS FOR THIS MATTER ONLY* ****

For Paperwork Reduction Act Notice, see page 6.

A If the name or address shown above is different from that shown on the original return, check here . . . . . ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? . . . . ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☒ Single ☐ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☒ Single ☐ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| Income and Deductions (see pages 2 - 5) | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 29,693 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 29,693 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | *Not Applicable* |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | *Not Applicable* |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 13,384 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Kenneth C. Keener 11-19-99 ▶

Your signature Date Spouse's signature. If a joint return, BOTH must sign. Date

PLAINTIFFS' EXHIBIT 30

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature ▶ Brett A. Thompson CPA | Date 12/2/99 | Check if self-employed ☒ | Preparer's social security no. [redacted] |
| Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA; 20214 Kingsland Blvd., Katy, Texas | | | EIN |
| | | | ZIP code 77450 |

*** or such greater amount as is legally refundable, plus interest, the refund being the portion of the tax assessed after the statute of limitations had expired.*

ISA STF FED3171F.1 Form **1040X** (Rev. 11-98)

Form 1040X (Rev. 11-98) Keener [redacted] Page **2**

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 | Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

**31** Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . . . ▶ ☐
- **did not** live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**32** For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . . . . ▶ ☐

STF FED3171F.2

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name
Telephone
Function
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| KENNETH C. KEENER<br>2752 E. JACARANDA RD.<br>PALM SPRINGS, CA 92264 | [redacted]<br>~~700-318~~ | |
| | Daytime telephone number<br>[redacted] | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, and 1998. |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here KCK and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Kenneth C. Keener 11-1-99

Signature | Date | Title (if applicable)

Print Name

Signature | Date | Title (if applicable)

Print Name

**Part II Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 11/12/99 |
| A | Texas | Sallie W. Gladney | 11-12-99 |
| | | | |

STF FED4675F.2

**KENNETH C. KEENER**
**(SSN [redacted]5770)**
**EXPLANATION - 1985 REFUND CLAIM**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Agri-Venture Fund partnership (referred to in this explanation as "the Partnership") for 1985 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the taxpayers and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into, such agreement provided solely for

C:\DOCS\CORRESP.Q\REFUND.CLM\QSTEN179.KE1

certain specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

5. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

6. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of I.R.C. §6221(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6221(c) or the regulations thereunder as a tax motivated transaction.

7. The recomputation of interest takes into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

8. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' criminal investigation of Mr. Behrens and Mr. Wright and ending with the termination of the criminal investigation. The suspension of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS invaded the general partner's office and served criminal subpoenas to the date the general partners were notified of the abandonment of the criminal investigation. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of

that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against the IRS' eventually asserted adjustments to partnership items, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the acceptance by the IRS of the settlement offer and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

9. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1987 and later years as a result of changes to affected items of the taxpayer(s) resulting from the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1988 until the date of payment of the tax sought to be refunded under this claim. Overpayments occurred in each year from 1987 to 1995 due to over reporting of §§441/447 recapture.

Exhibits:

A - Evidence of settlement

B - Evidence of tax assessment and payment

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Request for Net Interest Rate of Zero Under Rev. Proc. 99-19

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

898-43

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant: Kenneth C. Keener

Your social security number: [redacted]770

Address (number, street, and room or suite no.): c/o Thomas E. Redding, Redding & Associates, P.C., P.O. Box 924328

Spouse's social security number:

City or town, state, and ZIP code: Houston, Texas 77292-4328

Employer identification number:

Name and address shown on return if different from above

Daytime telephone number:

1 Period — prepare a separate Form 843 for each tax period
From , 19 , to , 19

2 Amount to be refunded or abated
$

3a Type of tax, penalty, or addition to tax: Income
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

This form is filed as the taxpayer's request for application of the net effective rate of zero, pursuant to I.R.C. §6621(d), to interest accruing before October 1, 1998.
The understatement period(s) are 1984 & 1985.
The overstatement period(s) are 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995.
To the extent of equivalent amounts of underpayment and overpayment for the period(s) identified above the period(s) has (have) been used only once in a request to obtain the net interest rate of zero under section 6621(d).
The taxpayer's overpayments arise from adjustments related to TEFRA partnerships which have not yet been determined.
In addition to the years indicated, this election applies to any refund year resulting from a capital loss or net operating carryforward or carryback arising out of the year specified when the overpayments are finally determined.
Concurrent with the filing of this election the taxpayer is also filing Forms 1040X and 843 for tax years 1984 and 1985.
Line 1 has been left blank pursuant to Rev. Proc. 99-19 Section 4.04(1).
Line 2 has been left blank pursuant to Rev. Proc. 99-19 Section 4.04(2).
Line 4 has been left blank pursuant to Rev. Proc. 99-19 Section 4.04(4).

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Kenneth C. Keener — 11/19/99
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

**For Paperwork Reduction Act Notice, see separate Instructions.**
ISA
STF FED1524F



Form **843** (Rev. 1-97)

P(AD)(5-88) DEPARTMENT OF THE TREASURY
20-96 INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS

IN REPLY
REFER TO:
MS 4550
122096-0927

TAXPAYER(S) NAME(S) AND ADDRESS

KENNETH C KEENER
4700 BALCONES DR
AUSTIN TX 78731-5307009

TIN: [redacted]5770

NAME OF PARTNERSHIP

AGRI-VENTURE FUND

TIN: 33-0115708

TAX YEAR ENDED: 1985

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

SIGNATURE OF TAXPAYER Kenneth C. Keener — DATE 3-25-97

RECEIVED APR - 3 1997 OGDEN SERVICE CENTER

SIGNATURE OF TAXPAYER — DATE

BY (SIGNATURE AND TITLE) — DATE

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

RECEIVED IN CORRES. IRS OSC/500 APR 3 1997

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST AS PROVIDED BY LAW.

FOR INTERNAL REVENUE USE ONLY

DATE ACCEPTED FOR COMMISSIONER 28 APR 1997

SIGNATURE

OFFICE SALT LAKE CITY APPEALS OFFICE

TITLE Associate Chief

Exhibit A

B161

Internal Revenue Service
Kansas City, MO 64999

Mail Stop 4100 A10

Department of the Treasury

Date NOV 13 1997

Contact Person: John Lopez
Report Writing Unit

Telephone Number: (913) 344-7679
(NOT TOLL FREE)
6:30 a.m.-3:00 p.m.--Monday-Friday

FAX Number: (913) 696-6305

Kenneth C Kenner
4700 Balcones Dr
Austin, Tx 78731-5307

Taxpayer Identification Number:
[redacted]5770
Tax Year(s): 1984 and 1985

Dear Mr. and Mrs. Kenner:

Enclosed are the tax calculations resulting from adjustments made on your flow-through investment. The enclosed report shows how adjustments made to Agri-Venture II and Agri-Venture Fund effected your individual income tax return. The tax calculation report, Form 4549A-CG, does not require an agreement signature; it should be kept for your records. If you owe additional tax, you will receive a bill for the additional tax and interest. If you are due a refund, it will be sent to you after all other outstanding issues are resolved. Also, if you owe on other tax years, your refund may be used to offset any outstanding amounts.

If you have any questions about this matter, please write to the contact person shown at the top of this letter. Attach a copy of this letter to any correspondence to help us identify your case. Also, in the event that we need more information, please provide your telephone number and the most convenient time for us to call.

You may also call the telephone number shown above. If the number is outside your local calling area, there will be a long distance charge to you. If you prefer, you may call the Internal Revenue Service office listed in your local directory. An IRS employee there may be able to help you, but the office at the above address is most familiar with your case.

Thank you.

Sincerely,

Nancy L. Jones
Chief, Examination Branch

enclosures:
Form 4549A-CG
Publication 1
Notice 609

KCSC-FL 83(Rev. 9/90)

Exhibit B p.1

... of the Treasury, Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| KEENER, KENNETH C<br>6300 NORTH ODELL<br>CHICAGO, IL 60631-1911 | 4[redacted]5770 | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Tax Year End 12/31/85 | Tax Year End | Tax Year End |
|---|---|---|---|
| A. AGRI-VENTURE FUND | $ 27,814.00 | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 27,814.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 58,993.00 | | |
| 4. Corrected Taxable Income | 86,807.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | SINGLE | | |
| 5. Tax | 30,848.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 30,848.00 | | |
| 8. Less Credits A. POLITICAL CONTRIBUTION | 50.00 | | |
| B. GENERAL BUSINESS CREDIT | 1,105.00 | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 29,693.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 29,693.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 16,309.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 13,384.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 13,384.00 | $ | $ |

he Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases r decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State orm.

ou may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay he required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day eriod and the tax has been assessed and remains unpaid.



Ex B. P. 2

... of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name of Taxpayer: KEENER, KENNETH C | SS or EI Number: [redacted]5770 | Return Form No. 1040 |
|---|---|---|

| | Tax Year End 12/31/85 | Tax Year End | Tax Year End |
|---|---|---|---|
| .7. Penalties | $ | $ | $ |
| A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 8. Total Penalties | | | |
| 9. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 0. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 1. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | 13,384.00 | | |
| ummary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | 13,384.00 | | |
| B. Penalties (line 18, page 2) (computed to 12/10/97) | | | |
| C. Interest (IRC 6601) (computed to 12/10/97) | 26,162.32 | | |
| D. TMT Interest (computed to 12/10/97 on TMT underpayment) | 9,566.59 | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | 49,112.91 | | |

:her Information:

| aminer's Signature JOHN LOPEZ | District Kansas City Service Center | Date 11/10/97 |
|---|---|---|

S Ver. 3.97.00

Page 2 of 2

Form 4549A-CG (Rev. 1-91)

Ex B, P. 3

Re: Cash Bond Deposit for 1985

September 28, 1995

Internal Revenue Service Center
Austin, Texas 73301

**SERVICE CENTER: Please forward to TEFRA Section after posting**

Dear Sir or Madam:

Enclosed is a check for $52,361.21, which I am submitting as a deposit in the nature of a cash bond in accordance with Revenue Procedure 84-58, 1984-2 C.B. 501. The deposit is intended to stop the accrual of interest with respect to my liability, if any, for increased income taxes attributable to adjustments proposed in a Notice of Final Partnership Administrative Adjustment ("FPAA") dated April 10, 1991 , issued with respect to Agri - Venture Fund .

If it is determined that I have no additional tax liability with respect to 1985 or that my deposit exceeds any additional tax liability, I, of course, will expect the return of the excess deposit.

I appreciate your cooperation in this matter.

Sincerely,

Kenneth C. Keener

Kenneth C. Keener [redacted]-5770
1507-A Harold
Houston, Texas 77006

cc: Alan Finlayson
TEFRA Coordinator
IRS Service Center
P.O. Box 12067
Fresno, California 93776

Miles D. Friedman
Office of District Counsel
Internal Revenue Service
24000 Avila Road
Laguna Niguel, California 92645

Ex. B. , R4