# TABLE 1

## Comparing §301.6621-2T Example A-5 and the Facts for Keener (1984)

| EXAMPLE FROM REGULATION | EXAMPLE APPLIED TO KEENER |
|---|---|
| On January 20, 1986, **A (taxpayer)** enters into a closing agreement with the IRS that includes the following adjustments: | On April 28, 1997, Keener entered into Form 870-P(AD) settlement agreements with the IRS that included the following adjustments for Av2: |
| §162 deduction disallowed (not TMT) $7,500<br>Loss disallowed under §465 (TMT) 5,000<br>§170 deduction disallowed because of a valuation overstatement (TMT) 10,000<br>Loss disallowed with respect to a straddle as defined in §1092(c) (TMT) 7,000<br>Other adjustments (no TMTs) 4,000 | Schedule F - Farming Expenses $8,614,381<br>Other Deductions $149,842<br>[PE:14]<br>The IRS computed his aggregate share of those adjustments was $54,460<br>[PE:17] |
| The tax motivated underpayment is determined in the following manner:<br>1. $70,000 reported taxable income<br>+33,500 (add all adjustments to items of income, gain, loss, deduction, or credit (including TMTs subject to §6621(d))<br>$103,500 **tax = $39,685 ("total tax liability")** | His tax motivated underpayment should be determined in the following manner:<br>1. $124,006 taxable income as reported<br>+ 54,460 (all adjustments to partnership items based on all grounds for adjustment)<br>$178,466 **tax = $ 76,776 ("total tax liability")** |
| 2. $ 70,000 reported taxable income<br>+ 11,500 (add adjustments to items of income, gain, loss, deduction, or credit other than TMTs)<br>$ 81,500 **tax = $28,691 ("tax liability without regard to TMTs")** | 2. $124,006 taxable income as previously adjusted<br>+ 54,460 (adjustments to partnership items based on grounds other than TMT grounds for adjustment)<br>$165,931 **tax =$76,776 ("tax liability without regard to TMTs")** |
| The tax motivated underpayment (i.e., the underpayment attributable to TMTs) is $10,994 ($39,685 - $28,691). Accordingly, the interest on $10,994 would be computed at the 120 percent rate.<br><br>The remainder of the underpayment (*i.e.*, the underpayment not attributable to TMTs) is $5.520 ($28,691 (tax liability without regard to TMTs) - $23,171 (tax paid with return)). The interest on $5,520 would be computed at the adjusted rate. | The tax motivated underpayment (i.e., the underpayment attributable to TMTs) is $-0- ($76,776 - $76,776). Accordingly, there is no difference upon which interest would be computed at the 120 percent rate.<br><br>The remainder of the underpayment (*i.e.*, the underpayment not attributable to TMTs) is $27,231 ($76,776 (tax liability without regard to TMTs) - $49,545 (tax paid as previously adjusted)). The interest on $27,231 would be computed at the adjusted rate. |

## TABLE 2

### Comparing §301.6621-2T Example A-5 and the Facts for Keener (1985)

| EXAMPLE FROM REGULATION | SAME ANALYSIS FOR KEENER |
|---|---|
| On January 20, 1986, **A (taxpayer)** enters into a closing agreement with the IRS that includes the following adjustments: | On April 28, 1997, Keener entered into Form 870-P(AD) settlement agreements with the IRS that included the following adjustments for AVF: |
| §162 deduction disallowed (not TMT) $7,500<br>Loss disallowed under §465 (TMT) 5,000<br>§170 deduction disallowed because of a valuation overstatement (TMT) 10,000<br>Loss disallowed with respect to a straddle as defined in §1092(c) (TMT) 7,000<br>Other adjustments (no TMTs) 4,000 | Schedule F - Farming Expenses $11,806,681<br>Other Deductions $218,477<br>[PE:27]<br><br>The IRS computed his aggregate share of those adjustments was $27,814<br>[PE:29] |
| The tax motivated underpayment is determined in the following manner:<br>1. $70,000 reported taxable income<br>+ 33,500 (add all adjustments to items of income, gain, loss, deduction, or credit (including TMTs subject to §6621(d)))<br>$103,500 **tax = $39,685 ("total tax liability")** | His tax motivated underpayment should be determined in the following manner:<br>1. $61,019 taxable income as reported<br>+ 27,814 (all adjustments to partnership items based on all grounds for adjustment)<br>$ 88,833 **tax = $29,693 ("total tax liability")** |
| 2. $ 70,000 reported taxable income<br>+ 11,500 (add adjustments to items of income, gain, loss, deduction, or credit other than TMTs)<br>$ 81,500 **tax = $28,691 ("tax liability without regard to TMTs")** | 2. $61,019 taxable income as reported<br>+ 27,814 (adjustments to partnership items based on grounds other than TMT grounds for adjustment)<br>$88,833 **tax =$29,693 ("tax liability without regard to TMTs")** |
| The tax motivated underpayment (i.e., the underpayment attributable to TMTs) is $10,994 ($39,685 - $28,691). Accordingly, the interest on $10,994 would be computed at the 120 percent rate. | The tax motivated underpayment (i.e., the underpayment attributable to TMTs) is $-0- ($29,693 - $29,693). Accordingly, there is no difference upon which interest would be computed at the 120 percent rate. |
| The remainder of the underpayment (*i.e.*, the underpayment not attributable to TMTs) is $5.520 ($28,691 (tax liability without regard to TMTs) - $23,171 (tax paid with return)). The interest on $5,520 would be computed at the adjusted rate. | The remainder of the underpayment (*i.e.*, the underpayment not attributable to TMTs) is $13,384 ($29,693 (tax liability without regard to TMTs) - $16,309 (tax paid as previously adjusted)). The interest on $13,384 would be computed at the adjusted rate. |

# TABLE 3

## Comparing §301.6621-2T Example A-5 and the Facts for the Smiths (1984)

| EXAMPLE FROM REGULATION | SAME ANALYSIS FOR THE SMITHS |
|---|---|
| On January 20, 1986, **A (taxpayer)** enters into a closing agreement with the IRS that includes the following adjustments: | On April 9, 199, the Smiths entered into a Form 870-P(AD) settlement agreement with the IRS that included the following adjustments for RGA: |
| §162 deduction disallowed (not TMT) $7,500<br>Loss disallowed under §465 (TMT) 5,000<br>§170 deduction disallowed because of a valuation overstatement (TMT) 10,000<br>Loss disallowed with respect to a straddle as defined in §1092(c) (TMT) 7,000<br>Other adjustments (no TMTs) 4,000 | Schedule F - Farming Expenses $1,841,599<br>Other Deductions $46,757<br>[PE:46]<br><br>The IRS computed their aggregate share of those adjustments was $17,175<br>[PE:49] |
| The tax motivated underpayment is determined in the following manner:<br>1. $70,000 reported taxable income<br>+ 33,500 (add all adjustments to items of income, gain, loss, deduction, or credit (including TMTs subject to §6621(d)))<br>$103,500 **tax = $39,685 ("total tax liability")**<br><br>2. $ 70,000 reported taxable income<br>+ 11,500 (add adjustments to items of income, gain, loss, deduction, or credit other than TMTs)<br>$ 81,500 **tax = $28,691 ("tax liability without regard to TMTs")** | Their tax motivated underpayment should be determined in the following manner:<br>1. $(1,557) taxable income as reported<br>+ 17,175 (all adjustments to partnership items based on all grounds for adjustment)<br>$ 15,618 **tax = $5,119 ("total tax liability")**<br><br>2. $(1,557) taxable income as reported<br>+ 17,175 (adjustments to partnership items based on grounds other than TMT grounds for adjustment)<br>$ 15,618 **tax =$5,119 ("tax liability without regard to TMTs")** |
| The tax motivated underpayment (i.e., the underpayment attributable to TMTs) is $10,994 ($39,685 - $28,691). Accordingly, the interest on $10,994 would be computed at the 120 percent rate.<br><br>The remainder of the underpayment (*i.e.*, the underpayment not attributable to TMTs) is $5.520 ($28,691 (tax liability without regard to TMTs) - $23,171 (tax paid with return)). The interest on $5,520 would be computed at the adjusted rate. | The tax motivated underpayment (i.e., the underpayment attributable to TMTs) is $-0- ($5,119 - $5,119). Accordingly, there is no difference upon which interest would be computed at the 120 percent rate.<br><br>The remainder of the underpayment (*i.e.*, the underpayment not attributable to TMTs) is $848 ($5,119 (tax liability without regard to TMTs) - $4,271 (tax paid as previously adjusted)). The interest on $848 would be computed at the adjusted rate. |

Plaintiffs' Exhibit 68

# TABLE 4

## Comparing §301.6621-2T Example A-5 and the Facts for the Smiths (1985)

| EXAMPLE FROM REGULATION | SAME ANALYSIS FOR THE SMITHS |
|---|---|
| On January 20, 1986, **A (taxpayer)** enters into a closing agreement with the IRS that includes the following adjustments: | On April 9, 1999, the Smiths entered into a Form 870-P(AD) settlement agreement with the IRS that included the following adjustments for DHV: |
| §162 deduction disallowed (not TMT) $7,500<br>Loss disallowed under §465 (TMT) 5,000<br>§170 deduction disallowed because of a valuation overstatement (TMT) 10,000<br>Loss disallowed with respect to a straddle as defined in §1092(c) (TMT) 7,000<br>Other adjustments (no TMTs) 4,000 | Schedule F - Farming Expenses $1,423,734<br>Other Deductions $38,822<br>[PE:61]<br><br>The IRS computed their aggregate share of those adjustments was $13,406<br>[PE:63] |
| The tax motivated underpayment is determined in the following manner:<br>1. $70,000 reported taxable income<br>+33,500 (add all adjustments to items of income, gain, loss, deduction, or credit (including TMTs subject to §6621(d)))<br>$103,500 **tax = $39,685 ("total tax liability")**<br><br>2. $ 70,000 reported taxable income<br>+ 11,500 (add adjustments to items of income, gain, loss, deduction, or credit other than TMTs)<br>$ 81,500 **tax = $28,691 ("tax liability without regard to TMTs")** | Their tax motivated underpayment should be determined in the following manner:<br>1. $ 2,827 taxable income as reported<br>+13,406 (all adjustments to partnership items based on all grounds for adjustment)<br>$ 16,233 **tax = $6,846 ("total tax liability")**<br><br>2. $ 2,827 taxable income as reported<br>+ 13,406 (adjustments to partnership items based on grounds other than TMT grounds for adjustment)<br>$16,233 **tax =$6,846 ("tax liability without regard to TMTs")** |
| The tax motivated underpayment (i.e., the underpayment attributable to TMTs) is $10,994 ($39,685 - $28,691). Accordingly, the interest on $10,994 would be computed at the 120 percent rate.<br><br>The remainder of the underpayment (*i.e.*, the underpayment not attributable to TMTs) is $5.520 ($28,691 (tax liability without regard to TMTs) - $23,171 (tax paid with return)). The interest on $5,520 would be computed at the adjusted rate. | The tax motivated underpayment (i.e., the underpayment attributable to TMTs) is $-0- ($6,846 - $6,846). Accordingly, there is no difference upon which interest would be computed at the 120 percent rate.<br><br>The remainder of the underpayment (*i.e.*, the underpayment not attributable to TMTs) is $2,174 ($6,846 (tax liability without regard to TMTs) - $4,672 (tax paid as previously adjusted)). The interest on $2,174 would be computed at the adjusted rate. |

Plaintiffs' Exhibit 69

**No. 03-2028 T**
Consolidated with 04-907 T
(Judge Francis M. Allegra)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

KENNETH C. KEENER,

PLAINTIFF

VS.

UNITED STATES OF AMERICA,

DEFENDANT

**Declaration of Teresa J. Womack**

I, Teresa J. Womack, pursuant to 39 U.S.C. § 1746, declare that :

1. I am a trial attorney with Redding & Associates, P.C., and have been assigned to handle the above-styled case on behalf of Kenneth Keener, William P. Smith, Jr., and Anne Smith.

2. All the documents in Appendix B hereto come directly from the Redding & Associates, P.C., client litigation files, and are true and correct copies of documents obtained from Keener, the Smiths, their partnerships, and/or the Department of Justice and the Internal Revenue Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2006.

Teresa J. Womack