480 LN

UNITED STATES TAX COURT

UNITED STATES TAX COURT FILED MAR 6 2000

00 MAR -8 AM 8:36

| | | |
|---|---|---|
| AGRI VENTURE II, FREDERICK H. BEHRENS, TAX MATTERS PARTNER, | § | |
| Petitioner, | § | |
| v. | § | Docket No. 15048-91 |
| | § | Judge Halpern |
| COMMISSIONER OF INTERNAL REVENUE, | § | |
| Respondent. | § | |

# Motion for Leave to Treat the Request for Consistent Settlement on behalf of Frances P. Hickam Godley as a Timely Request for Consistent Settlement Under I.R.C. §6224(c)(2)

THE RESPONDENT MOVES, pursuant to Rules 25(c) and 50 of the Tax Court's Rules of Practice and Procedure, for leave to accept the request for consistent settlement that was submitted on behalf of Frances P. Hickam Godley, as timely under the Court's Order of November 24, 1998.

IN SUPPORT THEREOF, the respondent respectfully shows unto the Court the following:

1. On June 12, 1997, respondent entered into a settlement agreement with Stephen S. and Nadine Berman, with respect to the partnership items of Agri Venture II partnership that are in dispute in this proceeding.

2. Under I.R.C. §6224(c) (2). and the regulations promulgated thereunder, the other partners in Agri Venture II may, within a limited period of time, request á consistent settlement agreement on the same terms.

3. On July 31, 1998, the respondent advised the Court that the notice requirements of T.C. Rule 248(c) had not been fully satisfied in that the notices of settlement sent to the tax matters partner did

U. S. TAX COURT GRANTED MAR. 8 2000 (Signed) James S. Halpern JUDGE

PLAINTIFFS' EXHIBIT 37



Atlrm1209.am1.wpd

not provide all the information required under the Court's Rule and respondent moved for entry of an order releasing respondent *nunc pro tunc*, from complying with the obligation to give proper notice of prior settlement agreements.

4. By Order dated November 24, 1998, respondent was directed to give proper notice of the settlement to the tax matters partner by November 30, 1998, setting forth all of the information required by Tax Court Rule 248(c)(2) as to settlements entered into prior to the date of the order; the tax matters partner was directed to send the notice to all remaining partners within ten days; and any agreement entered into as a result of a request for consistent settlement terms mailed to respondent on or before February 11, 1999, shall constitute a "consistent settlement" as that term is used in and for purposes of T.C. Rule 248(c) and I.R.C. §6224(c).

5. On November 30, 1998, respondent provided the tax matters partner of the Agri Venture II partnership with proper notice of the settlement setting forth all of the information required by Tax Court Rule 248(c) (2). **A copy of the notice, with enclosures. is attached as Exhibit 1-R.**

6. In January 1999, respondent, of his own initiative, mailed a letter to all of the individual partners in the Agri Venture II partnership to advise them that all requests for consistent settlement must be submitted to respondent in writing by February 11, 1999. **A copy of the letter sent to the partners is attached as Exhibit 2-R.**

7. Thomas E. Redding, counsel for Frances P. Hickam Godley, has subsequently spoken with respondent's counsel and requested consistent settlement treatment for Frances P. Hickam Godley with respect to this matter.

8. By written explanation dated January 20, 2000, Mr. Redding explained the circumstances which caused Frances P. Hickam Godley to miss the request for consistent settlement deadline of February 11, 1999. A copy of Mr. Redding's statement is attached hereto and marked as Exhibit 3-R.

9. Mr. Redding has agreed settlement agreement Forms 870-P(AD) pertaining to the partnership items of Agri Venture II, shall be promptly executed and returned to respondent upon disposition of this motion.

10. Under the terms of the Court's order, respondent is not required to honor an untimely request for consistent settlement.

11. Respondent is prepared to honor the request for consistent settlement on behalf of Frances P. Hickam Godley as a timely request and is prepared to counter sign the consistent settlement agreement based upon the representations set forth in Mr. Redding's statement of January 20, 2000, letter, as to why they did not meet the time period prescribed by the Court's order so as to permit them to make a written request for consistent settlement on or before February 11, 1999.

12. Respondent seeks leave of the Court to honor the request for consistent settlement submitted on behalf of Frances P. Hickam Godley, as a timely request for consistent settlement under the terms of the Court's order, in order to avoid any characterization of this consistent settlement agreement as a new or independent settlement agreement under the provisions of I.R.C. § 6224(c)(1).

13. Leave of the Court to honor this request as a timely request for consistent settlement under T.C. Rule 248(c) and I.R.C. §6224(c) is sought in order to preserve the finality of the consistent settlement period, as prescribed by the Court's Order of November 24, 1999.

14. In this case the period in which partners may request consistent settlement agreements pursuant to I.R.C. §6224(c)(2)is not fixed by statute, and was prescribed solely by the Court's Order of November 24, 1998.

15. It is within the Court's discretion to grant leave to respondent to treat the request for consistent settlement on behalf Frances P. Hickam Godley as timely.

WHEREFORE it is prayed that this motion be granted.

Respectfully submitted,

/s/

Alice M. Harbutte, Special Trial Attorney
Tax Court No. HA0363
Office of the District Counsel
Internal Revenue Service
1244 Speer Boulevard, Ste 500
Denver, CO 80204

Date: 2-28-2000

OFFICE OF CHIEF COUNSEL
INTERNAL REVENUE SERVICE
DISTRICT COUNSEL
Southern California District
24000 Avila Road, Suite 4404
Laguna Niguel, California 92607-0215
(949) 425-4911

15 JAN 1999

In re: Agri-Venture II v. Commissioner
Docket No. 15048-91
Taxable Years: 1984 and 1985

Dear Investor:

Because you were a partner in the Agri-Venture II Partnership during at least one of the tax years involved in this case, the resolution of the above-referenced Tax Court case will affect your income tax liabilities for that year in several ways. I have been assigned to act as the lead counsel for the Commissioner of Internal Revenue in this case. This letter will explain the status of the following matters:

- the current status of the docketed partnership case;
- the issues before the Court in the above-referenced proceeding;
- the potential impact of this case on your tax liabilities; and
- the intent of the Internal Revenue Service to seek additional penalties should the determination of the Commissioner be affirmed by the Tax Court with respect to the partnership level adjustments.

As of December 10, 1998, there is no counsel for the partnerships or party who appears prepared or willing to see this project through trial. If you are a party and have recently obtained counsel in this matter, please forward this letter for their consideration and have them contact this office by mail.

CURRENT STATUS OF THE DOCKETED PARTNERSHIP CASE

On December 10, 1998, the attorneys from the firm of Arnold and Porter were granted their motion to withdraw from this case by the United States Tax Court, and that firm has withdrawn from the case. To our knowledge, there are currently no partners who are prepared or willing to prosecute this case. Accordingly, it is our present belief that you are still a party in this proceeding and either are not represented by counsel or are represented by counsel that is unprepared or unwilling to litigate this case.

This office intends to file a motion with the United States Tax Court requesting that this case be calendared for trial or other appropriate disposition as soon as possible. As you know, this case has been pending before the Tax Court for a number of years. It is our goal to conclude these proceedings during 1999.

In the interim, you have available to you until February 11, 1999, the right to request a consistent settlement. This opportunity to submit a written request for settlement was extended to February 11, 1999, by the Court's order of November 24, 1998, a copy of which you should have received in the mail. The extension does not involve a new settlement offer, rather, it merely lengthens the time period for requesting settlement consistent with one previously offered. By entering into a consistent agreement, you would avoid further litigation and penalties in regard to this tax year. The February deadline will not be extended.

ISSUES BEFORE THE COURT IN THE CURRENT PROCEEDING

If this case goes to trial, the trial before the Tax Court will result in a determination of only the "partnership items" that were reported on the U.S. Partnership Return, Form 1065, by the partnership for the years before the Court. The term "partnership item" is defined at section 6231(a)(3) of the Internal Revenue Code and at section 301.6231(a)(3)-1 of the Treasury Regulations. Specifically, the Tax Court will determine the deductibility of certain farming expenses that were reported by the partnership on its returns and will determine the resulting amount of partnership income or loss that was allocated to the individual partners such as yourself.



DOCKET NO. 15048-91

EXH. 2-R

POTENTIAL TAX LIABILITY

If the Tax Court upholds the Commissioner's determination that the partnership losses are not allowed, the partnership level determination will automatically flow through to the partners and the losses claimed by any non-settling partner with respect to this partnership will be disallowed in full. Consequently, the Commissioner will summarily assess any deficiency in income tax and interest due, including interest assessed on tax motivated transactions under section 6621 of the Internal Revenue Code from any non-settling partner.

IRS INTENT TO SEEK ADDITIONAL PENALTIES

If the Tax Court upholds the Commissioner's determination with respect to the partnership losses, the Commissioner will seek to assess any additions to tax that are due using the separate deficiency procedures of section 6212 of the Internal Revenue Code. Accordingly, at the conclusion of the partnership proceeding and following the automatic assessment of tax and interest, the Commissioner will issue a Notice of Deficiency to you and all other partners who have not previously settled their partnership tax liability, asserting additions to the partner level income tax. These additions to the tax are "penalties" that may be determined under sections 6653(a)(1) and 6653(a)(2) of the Internal Revenue Code and where appropriate, under section 6661. You will have the opportunity to individually contest your liability for these additions to the tax by filing a petition with the Tax Court within 90 days of the mailing of the Notice of Deficiency.

Your liability for additions to the tax may be as great or greater than the amount of the tax due. For example, if it is determined that you have understated your income tax for the year 1984 by the amount of $5,001, your liability for additions to tax under the Internal Revenue Code would be as follows:

1. Section 6653(a)(1): *Negligence or Intentional Disregard of Rules and Regulations Provision*
   Addition to tax: 5% of $5,001 or $250.

2. Section 6653(a)(2): *Negligence or Intentional Disregard of Rules and Regulations Provision*
   Addition to tax: 50% of the interest due on the $5,001 tax until the earlier of assessment or payment. Through December 31, 1998, the addition to tax owing under section 6653(a)(2) would be approximately $9,252.56. This figure is computed from the date the original return was due through December 31, 1998. This example assumes the amount of additional tax as determined by the partnership level proceeding is $5,001 and it was due on April 15, 1985, the due date of the return, and that no payment was made. Following this example, the amount of interest that has accrued through December 31, 1998, is approximately $18,505.12. This interest amount reflects the higher rate of interest directly assessed on tax motivated The figure would continue to grow until the tax is paid.

3. Section 6661: *Substantial Understatement of Liability Provision*
   Addition to tax: 25% of $5,001 or $1,250.

The foregoing only illustrates the relative magnitude of the additions to tax that may be owing based upon a $5,001 underpayment of tax. The actual liability is a function of the amount by which your income tax was understated. A request for consistent settlement terms received by February 11, 1999, may result in the concession of the above penalties by the Government (aside from the increased rate of interest under section 6621 of the Internal Revenue Code).

If you have any questions concerning this matter or the settlement, you may write to me at the address on this letterhead or call the AMCOR message center at (949) 425-4911 and leave a message. Responses to your inquiries will be provided as expeditiously as possible. Again, if you are represented by counsel in this matter, please forward this letter to their attention. To facilitate our prompt response to written inquiries made on your behalf, please direct your counsel to provide us with an executed copy of a power of attorney or a filed copy of an entry of appearance.

Sincerely,

William H. Quealy

WILLIAM H. QUEALY, Jr.
Special Trial Attorney

Badge No. 9-972362

480 LN

UNITED STATES TAX COURT
FILED
MAR 6 2000

UNITED STATES TAX COURT

| | | |
|---|---|---|
| AGRI-VENTURE FUND, FREDERICK H. BEHRENS, TAX MATTERS PARTNER, | § | |
| Petitioner, | § | |
| v. | § | Docket No. 15034-91 |
| | § | Judge Halpern |
| COMMISSIONER OF INTERNAL REVENUE, | § | |
| Respondent. | § | |

# MOTION FOR LEAVE TO TREAT THE REQUEST FOR CONSISTENT SETTLEMENT ON BEHALF OF BEN LOUVIERE AND MARSHA S LOUVIERE AS A TIMELY REQUEST FOR CONSISTENT SETTLEMENT UNDER I.R.C. §6224(C)(2)

THE RESPONDENT MOVES, pursuant to Rules 25(c) and 50 of the Tax Court's Rules of Practice and Procedure, for leave to accept the request for consistent settlement that was submitted on behalf of Ben Louviere and Marsha S Louviere, as timely under the Court's Order of November 24, 1998.

IN SUPPORT THEREOF, the respondent respectfully shows unto the Court the following:

1. On July 17, 1997, respondent entered into a settlement agreement with Wilfred J. Blease, with respect to the partnership items of Agri-Venture Fund partnership that are in dispute in this proceeding.

2. Under I.R.C. §6224(c) (2). and the regulations promulgated thereunder, the other partners in Agri-Venture Fund may, within a limited period of time, request a consistent settlement agreement on the same terms.

3. On July 31, 1998, the respondent advised the Court that the notice requirements of T.C. Rule

U.S. TAX COURT
GRANTED
MAR 8 2000
(Signed) James S. Halpern
Judge

PLAINTIFFS' EXHIBIT 38

248(c) had not been fully satisfied in that the notices of settlement sent to the tax matters partner did not provide all the information required under the Court's Rule and respondent moved for entry of an order releasing respondent *nunc pro tunc*, from complying with the obligation to give proper notice of prior settlement agreements.

4. By Order dated November 24, 1998, respondent was directed to give proper notice of the settlement to the tax matters partner by November 30, 1998, setting forth all of the information required by Tax Court Rule 248(c)(2) as to settlements entered into prior to the date of the order; the tax matters partner was directed to send the notice to all remaining partners within ten days; and any agreement entered into as a result of a request for consistent settlement terms mailed to respondent on or before February 11, 1999, shall constitute a "consistent settlement" as that term is used in and for purposes of T.C. Rule 248(c) and I.R.C. §6224(c).

5. On November 30, 1998, respondent provided the tax matters partner of the Agri-Venture Fund partnership with proper notice of the settlement setting forth all of the information required by Tax Court Rule 248(c) (2). **A copy of the notice, with enclosures. is attached as Exhibit l-R.**

6. In January 1999, respondent, of his own initiative, mailed a letter to all of the individual partners in the Agri-Venture Fund partnership to advise them that all requests for consistent settlement must be submitted to respondent in writing by February 11, 1999. **A copy of the letter sent to the partners is attached as Exhibit 2-R.**

7. Thomas E. Redding, counsel for Ben Louviere and Marsha S Louviere, has subsequently spoken with respondent's counsel and requested consistent settlement treatment for Ben Louviere and Marsha S Louviere with respect to this matter.

8. By written explanation dated January 20, 2000, Mr. Redding explained the circumstances which caused Ben Louviere and Marsha S Louviere to miss the request for consistent settlement

deadline of February 11, 1999. A copy of Mr. Redding's statement is attached hereto and marked as Exhibit 3-R.

9. Mr. Redding has agreed settlement agreement Forms 870-P(AD) pertaining to the partnership items of Agri-Venture Fund, shall be promptly executed and returned to respondent upon disposition of this motion.

10. Under the terms of the Court's order, respondent is not required to honor an untimely request for consistent settlement.

11. Respondent is prepared to honor the request for consistent settlement on behalf of Ben Louviere and Marsha S Louviere as a timely request and is prepared to counter sign the consistent settlement agreement based upon the representations set forth in Mr. Redding's statement of January 20, 2000, letter, as to why they did not meet the time period prescribed by the Court's order so as to permit them to make a written request for consistent settlement on or before February 11, 1999.

12. Respondent seeks leave of the Court to honor the request for consistent settlement submitted on behalf of Ben Louviere and Marsha S Louviere, as a timely request for consistent settlement under the terms of the Court's order, in order to avoid any characterization of this consistent settlement agreement as a new or independent settlement agreement under the provisions of I.R.C. § 6224(c)(1).

13. Leave of the Court to honor this request as a timely request for consistent settlement under T.C. Rule 248(c) and I.R.C. §6224(c) is sought in order to preserve the finality of the consistent settlement period, as prescribed by the Court's Order of November 24, 1999.

14. In this case the period in which partners may request consistent settlement agreements pursuant to I.R.C. §6224(c)(2)is not fixed by statute, and was prescribed solely by the Court's Order of November 24, 1998.

15. It is within the Court's discretion to grant leave to respondent to treat the request for consistent settlement on behalf Ben Louviere and Marsha S Louviere as timely.

WHEREFORE it is prayed that this motion be granted.

Respectfully submitted,

/s/

Alice M. Harbutte, Special Trial Attorney
Tax Court No. HA0363
Office of the District Counsel
Internal Revenue Service
1244 Speer Boulevard, Ste 500
Denver, CO 80204

Date: 2-28-2000

OFFICE OF CHIEF COUNSEL
INTERNAL REVENUE SERVICE
DISTRICT COUNSEL
Southern California District
24000 Avila Road, Suite 4404
Laguna Niguel, California 92607-0215
(949) 425-4911

15 JAN 1999

In re: Agri-Venture Fund v. Commissioner
Docket No. 15034-91
Taxable Year 1985

Dear Investor:

Because you were a partner in Agri-Venture Fund Partnership during tax year 1985, the resolution of the above-referenced Tax Court case will affect your income tax liabilities for that year in several ways. I have been assigned to act as the lead counsel for the Commissioner of Internal Revenue in this case. This letter will explain the status of the following matters:

- the current status of the docketed partnership case;
- the issues before the Court in the above-referenced proceeding;
- the potential impact of this case on your tax liabilities; and
- the intent of the Internal Revenue Service to seek additional penalties should the determination of the Commissioner be affirmed by the Tax Court with respect to the partnership level adjustments.

As of December 10, 1998, there is no counsel for the partnerships or party who appears prepared or willing to see this project through trial. If you are a party and have recently obtained counsel in this matter, please forward this letter for their consideration and have them contact this office by mail.

CURRENT STATUS OF THE DOCKETED PARTNERSHIP CASE

On December 10, 1998, the attorneys from the firm of Arnold and Porter were granted their motion to withdraw from this case by the United States Tax Court, and that firm has withdrawn from the case. To our knowledge, there are currently no partners who are prepared or willing to prosecute this case. Accordingly, it is our present belief that you are still a party in this proceeding and either are not represented by counsel or are represented by counsel that is unprepared or unwilling to litigate this case.

This office intends to file a motion with the United States Tax Court requesting that this case be calendared for trial or other appropriate disposition as soon as possible. As you know, this case has been pending before the Tax Court for a number of years. It is our goal to conclude these proceedings during 1999.

In the interim, you have available to you until February 11, 1999, the right to request a consistent settlement. This opportunity to submit a written request for settlement was extended to February 11, 1999, by the Court's order of November 24, 1998, a copy of which you should have received in the mail. The extension does not involve a new settlement offer, rather, it merely lengthens the time period for requesting settlement consistent with one previously offered. By entering into a consistent agreement, you would avoid further litigation and penalties in regard to this tax year. The February deadline will not be extended.

ISSUES BEFORE THE COURT IN THE CURRENT PROCEEDING

If this case goes to trial, the trial before the Tax Court will result in a determination of only the "partnership items" that were reported on the U.S. Partnership Return, Form 1065, by the partnership for the years before the Court. The term "partnership item" is defined at section 6231(a)(3) of the Internal Revenue Code and at section 301.6231(a)(3)-1 of the Treasury Regulations. Specifically, the Tax Court will determine the deductibility of certain farming expenses that were reported by the partnership on its returns and will determine the resulting amount of partnership income or loss that was allocated to the individual partners such as yourself.



DOCKET NO. 15034-91

EXH. 2-R

POTENTIAL TAX LIABILITY

If the Tax Court upholds the Commissioner's determination that the partnership losses are not allowed, the partnership level determination will automatically flow through to the partners and the losses claimed by any non-settling partner with respect to this partnership will be disallowed in full. Consequently, the Commissioner will summarily assess any deficiency in income tax and interest due, including interest assessed on tax motivated transactions under section 6621 of the Internal Revenue Code from any non-settling partner.

IRS INTENT TO SEEK ADDITIONAL PENALTIES

If the Tax Court upholds the Commissioner's determination with respect to the partnership losses, the Commissioner will seek to assess any additions to tax that are due using the separate deficiency procedures of section 6212 of the Internal Revenue Code. Accordingly, at the conclusion of the partnership proceeding and following the automatic assessment of tax and interest, the Commissioner will issue a Notice of Deficiency to you and all other partners who have not previously settled their partnership tax liability, asserting additions to the partner level income tax. These additions to the tax are "penalties" that may be determined under sections 6653(a)(1) and 6653(a)(2) of the Internal Revenue Code and where appropriate, under section 6661. You will have the opportunity to individually contest your liability for these additions to the tax by filing a petition with the Tax Court within 90 days of the mailing of the Notice of Deficiency.

Your liability for additions to the tax may be as great or greater than the amount of the tax due. For example, if it is determined that you have understated your income tax for the year 1984 by the amount of $5,001, your liability for additions to tax under the Internal Revenue Code would be as follows:

1. Section 6653(a)(1): *Negligence or Intentional Disregard of Rules and Regulations Provision*
   Addition to tax: 5% of $5,001 or $250.

2. Section 6653(a)(2): *Negligence or Intentional Disregard of Rules and Regulations Provision*
   Addition to tax: 50% of the interest due on the $5,001 tax until the earlier of assessment or payment. Through December 31, 1998, the addition to tax owing under section 6653(a)(2) would be approximately $9,252.56. This figure is computed from the date the original return was due through December 31, 1998. This example assumes the amount of additional tax as determined by the partnership level proceeding is $5,001 and it was due on April 15, 1985, the due date of the return, and that no payment was made. Following this example, the amount of interest that has accrued through December 31, 1998, is approximately $18,505.12. This interest amount reflects the higher rate of interest directly assessed on tax motivated The figure would continue to grow until the tax is paid.

3. Section 6661: *Substantial Understatement of Liability Provision*
   Addition to tax: 25% of $5,001 or $1,250.

The foregoing only illustrates the relative magnitude of the additions to tax that may be owing based upon a $5,001 underpayment of tax. The actual liability is a function of the amount by which your income tax was understated. A request for consistent settlement terms received by February 11, 1999, may result in the concession of the above penalties by the Government (aside from the increased rate of interest under section 6621 of the Internal Revenue Code).

If you have any questions concerning this matter or the settlement, you may write to me at the address on this letterhead or call the AMCOR message center at (949) 425-4911 and leave a message. Responses to your inquiries will be provided as expeditiously as possible. Again, if you are represented by counsel in this matter, please forward this letter to their attention. To facilitate our prompt response to written inquiries made on your behalf, please direct your counsel to provide us with an executed copy of a power of attorney or a filed copy of an entry of appearance.

Sincerely,

William H. Quealy

WILLIAM H. QUEALY, Jr.
Special Trial Attorney

Badge No. 9-972362

480 LN

UNITED STATES TAX COURT

UNITED STATES TAX COURT
FILED
MAR - 6 2000

| | | |
|---|---|---|
| DESERT HIGHLAND VINEYARDS, FREDERICK H. BEHRENS, TAX MATTERS PARTNER, | § | |
| Petitioner, | § | |
| v. | § | Docket No. 15056-91 |
| | § | Judge Halpern |
| COMMISSIONER OF INTERNAL REVENUE, | § | |
| Respondent. | § | |

## MOTION FOR LEAVE TO TREAT THE REQUEST FOR CONSISTENT SETTLEMENT ON BEHALF OF ROBERT L. BRADY AND MARTHA F. BRADY AS A TIMELY REQUEST FOR CONSISTENT SETTLEMENT UNDER I.R.C. §6224(C)(2)

THE RESPONDENT MOVES, pursuant to Rules 25(c) and 50 of the Tax Court's Rules of Practice and Procedure, for leave to accept the request for consistent settlement that was submitted on behalf of Robert L. Brady and Martha F. Brady, as timely under the Court's Order of November 24, 1998.

IN SUPPORT THEREOF, the respondent respectfully shows unto the Court the following:

1. On July 17, 1997, respondent entered into a settlement agreement with Russell E. and Lois E. Hughes, with respect to the partnership items of Desert Highland Vineyards partnership that are in dispute in this proceeding.

2. Under I.R.C. §6224(c) (2). and the regulations promulgated thereunder, the other partners in Desert Highland Vineyards may, within a limited period of time, request a consistent settlement agreement on the same terms.

3. On July 31, 1998, the respondent advised the Court that the notice requirements of T.C. Rule

PLAINTIFFS' EXHIBIT 39

U.S. TAX COURT
GRANTED
MAR - 8 2000
(Signed) James S. Halpern



A:\tlrm1209.aml.wpd

248(c) had not been fully satisfied in that the notices of settlement sent to the tax matters partner did not provide all the information required under the Court's Rule and respondent moved for entry of an order releasing respondent *nunc pro tunc*, from complying with the obligation to give proper notice of prior settlement agreements.

4. By Order dated November 24, 1998, respondent was directed to give proper notice of the settlement to the tax matters partner by November 30, 1998, setting forth all of the information required by Tax Court Rule 248(c)(2) as to settlements entered into prior to the date of the order; the tax matters partner was directed to send the notice to all remaining partners within ten days; and any agreement entered into as a result of a request for consistent settlement terms mailed to respondent on or before February 11, 1999, shall constitute a "consistent settlement" as that term is used in and for purposes of T.C. Rule 248(c) and I.R.C. §6224(c).

5. On November 30, 1998, respondent provided the tax matters partner of the Desert Highland Vineyards partnership with proper notice of the settlement setting forth all of the information required by Tax Court Rule 248(c) (2). **A copy of the notice, with enclosures. is attached as Exhibit l-R.**

6. In January 1999, respondent, of his own initiative, mailed a letter to all of the individual partners in the Desert Highland Vineyards partnership to advise them that all requests for consistent settlement must be submitted to respondent in writing by February 11, 1999. **A copy of the letter sent to the partners is attached as Exhibit 2-R.**

7. Thomas E. Redding, counsel for Robert L. Brady and Martha F. Brady, has subsequently spoken with respondent's counsel and requested consistent settlement treatment for Robert L. Brady and Martha F. Brady with respect to this matter.

8. By written explanation dated January 20, 2000, Mr. Redding explained the circumstances

which caused Robert L. Brady and Martha F. Brady to miss the request for consistent settlement deadline of February 11, 1999. A copy of Mr. Redding's statement is attached hereto and marked as Exhibit 3-R.

9. Mr. Redding has agreed settlement agreement Forms 870-P(AD) pertaining to the partnership items of Desert Highland Vineyards, shall be promptly executed and returned to respondent upon disposition of this motion.

10. Under the terms of the Court's order, respondent is not required to honor an untimely request for consistent settlement.

11. Respondent is prepared to honor the request for consistent settlement on behalf of Robert L. Brady and Martha F. Brady as a timely request and is prepared to counter sign the consistent settlement agreement based upon the representations set forth in Mr. Redding's statement of January 20, 2000, letter, as to why they did not meet the time period prescribed by the Court's order so as to permit them to make a written request for consistent settlement on or before February 11, 1999.

12. Respondent seeks leave of the Court to honor the request for consistent settlement submitted on behalf of Robert L. Brady and Martha F. Brady, as a timely request for consistent settlement under the terms of the Court's order, in order to avoid any characterization of this consistent settlement agreement as a new or independent settlement agreement under the provisions of I.R.C. § 6224(c)(1).

13. Leave of the Court to honor this request as a timely request for consistent settlement under T.C. Rule 248(c) and I.R.C. §6224(c) is sought in order to preserve the finality of the consistent settlement period, as prescribed by the Court's Order of November 24, 1999.

14. In this case the period in which partners may request consistent settlement agreements pursuant to I.R.C. §6224(c)(2)is not fixed by statute, and was prescribed solely by the Court's Order

of November 24, 1998.

15. It is within the Court's discretion to grant leave to respondent to treat the request for consistent settlement on behalf Robert L. Brady and Martha F. Brady as timely.

WHEREFORE it is prayed that this motion be granted.

Respectfully submitted,

/s/

Alice M. Harbutte, Special Trial Attorney
Tax Court No. HA0363
Office of the District Counsel
Internal Revenue Service
1244 Speer Boulevard, Ste 500
Denver, CO 80204

Date: 2/28/2000

OFFICE OF CHIEF COUNSEL
INTERNAL REVENUE SERVICE
DISTRICT COUNSEL
Southern California District
24000 Avila Road, Suite 4404
Laguna Niguel, California 92607-0215
(949) 425-4911

JAN 15 1999

In re: Desert Highland Vineyards v. Commissioner
Docket No. 15056-91; Taxable year 1985

Dear Investor:

Because you were a partner in Desert Highland Vineyards Partnership during tax year 1985, the resolution of the above-referenced Tax Court case will affect your income tax liabilities for that year in several ways. I have been assigned to act as the lead counsel for the Commissioner of Internal Revenue in this case. This letter will explain the status of the following matters:

- the current status of the docketed partnership case;
- the issues before the Court in the above-referenced proceeding;
- the potential impact of this case on your tax liabilities; and
- the intent of the Internal Revenue Service to seek additional penalties should the determination of the Commissioner be affirmed by the Tax Court with respect to the partnership level adjustments.

As of December 10, 1998, there is no counsel for the partnerships or party who appears prepared or willing to see this project through trial. If you are a party and have recently obtained counsel in this matter, please forward this letter for their consideration and have them contact this office by mail.

CURRENT STATUS OF THE DOCKETED PARTNERSHIP CASE

On December 10, 1998, the attorneys from the firm of Arnold and Porter were granted their motion to withdraw from this case by the United States Tax Court, and that firm has withdrawn from the case. To our knowledge, there are currently no partners who are prepared or willing to prosecute this case. Accordingly, it is our present belief that you are still a party in this proceeding and either are not represented by counsel or are represented by counsel that is unprepared or unwilling to litigate this case.

This office intends to file a motion with the United States Tax Court requesting that this case be calendared for trial or other appropriate disposition as soon as possible. As you know, this case has been pending before the Tax Court for a number of years. It is our goal to conclude these proceedings during 1999.

In the interim, you have available to you until February 11, 1999, the right to request a consistent settlement. This opportunity to submit a written request for settlement was extended to February 11, 1999, by the Court's order of November 24, 1998, a copy of which you should have received in the mail. The extension does not involve a new settlement offer, rather, it merely lengthens the time period for requesting settlement consistent with one previously offered. By entering into a consistent agreement, you would avoid further litigation and penalties in regard to this tax year. The February deadline will not be extended.

ISSUES BEFORE THE COURT IN THE CURRENT PROCEEDING

If this case goes to trial, the trial before the Tax Court will result in a determination of only the "partnership items" that were reported on the U.S. Partnership Return, Form 1065, by the partnership for the years before the Court. The term "partnership item" is defined at section 6231(a)(3) of the Internal Revenue Code and at section 301.6231(a)(3)-1 of the Treasury Regulations. Specifically, the Tax Court will determine the deductibility of certain farming expenses that were reported by the partnership on its returns and will determine the resulting amount of partnership income or loss that was allocated to the individual partners such as yourself.



DOCKET NO. 15056-91

EXH. J-R

POTENTIAL TAX LIABILITY

If the Tax Court upholds the Commissioner's determination that the partnership losses are not allowed, the partnership level determination will automatically flow through to the partners and the losses claimed by any non-settling partner with respect to this partnership will be disallowed in full. Consequently, the Commissioner will summarily assess any deficiency in income tax and interest due, including interest assessed on tax motivated transactions under section 6621 of the Internal Revenue Code from any non-settling partner.

IRS INTENT TO SEEK ADDITIONAL PENALTIES

If the Tax Court upholds the Commissioner's determination with respect to the partnership losses, the Commissioner will seek to assess any additions to tax that are due using the separate deficiency procedures of section 6212 of the Internal Revenue Code. Accordingly, at the conclusion of the partnership proceeding and following the automatic assessment of tax and interest, the Commissioner will issue a Notice of Deficiency to you and all other partners who have not previously settled their partnership tax liability, asserting additions to the partner level income tax. These additions to the tax are "penalties" that may be determined under sections 6653(a)(1) and 6653(a)(2) of the Internal Revenue Code and where appropriate, under section 6661. You will have the opportunity to individually contest your liability for these additions to the tax by filing a petition with the Tax Court within 90 days of the mailing of the Notice of Deficiency.

Your liability for additions to the tax may be as great or greater than the amount of the tax due. For example, if it is determined that you have understated your income tax for the year 1984 by the amount of $5,001, your liability for additions to tax under the Internal Revenue Code would be as follows:

1. Section 6653(a)(1): *Negligence or Intentional Disregard of Rules and Regulations Provision*
   Addition to tax: 5% of $5,001 or $250.

2. Section 6653(a)(2): *Negligence or Intentional Disregard of Rules and Regulations Provision*
   Addition to tax: 50% of the interest due on the $5,001 tax until the earlier of assessment or payment. Through December 31, 1998, the addition to tax owing under section 6653(a)(2) would be approximately $9,252.56. This figure is computed from the date the original return was due through December 31, 1998. This example assumes the amount of additional tax as determined by the partnership level proceeding is $5,001 and it was due on April 15, 1985, the due date of the return, and that no payment was made. Following this example, the amount of interest that has accrued through December 31, 1998, is approximately $18,505.12. This interest amount reflects the higher rate of interest directly assessed on tax motivated The figure would continue to grow until the tax is paid.

3. Section 6661: *Substantial Understatement of Liability Provision*
   Addition to tax: 25% of $5,001 or $1,250.

The foregoing only illustrates the relative magnitude of the additions to tax that may be owing based upon a $5,001 underpayment of tax. The actual liability is a function of the amount by which your income tax was understated. A request for consistent settlement terms received by February 11, 1999, may result in the concession of the above penalties by the Government (aside from the increased rate of interest under section 6621 of the Internal Revenue Code).

If you have any questions concerning this matter or the settlement, you may write to me at the address on this letterhead or call the AMCOR message center at (949) 425-4911 and leave a message. Responses to your inquiries will be provided as expeditiously as possible. Again, if you are represented by counsel in this matter, please forward this letter to their attention. To facilitate our prompt response to written inquiries made on your behalf, please direct your counsel to provide us with an executed copy of a power of attorney or a filed copy of an entry of appearance.

Sincerely,

William H. Quealy

WILLIAM H. QUEALY, Jr.
Special Trial Attorney

Badge No. 9-972362