respect to Agri-Cal Farming Joint Venture shall be disallowed to the extent of 72%.

(iv) Any change pursuant to paragraph 3(d)(iii) in a 1986 Partnership's distributive share of loss from a Pass-Through Partnership shall be netted with the amount produced by operation of subparagraph (c) of this paragraph 3.

(e) The net amount produced by operation of subparagraphs (a) - (d) of this paragraph 3 shall be multiplied by the highest individual marginal tax rate for the calendar year 1986. The resulting amount ("Tentative Deficiency") shall be brought forward, with interest, from April 15, 1987 to July 31, 1995, subject to offset, on an annual basis, by the amounts set forth in subparagraphs (f) and (g) of this paragraph 3. These offsets shall be made without regard to whether a valid and timely Administrative Adjustment Request, as prescribed in section 6227, has been filed with regard to the Partnership and taxable year in question. Interest on the Tentative Deficiency shall be included, on a running balance basis, at the rates prescribed by former section 6621(c).

(f) An offset ("Second Year Offset") with respect to a 1986 Partnership's second taxable year, 1987, to be made as of April 15, 1988, shall be determined. The Second Year Offset is equal to (i) the

1987 Tentative Offset which, if less than zero, shall be considered zero; multiplied by (ii) the highest individual marginal tax rate for the calendar year 1987.

(I) The 1987 Tentative Offset is an amount equal to 72% of the following: (A) the gross sales amount attributable to farming contracts entered into in the first year of the partnership's existence ("First Year Farming,") as shown on the Partnership Return for the taxable year 1987; plus (B) the income adjustment pursuant to sections 447 and 481 that was reported on the Partnership Return for the taxable year 1987; less (C) the inventory amount at the beginning of the taxable year 1987, as reported on the Partnership Return for such taxable year; less (D) the amount of any First Year Farming purchases reported in Part III of Schedule F of the Partnership Return for the taxable year 1987; less (E) the amount of any First Year Farming deductions claimed on the Partnership Return for the taxable year 1987.

(II) The amount of the First Year Farming deductions referred to in paragraph 3(f)(I)(E) above shall, in the case of a 1987 Partnership Return that sets forth a deduction amount on its face specifically attributable to First Year Farming, be equal to the amount of such deduction. In all other cases, the amount of the First Year Farming deductions

referred to in paragraph 3(f)(I)(E) above shall, unless there is a Significant Variance, be the full amount of the farming deduction claimed on the Partnership's 1987 Partnership Return. A Significant Variance shall be deemed to exist if the difference between (A) the amount of the farming deductions reported on such return and (B) the expenses for the year 1987 shown on the applicable farming contracts for such Partnership, is equal to or greater than either of $500,000, or 40% of the deductions reported on the Partnership's 1987 Partnership Return. In the case of a Significant Variance the Parties shall, in good faith, determine the amount referred to in paragraph 3(f)(I)(E) above.

(g) An offset ("Subsequent Year Offset"), to be calculated as of April 15th of each succeeding calendar year, shall be determined with respect to each of the taxable years 1988 through 1994, inclusive, of a 1986 Partnership. The Subsequent Year Offset for each such taxable year is an amount equal to (A) 72% of the income adjustment pursuant to sections 447 and 481 that was reported on the Partnership's Return for such taxable year, (B) multiplied by the highest individual marginal tax rate for such taxable year.

(h) The amount calculated pursuant to subparagraph (e) of this paragraph 3 as of July 31, 1995 shall be discounted back, from July 31, 1995 to

April 15, 1987, at rates equal to those prescribed by former section 6221(c).

(i) The amount calculated pursuant to subparagraph (h) of this paragraph 3 shall be converted to an agreed adjustment ("Agreed Adjustment") to the Partnership's 1986 taxable year by dividing such amount by the highest individual marginal tax rate for the calendar year 1986, expressed in decimal form.

(j) Any deficiency or overpayment in income tax at the individual partner level resulting from a partnership adjustment shall be brought forward with interest, as provided by law, at the rates prescribed by former section 6221(c).

4. <u>1985 Partnerships</u>. In determining the adjustments to the partnership items of the 1985 Partnerships, the provisions of subparagraphs (a) through (j) of paragraph 3 shall apply, subject to the modifications set forth in this paragraph 4. For purposes of this paragraph 4:

(a) The term "67%" shall be substituted for "72%" each time the term "72%" appears in paragraph 3.

(b) The term "1985" shall, except in paragraph 3(d)(iii), be substituted for "1986" each time the term "1986" appears in paragraph 3.

(c) The term "1986" shall be substituted for "1987" each time the term "1987" appears in paragraph 3.

(d) The term "1987" shall be substituted for "1988" each time the term "1988" appears in paragraph 3.

5. <u>1984 Partnerships</u>. In determining the adjustments to the partnership items of the 1984 Partnerships, the provisions of subparagraphs (a) through (j) of paragraph 3 shall apply, subject to the modifications set forth in this paragraph 5. For purposes of this paragraph 5:

(a) The term "63%" shall be substituted for "72%" each time the term "72%" appears in paragraph 3.

(b) The term "1984" shall, except in paragraph 3(d)(iii), be substituted for "1986" each time the term "1986" appears in paragraph 3.

(c) The term "1985" shall be substituted for "1987" each time the term "1987" appears in paragraph 3.

(d) The term "1986" shall be substituted for "1988" each time that the term "1988" appears in paragraph 3.

(e) The following shall be substituted for the second sentence of paragraph 3(f): "The Second Year Offset is equal to (i) the 1985 Tentative Offset, multiplied by (ii) the highest individual marginal tax rate for the calendar year 1985. If the 1985 Tentative Offset is less than zero, the Second Year Offset will be a negative number which adds to, rather than offsets,

the Tentative Deficiency being brought forward pursuant to subparagraph (e) of this paragraph 3."

(f) Although there may be an amount relating to 1985 which, pursuant to paragraph (e) of this paragraph 5, constitutes an addition to the Tentative Deficiency, there shall be no adjustment to any partnership item for the taxable year 1985 of any 1984 Partnership.

6. Miscellaneous Partnerships. The following provisions shall apply in determining the adjustments to the partnership items of the Miscellaneous Partnerships:

(a) Ag-Capital Fund-1983. In determining the adjustments to the partnership items of Ag-Capital Fund-1983 (Docket Number 15045-91) for the taxable years 1984 and 1985, the provisions of subparagraphs (a) through (j) of paragraph 3 shall apply, subject to the modifications set forth in this subparagraph (a) of paragraph 6. For purposes of this subparagraph (a) of paragraph 6:

(i) The modifications to paragraph 3 set forth in subparagraphs (b), (c), (d), (e), and (f) of paragraph 5 shall apply.

(ii) The term "50%" shall be substituted for "72%" each time the term "72%" appears in paragraph 3.

(b) Houston Farm Associates-II.

(i) In determining the adjustments to the partnership items of Houston Farm Associates-II (Docket Number 15041-91) for the taxable year 1985, the provisions of paragraph 4 shall apply.

(ii) There shall be no adjustments to any partnership items for the taxable year 1986 of Houston Farm Associates-II (Docket Number 15826-90).

(c) IVA-1984. In determining the adjustments to the partnership items of the taxable year 1985 of IVA-1984 (Docket Number 15051-91), the following provisions shall apply:

(i) The ordinary income of $21,362 reported by IVA-1984 on its Partnership Return for the taxable year 1985 shall be increased by $218,345 ("IVA-1984 Deemed Distribution Amount"), which is 67% of the deemed distribution amount of $325,888 set forth in paragraph 7 of the Explanation of Adjustments attached to the FPAA mailed to IVA-1984 on April 10, 1991.

(ii) The net amount of $239,707 produced by operation of paragraph 6(c)(i) above shall be multiplied by the highest individual marginal tax rate for the calendar year 1985. The resulting amount of $119,854 ("IVA-1984 Tentative Deficiency") shall be brought forward with interest from April 15, 1986 to July 31, 1995, subject to offset, on an annual basis, by

the amounts set forth in paragraph 6(c)(iii) below. These offsets shall be made without regard to whether a valid and timely Administrative Adjustment Request, as prescribed in section 6227, has been filed with regard to the taxable year in question. Interest on the IVA-1984 Tentative Deficiency shall be included, on a running balance basis, at the rate prescribed by former section 6621(c).

(iii) An offset ("IVA-1984 Subsequent Year Offset"), to be calculated as of April 15th of each succeeding calendar year, shall be determined with respect to each of the taxable years 1986 through 1994 of IVA-1984. The IVA-1984 Subsequent Year Offset for each such taxable year is an amount equal to (A) 67% of the Tentative IVA-1984 Offset, multiplied by (B) the highest individual marginal tax rate for such taxable year.

(iv) The Tentative IVA-1984 Offset for the taxable years 1986 through 1994 is equal to the IVA-1984 Deemed Distribution Amount of $218,345 multiplied by the IVA-1984 Recapture Ratio for the taxable year in question.

(v) The IVA-1984 Recapture Ratio is determined by dividing (A) the income reported on the Partnership Return of IVA-1984 pursuant to sections 447 and 481 for the taxable year in question, by (B)

$406,808, the inventory amount at the beginning of taxable year 1985, as reported on the Partnership Return of IVA-1984 for the taxable year 1985.

(vi) The amount calculated pursuant to paragraph 6(c)(ii) above as of July 31, 1995 shall be discounted back, from July 31, 1995 to April 15, 1986, at rates equal to those prescribed by former section 6221(c).

(vii) The amount calculated pursuant to paragraph 6(c)(vi) above shall be converted to an agreed adjustment ("IVA-1984 Agreed Adjustment") to the 1985 taxable year of IVA-1984 by dividing such amount by the highest individual marginal tax rate for the calendar year 1985, expressed in decimal form.

(viii) Any deficiency or overpayment in income tax at the individual partner level resulting from a partnership adjustment shall be brought forward with interest, as provided by law, at the rates prescribed by former section 6221(c).

(d) YFC-84. In determining the adjustments to the partnership items of YFC-84 (Docket Number 15033-91) for the taxable year 1985, the following provisions shall apply:

(i) The ordinary income of ($10,046) reported by YFC-84 on its Partnership Return for the

taxable year 1985 shall be increased by $413,685 ("YFC-84 Deemed Distribution Amount"), which is 67% of the deemed distribution amount of $617,440 set forth in paragraph 7 of the Explanation of Adjustments attached to the FPAA mailed to YFC-84 on April 10, 1991.

(ii) The net ordinary income amount of $403,639 produced by operation of paragraph 6(d)(i) above shall be multiplied by the highest individual marginal tax rate for the calendar year 1985. The resulting amount of $201,819 ("YFC-84 Tentative Deficiency") shall be brought forward with interest from April 15, 1986 to July 31, 1995, subject to offset, on an annual basis, by the amounts set forth in paragraph 6(d)(iii) below. These offsets shall be made without regard to whether a valid and timely Administrative Adjustment Request, as prescribed in section 6227, has been filed with regard to the taxable year in question. Interest on the YFC-84 Tentative Deficiency shall be included, on a running balance basis, at the rates prescribed by former section 6621(c).

(iii) An offset ("YFC-84 Subsequent Year Offset"), to be calculated as of April 15th of each succeeding calendar year, shall be determined with respect to each of the taxable years 1986 through 1994 of YFC-84. The YFC-84 Subsequent Year Offset for each

such taxable year is an amount equal to (A) 67% of the Tentative YFC-84 Offset, multiplied by (B) the highest individual marginal tax rate for such taxable year.

(iv) The Tentative YFC-84 Offset for the taxable years 1986 through 1994 is equal to the YFC-84 Deemed Distribution Amount of $413,685 multiplied by the YFC-84 Recapture Ratio for the taxable year in question.

(v) The YFC-84 Recapture Ratio is determined by dividing (A) the income reported on the Partnership Return of YFC-84 pursuant to sections 447 and 481 for the taxable year in question, by (B) $771,800, the inventory amount at the beginning of taxable year 1985, as reported on the Partnership Return of YFC-84 for the taxable year 1985.

(vi) The amount calculated pursuant to paragraph 6(d)(ii) above as of July 31, 1995 shall be discounted back, from July 31, 1995 to April 15, 1986, at rates equal to those prescribed by former section 6221(c).

(vii) The amount calculated pursuant to paragraph 6(d)(vi) above shall be converted to an agreed adjustment ("YFC-84 Agreed Adjustment") to the 1985 taxable year of YFC-84 by dividing such amount by the highest individual marginal tax rate for the calendar year 1985, expressed in decimal form.

(viii) Any deficiency or overpayment in income tax at the individual partner level resulting from a partnership adjustment shall be brought forward with interest, as provided by law, at the rates prescribed by former section 6221(c).

(e) IVA-1985. In determining the adjustments to the partnership items of IVA-1985 (Docket Number 15827-90) for the taxable year 1986, the following provisions shall apply:

(i) The ordinary income of ($2,059) reported by IVA-1985 on its Partnership Return for the taxable year 1986 shall be increased by $237,825 ("Section 731 Adjustment Amount"), which is 72% of $330,313, the section 731 adjustment reflected on the Schedule of Adjustments attached to the FPAA mailed to IVA-1985 on April 13, 1990.

(ii) The net ordinary income amount of $235,766 produced by operation of paragraph 6(e)(i) above shall be multiplied by the highest individual marginal tax rate for the calendar year 1986. The resulting amount of $117,883 ("IVA-1985 Tentative Deficiency") shall be brought forward with interest from April 15, 1987 to July 31, 1995, subject to offset, on an annual basis, by the amounts set forth in paragraph 6(e)(iii) below. These offsets shall be made without regard to whether a valid and timely

Administrative Adjustment Request, as prescribed in section 6227, has been filed with regard to the taxable year in question. Interest on the IVA-1985 Tentative Deficiency shall be included, on a running balance basis, at the rates prescribed by former section 6621(c).

(iii) An offset ("IVA-1985 Subsequent Year Offset"), to be calculated as of April 15th of each succeeding calendar year, shall be determined with respect to each of the taxable years 1987 through 1994 of IVA-1985. The IVA-1985 Subsequent Year Offset for each such taxable year is an amount equal to (A) 72% of the Tentative IVA-1985 Offset, multiplied by (B) the highest individual marginal tax rate for such taxable year.

(iv) The Tentative IVA-1985 Offset for the taxable years 1987 through 1994 is equal to the Section 731 Adjustment Amount of $237,825 multiplied by the IVA-1985 Recapture Ratio for the taxable year in question.

(v) The IVA-1985 Recapture Ratio is determined by dividing (A) the income reported on the Partnership Return of IVA-1985 pursuant to sections 447 and 481 for the taxable year in question, by (B) $559,240, the inventory amount at the beginning of

taxable year 1986, as reported on the Partnership Return of IVA-1985 for the taxable year 1986.

(vi) The amount calculated pursuant to paragraph 6(e)(ii) above as of July 31, 1995 shall be discounted back, from July 31, 1995 to April 15, 1987, at rates equal to those prescribed by former section 6221(c).

(vii) The amount calculated pursuant to paragraph 6(e)(vi) above shall be converted to an agreed adjustment ("IVA-1985 Agreed Adjustment") to the 1986 taxable year of IVA-1985 by dividing such amount by the highest individual marginal tax rate for the calendar year 1986, expressed in decimal form.

(viii) Any deficiency or overpayment in income tax at the individual partner level resulting from a partnership adjustment shall be brought forward with interest, as provided by law, at the rates prescribed by former section 6221(c).

7. Self-Employment Income. The self-employment income (loss) reported on the 1985 Partnership Return of Pump Station III Joint Venture shall be disallowed to the extent of 67%.

8. Investment Income and Expense. For each taxable year of a Partnership to which the Commissioner issued an FPAA, no adjustment shall be made to Qualified

Investment Income. Qualified Investment Expense will be reduced for each such taxable year as follows:

(a) For each 1986 Partnership, by 72%;

(b) For each 1985 Partnership, by 67%;

(c) For each 1984 Partnership, by 63%;

(d) For Ag-Capital Fund-1983, by 50%;

(e) For Houston Farm Associates-II, IVA-1984 and YFC-84, by 67%; and,

(f) For IVA-1985, by 72%.

9. <u>Investment Tax Credit</u>. The investment tax credit, if any, shall be allowed in the amount claimed on the Partnership Return.

10. <u>No Penalties</u>. The amount due from a partner of any Partnership who accepts the settlement in accordance with the provisions of this Basis of Understanding shall not include any penalties or additions to tax, and no such penalties or additions to tax shall be asserted or assessed by the Commissioner.

11. <u>Future Partnership Reporting</u>.

(a) Each 1985 Partnership that would otherwise include in income, on its Partnership Return for the taxable year 1995, a proportion of the income adjustment required by sections 447 and 481, shall report, on such Partnership Return, 33% of the amount that would, consistent with its prior reporting, otherwise be reportable.

(b) Each 1986 Partnership that would otherwise include in income, on its Partnership Returns for the taxable years 1995 and 1996, a proportion of the income adjustment required by sections 447 and 481, shall report, on such Partnership Return, 28% of the amount that would, consistent with its prior reporting, otherwise be reportable.

(c) Each partner will report, on such partner's income tax returns for the taxable years 1995 and 1996, that partner's allocable share of any amounts provided for in this paragraph 11.

12. Refund and Administrative Adjustment Requests.

(a) Settlement Agreements, if any, with individual partners will, among other things, provide that the partners disclaim entitlement to any refund or credit based on any Administrative Adjustment Request filed by any Partnership, or any refund or credit that is inconsistent with this Basis of Understanding and is or has been filed by an individual partner, with respect to any of the first eleven taxable years of such Partnership's existence.

(b) Counsel for the Petitioners agree to withdraw any objections they have filed in the Tax Court to dismissal with prejudice of any petition for an

adjustment to partnership items based on an Administrative Adjustment Request.

13. Attorneys' Fees. Neither Party, nor any partner in a Partnership identified in Exhibit A, shall seek or be entitled to attorneys' fees or other litigation costs relating to the Court Cases where such fees or costs were incurred prior to the following date: (a) in each case resolved pursuant to the entry of decision by the Tax Court, the date such decision becomes final; and (b) in cases resolved pursuant to Settlement Agreements, the date upon which the relevant Settlement Agreement is executed by or on behalf of the Commissioner.

14. Appellate Litigation. Promptly following execution of this Basis of Understanding by the Parties, counsel for Petitioners will advise the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") of (a) the fact that the Parties have agreed on a basis of settlement of the Court Cases; and (b) any postponement in the scheduled trial date for the Court Cases. If the Tax Court enters decisions in the Court Cases prior to any decision by the Ninth Circuit in In the Matter of Petition for Grand Jury Materials (Ballas, et al.) v. United States, counsel for Petitioners will

advise the Ninth Circuit of that fact and seek dismissal of the appeal pending in that case.

AGREED TO FOR PETITIONERS' COUNSEL:

By: ______________________ Date: 8/1/95
Stuart E. Seigel, Esq.

By: ______________________ Date: 8/7/95
K. Peter Schmidt, Esq.

AGREED TO FOR THE COMMISSIONER:

By: ______________________ Date: 8/10/95
Jeffrey Galante
Associate Chief, Laguna Niguel IRS Appeals Office

By: ______________________ Date: 8/10/95
Jerry Gossett
Appeals Officer, Laguna Niguel IRS Appeals Office

EXHIBIT A

Agri-Cal Venture Associates
Coachella Fruit Growers
Crop Associates-1986
Dixie Ventures-1986
Rancho California Partners
Rancho California Partners-II
Rancho Madera Partners
USB-86 Associates
U.S. Farm Partners-86
Vista Ag-Realty Partners
Western Agricultural Venture Associates

Houston Farm Associates-II
(1986 Taxable Year)
IVA-1984

Ag-Capital Fund-1983
Agri-Venture Associates
Agri-Venture Farming Joint Venture
Agri-Venture Fund
Agri-Venture-1985
Agri-Venture-II
Canyon Desert Vineyards
Coachella-85 Partners
Columbia Basin Growers
Desert Flame Growers
Desert Highland Vineyards
Dixie Delano Growers
Dixie Ventures-1985
El Rancho Vineyards
Emperor Seedless-85

Houston Farm Associates-II
(1985 Taxable Year)
Indio Date Associates
IVA-1985
Lifemark Farming Associates
Oasis Date Associates
Pecan Diversified Growers
Pump Station III Associates
Pump Station III Joint Venture
Richgrove Grape Associates
Texas Farm Venturers
Travertine Flame Associates
U.S.B. Flame Growers
USB-1985 Associates
U.S. Farm Partners-84
U.S. Farm Partners-85
YFC-84