EXHIBIT B

## Partnerships and Named Petitioners

Agri-Cal Venture Associates,
William T. & Carroll S. Flowers

Coachella Fruit Growers,
Robert A. & Judith A. Wombacher

Crop Associates-1986,
George P. & Ann T. Ballas

Dixie Ventures-1986, Landers
Sevier, IV & Paula G. Sevier

Rancho California Partners,
Anthony J. & Maureen DeVito

Rancho California Partners-II,
William Young

Rancho Madera Partners,
Donald M. & Mary A. Ettelson

USB-86 Associates,
John L. & Shirley Sims

U.S. Farm Partners-86,
Daniel E. & Suzanne D. Penni

Vista Ag-Realty Partners,
BHT Investments

Western Agricultural Venture
Associates, James & Barbara Perkins

Houston Farm Associates-II,
Frank & Margaret W. Poorman
  (1986 Taxble Year)

IVA-1985, Estate of Claude W. McElwee, Jr.
& Jane E. McElwee

Ag-Capital Fund-1983,
Chester L. Boggs

Agri-Venture Associates,
Robert J. David

Agri-Venture Fund, Donald Housman

Agri-Venture-1985, Jeanette C. Thetford

Agri-Venture-II, Lloyd T. &
Mary Ann Whitaker

Canyon Desert Vineyards, Edward D.
Dunn, Jr. & Frances S. Dunn

Coachella-85 Partners, Daniel F.
Vreeland

Columbia Basin Growers, Landers
Sevier, IV & Paula G. Sevier

Desert Flame Growers,
Chester L. Boggs

Desert Highland Vineyards,
Russell E. & Lois E. Hughes

Dixie Delano Growers, Landers
Sevier, IV & Paula G. Sevier

Dixie Ventures-1985, Samuel H.
& Sara C. Booker

El Rancho Vineyards,
Jonathan D. Penni

Emperor Seedless-85, Landers
Sevier, IV & Paula G. Sevier

Houston Farm Associates-II,
Frank & Margaret W. Poorman
(1985 Taxable Year)

Indio Date Associates,
Harry A. Shillibeer

IVA-1984, Anton Charles Stever

Lifemark Farming Associates,
John E. & Ann M. Bixby

Oasis Date Associates, Edward D.
Dunn, Jr. & Frances S. Dunn

Pecan Diversified Growers,
Charles L. Ridley

Pump Station III Associates,
Charles M. & Kimera S. Atkinson

Richgrove Grape Associates,
Charles W. & Martha C. Adair

Texas Farm Venturers, Jerry H. &
Harbin J. Anderson

Travertine Flame Associates,
Charles L. Ridley

USB-1985 Associates,
John L. & Shirley H. Sims

U.S.B. Flame Growers, John L. &
Shirley H. Sims

U.S. Farm Partners-84, Mark &
Beckie Bass

U.S. Farm Partners-85,
Thomas F. & Laura G. Borst

YFC-84, William Young


Agri-Venture Farming Joint
Venture, Charles W. and
Martha C. Adair, et al.

Pump Station III Joint Venture,
Charles Michael and Kimera S.
Atkinson, et al.

EXHIBIT C

<u>1986 Partnerships</u>

|  | <u>Docket Numbers</u> |
|---|---|
| Agri-Cal Venture Associates, William T. & Carroll S. Flowers | 12530-90 |
| Coachella Fruit Growers, Robert A. & Judith A. Wombacher | 12531-90 |
| Crop Associates-1986, George P. & Ann T. Ballas | 12532-90 |
| Dixie Ventures-1986, Landers Sevier, IV & Paula G. Sevier | 12533-90 |
| Rancho California Partners, Anthony J. & Maureen DeVito | 12534-90 |
| Rancho California Partners-II, William Young | 12535-90 |
| Rancho Madera Partners, Donald M. & Mary A. Ettelson | 12536-90 |
| USB-86 Associates, John L. & Shirley Sims | 12537-90 |
| U.S. Farm Partners-86, Daniel E. & Suzanne D. Penni | 12538-90 |
| Vista Ag-Realty Partners, BHT Investments | 12539-90 |
| Western Agricultural Venture Associates, James & Barbara Perkins | 12540-90 |

# EXHIBIT D

<u>1985 Partnerships</u>

<u>Docket Numbers</u>

| Partnership | Docket Numbers |
|---|---|
| Agri-Venture Farming Joint Venture, Charles W. and Martha C. Adair, et al. | 20132-91 |
| Agri-Venture Fund, Donald Housman | |
| Agri-Venture-1985, Jeanette C. Thetford | 15034-91 |
| | 15035-91 |
| Canyon Desert Vineyards, Edward D. Dunn, Jr. & Frances S. Dunn | |
| | 15054-91 |
| Coachella-85 Partners, Daniel F. Vreeland | |
| | 15057-91 |
| Columbia Basin Growers, Landers Sevier, IV & Paula G. Sevier | |
| | 15055-91 |
| Desert Highland Vineyards, Russell E. & Lois E. Hughes | |
| | 15056-91 |
| Dixie Ventures-1985, Samuel H. & Sara C. Booker | |
| | 15050-91 |
| El Rancho Vineyards, Jonathan D. Penni | |
| | 15049-91 |
| Emperor Seedless-85, Landers Sevier, IV & Paula G. Sevier | |
| | 15039-91 |
| Indio Date Associates, Harry A. Shillibeer | |
| | 15042-91 |
| Pump Station III Joint Venture, Charles Michael and Kimera S. Atkinson, et al. | 20133-91 |
| USB-1985 Associates, John L. & Shirley H. Sims | |
| | 15043-91 |
| US Farm Partners-85, Thomas F. & Laura G. Borst | |
| | 15046-91 |

## EXHIBIT E

<u>1984 Partnerships</u>

<u>Docket Numbers</u>

| | |
|---|---|
| Agri-Venture Associates, Robert J. David | 15047-91 |
| Agri-Venture-II, Lloyd T. & Mary Ann Whitaker | 15048-91 |
| Desert Flame Growers, Chester L. Boggs | 15052-91 |
| Dixie Delano Growers, Landers Sevier, IV & Paula G. Sevier | 15053-91 |
| Lifemark Farming Associates, John E. & Ann M. Bixby | 15036-91 |
| Oasis Date Associates, Edward D. Dunn, Jr. & Frances S. Dunn | 15037-91 |
| Pecan Diversified Growers, Charles L. Ridley | 15038-91 |
| Pump Station III Associates, Charles M. & Kimera S. Atkinson | 15040-91 |
| Richgrove Grape Associates, Charles W. & Martha C. Adair | 15044-91 |
| Texas Farm Venturers, Jerry H. & Harbin J. Anderson | 15058-91 |
| Travertine Flame Associates, Charles L. Ridley | 15059-91 |
| U.S.B. Flame Growers, John L. & Shirley H. Sims | 15060-91 |
| U.S. Farm Partners-84, Mark & Beckie Bass | 15032-91 |

EXHIBIT F

<u>Miscellaneous Partnerships</u>

<u>Docket Numbers</u>

Ag-Capital Fund-1983,
Chester L. Boggs

15045-91

Houston Farm Associates-II,
Frank & Margaret W. Poorman
(1985 Taxable Year)

15041-91

Houston Farm Associates-II,
Frank & Margaret W. Poorman
(1986 Taxble Year)

15826-90

IVA-1984, Anton Charles Stever

IVA-1985, Estate of Claude W. McElwee, Jr.
& Jane E. McElwee

15051-91

15827-90

YFC-84, William Young

15033-91

Emp Schedule

| Item | Description | 1985 | | Febn.  1986 |
|---|---|---|---|---|
| 3(a) | TAOI | 9,097,667 | | EmpS-  .wk3 |
| 3(b) | Less Ptrshps: | 0 | | AP:LAN:JG |
| | Net Ord Inc Adjust: | 9,097,667 | | |
| 3(c) | Percentage: | 67% | | SPLIT COMP |
| | | 6,095,437 | | |
| 3(d) Plus | Pass–Thru adjust: | 0 | | |
| 3(a–d) | Net Amount: | 6,095,437 | | |
| | Tax Rate: | 50% | | |
| 3(e) | Tent. Deficiency: | 3,047,718 (First Yr Deficiency Amt) | | Int Factor   Tax & Int |
| | | | | 2.852015   8,692,139 |

IRS COMP – Subsequent Years Offset Figures:

| Years | Date | Sec. 447 inc | Settle % | Tax Rate | Offsets | Int Factor | Tax & Int |
|---|---|---|---|---|---|---|---|
| 1986 | 4/15/87 | 865,197 | 67% | 50.0% | 289,841 | 2.55370153 | 740,167 |
| 1987 | 4/15/88 | 887,784 | 67% | 38.5% | 229,004 | 2.27020257 | 519,885 |
| 1988 | 4/15/89 | 887,784 | 67% | 33.0% | 196,289 | 2.00003179 | 392,584 |
| 1989 | 4/15/90 | 887,784 | 67% | 33.0% | 196,289 | 1.74310105 | 342,152 |
| 1990 | 4/15/91 | 887,784 | 67% | 33.0% | 196,289 | 1.52834082 | 299,997 |
| 1991 | 4/15/92 | 887,784 | 67% | 31.0% | 184,393 | 1.36061223 | 250,867 |
| 1992 | 4/15/93 | 887,784 | 67% | 31.0% | 184,393 | 1.24433474 | 229,446 |
| 1993 | 4/15/94 | 2,374,676 | 67% | 39.6% | 630,049 | 1.14409131 | 720,834 |
| 1994 | 4/15/95 | 0 | 67% | 0.396 | | 1.03474337 | 0 |
| | | | | | | Sub–total: | 3,495,952 |

| | | | | Total Tent Defic + Interest + offsets: | 5,196,187 |
|---|---|---|---|---|---|
| Discount Factor: | 2.852015 >>> | | | Disc Amt: To 4/15/86: | 1,821,935 |
| Divide by tax rate: | 50% >>> | | | Agreed Adjustment: | 3,643,871  IRS Comp |

Second Year Computation Detail:

| | | 1986 Tent Offset | | |
|---|---|---|---|---|
| Plus | Gross Sales: | 9,088,717 | | |
| Plus | Sec. 447 inc | 887,784 | | |
| Less | Inventory | 5,217,196 (8,877,838 – 3,660,642) | | |
| Less | Purchases | 1,768,866 | | Farm Exps |
| Less | Deductions | 2,125,242 | Per Return: | 2,980,492 |
| | Sub–total: | 865,197 To IRS & 447 Comp | Cntrl Exps: | 2,125,242 |
| | | | | 855,250 |

447/481 COMP – Subsequent Years Offset Figures:

| Years | Date | Sec. 447 inc | Settle % | Tax Rate | Offsets | Int Factor | Tax & Int |
|---|---|---|---|---|---|---|---|
| 1986 | 4/15/87 | 865,197 | 67% | 50.0% | 289,841 | 2.55370153 | 740,167 |
| 1987 | 4/15/88 | 887,784 | 67% | 38.5% | 229,004 | 2.27020257 | 519,885 |
| 1988 | 4/15/89 | 887,784 | 67% | 33.0% | 196,289 | 2.00003179 | 392,584 |
| 1989 | 4/15/90 | 887,784 | 67% | 33.0% | 196,289 | 1.74310105 | 342,152 |
| 1990 | 4/15/91 | 887,784 | 67% | 33.0% | 196,289 | 1.52834082 | 299,997 |
| 1991 | 4/15/92 | 887,784 | 67% | 31.0% | 184,393 | 1.36061223 | 250,867 |
| 1992 | 4/15/93 | 887,784 | 67% | 31.0% | 184,393 | 1.24433474 | 229,446 |
| 1993 | 4/15/94 | 2,663,352 | 67% | 39.6% | 706,841 | 1.14409131 | 808,461 |
| 1994 | 4/15/95 | 0 | 67% | 39.6% | | 1.03474337 | 0 |
| | | | | | | Sub–total: | 3,583,560 |

| | | | | Total Tent Defic + Interest + offsets: | 5,108,559 |
|---|---|---|---|---|---|
| Discount Factor: | 2.852015 >>> | | | Disc Amt: To 4/15/86: | 1,791,210 |
| Divide by tax rate: | 50% >>> | | | Agreed Adjustment: | 3,582,421  447 Comp |

Split Comp – Subsequent Years Offset Figures:

| | | | | | |
|---|---|---|---|---|---|
| IRS Comp: | 1,821,935 | | 50% Diff: | 15,362 | |
| 447/481 Comp: | 1,791,210 | | 447 Comp: | 1,791,210 | |
| Difference: | 30,725 | | Split Comp: | 1,806,573 | |

| Years | Date | Sec. 447 inc | Settle % | Tax Rate | Offsets | Int Factor | Tax & Int |
|---|---|---|---|---|---|---|---|
| 1986 | 4/15/87 | 865,197 | 67% | 50.0% | 289,841 | 2.55370153 | 740,167 |
| 1987 | 4/15/88 | 887,784 | 67% | 38.5% | 229,004 | 2.27020257 | 519,885 |
| 1988 | 4/15/89 | 887,784 | 67% | 33.0% | 196,289 | 2.00003179 | 392,584 |
| 1989 | 4/15/90 | 887,784 | 67% | 33.0% | 196,289 | 1.74310105 | 342,152 |
| 1990 | 4/15/91 | 887,784 | 67% | 33.0% | 196,289 | 1.52834082 | 299,997 |
| 1991 | 4/15/92 | 887,784 | 67% | 31.0% | 184,393 | 1.36061223 | 250,867 |
| 1992 | 4/15/93 | 887,784 | 67% | 31.0% | 184,393 | 1.24433474 | 229,446 |
| 1993 | 4/15/94 | 2,519,012 | 67% | 39.6% | 668,944 | 1.14409131 | 764,647 |
| 1994 | 4/15/95 | 0 | 67% | 39.6% | 0 | 1.03474337 | 0 |
| | | | | | | Sub–total: | 3,539,765 |

| | | | | Total Tent Defic + Interest + offsets: | 5,152,373 |
|---|---|---|---|---|---|
| Discount Factor: | 2.852015 >>> | | | Disc Amt: To 4/15/86: | 1,806,573 |
| Divide by tax rate: | 50% >>> | | | Agreed Adjustment: | 3,613,146  Split Comp |

| 1993 Amt: | 2,663,352 |
|---|---|
| Split Adjustment: | (144,340) |
| 1993 Offset: | 2,519,012 |

- A46 -

# EXHIBIT B

PO BOX 9941 MAIL STOP 4550
OGDEN, UT 84409

Date: 12-20-96
Refer to:
MS 4550
122096-0032

MARION S & JOYCE W KRAEMER
JAMES P JOSEPH
1200 NEW HAMPSHIRE AVE N W
WASHINGTON DC 20036-6802003

Taxpayer Identi███████████r:
███████████

Partnership:
OASIS DATE ASSOCIATES
Taxpayer Identifying Number:
33-0044213
Docket Number: 15037-91
Tax Year Ended: 1984
IRS Contact Person:
NERY WILLIAMS
Contact Telephone Number:
(801)629-1048

Dear Partner:

We have completed settlement negotiations on the partnership shown above. This case is docketed before the United States Tax Court. You have 30 days from the date of this letter to accept the settlement.

The settlement is shown on the schedule of adjustments of the enclosed Form 870-P(AD). Generally, you can determine how the adjustments will affect your individual return by multiplying the adjustment to each partnership item by your interest in that item.

If you agree to these adjustments, sign the agreement form and return it with the schedule of adjustments within 30 days from the date of this letter.

This is a binding settlement only if you sign the Form 870-P(AD) and return it to us and we sign on behalf of the Commissioner. When we sign the agreement form, the one-year period of limitations on assessments will begin under Internal Revenue Code section 6229(f). The service center will send you a report showing the tax computation. Later, we will send you a bill for any amounts that you owe.

If you don't sign the agreement form, the partnership proceeding will go forward to trial.

If you have any questions regarding this settlement, you may call the IRS contact person shown above. You may also write to the following partnership contact person:

FRED H. BEHRENS
52300 ENTERPRISE WAY
COACHELLA CA 92236

Sincerely,

DEBORAH S. DECKER

DIRECTOR, SERVICE CENTER

cc: Power of Attorney
Enclosures:
FORM 870-P(AD) with
    schedule of adjustments
Copy of this letter

- A47 -


EXHIBIT  C

Letter 2606(RO/CG) (10-92)

FORM 870-P(AD)(5-88)    DEPARTMENT OF THE TREASURY
DATE:  12-20-96           INTERNAL REVENUE SERVICE
                           SETTLEMENT AGREEMENT
                        FOR PARTNERSHIP ADJUSTMENTS

IN REPLY
REFER TO:
MS 4550
122096-0032

TAXPAYER(S) NAME(S) AND ADDRESS

MARION S & JOYCE W KRAEMER
JAMES P JOSEPH
1200 NEW HAMPSHIRE AVE N W
WASHINGTON DC 20036-6802003

TIN: ████████████

NAME OF PARTNERSHIP

OASIS DATE ASSOCIATES

TIN:  33-0044213

TAX YEAR ENDED:  1984

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE,
THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT
TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE
YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS.  THE UNDERSIGNED, IN
ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO
OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY
DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED
BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL
REVENUE SERVICE.  IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE
DATE IT IS ACCEPTED.  UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO
FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF
PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE
ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO
CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF
PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

SIGNATURE OF
TAXPAYER
_____
                                                          DATE

SIGNATURE OF
TAXPAYER
_____    _____
                                                          DATE

BY (SIGNATURE
AND TITLE)
_____    _____
                                                          DATE

_____    _____

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE
WITH THE SIGNATURE.

NOTE:  THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE
ADJUSTMENT OF TAX LIABILITY.

    IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT
    RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH
    SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS
    AS AGENT FOR THE OTHER.

    IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE
    CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER
    AUTHORIZED TO SIGN.

    THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT
    PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF
    ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

    THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER
    FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO
    YOU PLUS INTEREST AS PROVIDED BY LAW.  IF THE RESULT IS A DECREASE
    IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST
    AS PROVIDED BY LAW.

FOR          DATE ACCEPTED FOR         SIGNATURE
INTERNAL     COMMISSIONER
REVENUE      _____     _____
USE ONLY     OFFICE
             _____     _____
                                       TITLE

- A48 -              FORM 870-P(AD)(5-88)

## Settlement Agreement For Partnership Adjustments

| Name of Partnership: OASIS DATE ASSOCIATES | Schedule of Adjustments | | |
|---|---|---|---|
| Taxpayer Identifying Number: 33-0044213 | Tax Years(s) Ended | | |
| Detail of Adjustments to Ordinary Income | December 31, 1984 | | |
| Schedule F - Farming Expenses | | | |
| Other Deductions | 1,714,967 | | |
| Interest Expense | 41,286 | | |
| | 0 | | |
| Total Adjustments To Ordinary Income | | | |
| Other Adjustment:  T.P.I. - Qualified Investment Expense | 1,756,253 | 0 | 0 |
| (1) Adjustment | | | |
| (2) As Reported | (3,000,132) | | |
| (3) Corrected | 4,762,115 | | |
| Other Adjustment:  T.P.I. - Qualified Investment Income | 1,761,983 | 0 | 0 |
| (1) Adjustment | | | |
| (2) As Reported | 0 | | |
| (3) Corrected | 23,952 | | |
| Other Adjustment:  Invest. Interest - Invest. Income | 23,952 | 0 | 0 |
| (1) Adjustment | | | |
| (2) As Reported | 0 | | |
| (3) Corrected | 23,952 | | |
| Remarks | 23,952 | 0 | 0 |

## Summary of the AMCOR Appeals Settlement Offer

Set1-84.-85

The complete terms of the settlement offer and detailed computations have been provided to the Tax Matters Partner. If there are any discrepancies between this summary and the Appeals Settlement Offer (ASO), the ASO is the controlling document. If you have questions regarding the terms of the settlement offer or you wish to receive a copy of the ASO, you may contact your Tax Matters Partner, attorney of record or this Appeals Office.

The Appeals Settlement Offer (ASO) applies only to the specific partnership stated on the Form 870-P(AD) to which this summary is attached. If you invested in another AMCOR partnership, you will have to sign a separate Form 870-P(AD) to settle that partnership.

Following is a summary of the settlement terms for the AMCOR partnership items:

1.    Subject to the exact terms of the ASO, in general, for the tax year 1984, the Government will disallow 63% of the total adjustment to ordinary income as shown on the Final Partnership Administrative Adjustment (FPAA). Generally, this means that if the farming expenses claimed on the tax return were $10,000,000, the Government is allowing expenses of $3,700,000 and disallowing $6,300,000.

The adjustment to ordinary income, as shown on the FPAA, may be reduced if your partnership reported losses from other partnerships. The ASO specifies whether or not the adjustment to ordinary income will be reduced.

2.    In the years 1985 through 1994, in general, your partnership filed tax returns which included deferred income. In general, the partnerships' tax returns reflected the deferred income from 1985 as 447 and/or 481 income. Under the settlement offer, these partnership returns, as filed, are not being adjusted. Instead, an adjustment in the approximate amount of 63% of the present value of the deferred income (as discounted to reflect the differing tax rates) is made in 1984. The effect of this adjustment is to reduce the amount of disallowed expenses as stated above in paragraph 1.

3.    Generally, your 1985 partnership return will be accepted as filed if it didn't invest in one or more of the AMCOR partnerships that are before the Tax Court.

If your 1985 partnership invested in one or more AMCOR partnerships, an adjustment to your 1985 partnership return may be made some time in the future. The adjustment will be consistent with the terms of the settlement proposal.

- A50 -

Setl-84.-85

## Summary of the AMCOR Appeals Settlement Offer (con't)

4.    The unadjusted basis of qualified investment property, for purposes of investment tax credit, is allowed as claimed on the partnership return.

5.    Tax Preference Item:  The qualified investment expense is disallowed to the extent of 63% for 1984.

6.    There will be no imposition of penalties under IRC sections 6653 or 6661 with regard to the AMCOR partnership adjustments.

7.    Interest is to be computed under Code Section 6621(c).

8.    Forms 870-P(AD) will be issued separately for the years 1984, 1985 and 1986.  You need to sign all 870-P(AD) forms in order to have a settlement.

9.    The Government will not be allowing Administrative Adjustment Requests (AAR) or claims that have been filed. Further, you agree not to file an AAR and not to benefit from the results of any AAR or claim that has already been filed.

## THIS IS NOT PART OF THE APPEALS SETTLEMENT OFFER

### * * * FOR INFORMATIONAL PURPOSES ONLY * * *

In reference to a partner's capital contribution to a partnership (sometimes referred to as Out of Pocket Investment), the cash contribution investment made by a partner is not included as part of the settlement computation.  Each partner should keep a detailed record of his capital account and the partner may have a capital gain or loss upon his termination from the partnership.

- *A51* -

PO BOX 9941 MAIL STOP 4550
OGDEN, UT 84409

Date: 12-20-96
Refer to:
MS 4550
122096-0032

MARION S & JOYCE W KRAEMER
JAMES P JOSEPH
1200 NEW HAMPSHIRE AVE N W
WASHINGTON DC 20036-6802003

Taxpayer Identi█████████r

Partnership:
OASIS DATE ASSOCIATES
Taxpayer Identifying Number:
33-0044213
Docket Number: 15037-91
Tax Year Ended:  1984
IRS Contact Person:
NERY WILLIAMS
Contact Telephone Number:
(801)629-1048

Dear Partner:

We have completed settlement negotiations on the partnership shown above.  This case is docketed before the United States Tax Court.  You have 30 days from the date of this letter to accept the settlement.

The settlement is shown on the schedule of adjustments of the enclosed Form 870-P(AD).  Generally, you can determine how the adjustments will affect your individual return by multiplying the adjustment to each partnership item by your interest in that item.

If you agree to these adjustments, sign the agreement form and return it with the schedule of adjustments within 30 days from the date of this letter.

This is a binding settlement only if you sign the Form 870-P(AD) and return it to us and we sign on behalf of the Commissioner.  When we sign the agreement form, the one-year period of limitations on assessments will begin under Internal Revenue Code section 6229(f).  The service center will send you a report showing the tax computation.  Later, we will send you a bill for any amounts that you owe.

If you don't sign the agreement form, the partnership proceeding will go forward to trial.

If you have any questions regarding this settlement, you may call the IRS contact person shown above.  You may also write to the following partnership contact person:

FRED H. BEHRENS
52300 ENTERPRISE WAY
COACHELLA CA 92236

Sincerely,

DEBORAH S. DECKER

DIRECTOR, SERVICE CENTER

cc: Power of Attorney
Enclosures:
FORM 870-P(AD) with
 schedule of adjustments
Copy of this letter

- A52 -

Letter 2606(RO/CG) (10-92)

```
FORM 870-P(AD)(5-88)   DEPARTMENT OF THE TREASURY
DATE:  12-20-96         INTERNAL REVENUE SERVICE          IN REPLY
                         SETTLEMENT AGREEMENT             REFER TO:
                     FOR PARTNERSHIP ADJUSTMENTS          MS 4550
                                                          122096-0032
```

TAXPAYER(S) NAME(S) AND ADDRESS        NAME OF PARTNERSHIP

MARION S & JOYCE W KRAEMER             OASIS DATE ASSOCIATES
JAMES P JOSEPH
1200 NEW HAMPSHIRE AVE N W             TIN:  33-0044213
WASHINGTON DC 20036-6802003
                                       TAX YEAR ENDED:  1984
TIN: ███████████

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE,
THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT
TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE
YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS.  THE UNDERSIGNED, IN
ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO
OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY
DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED
BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL
REVENUE SERVICE.  IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE
DATE IT IS ACCEPTED.  UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO
FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF
PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE
ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO
CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF
PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

SIGNATURE OF
TAXPAYER
                                                         DATE

SIGNATURE OF
TAXPAYER
                                                         DATE

BY (SIGNATURE
AND TITLE)
                                                         DATE

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE
WITH THE SIGNATURE.

NOTE:  THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE
ADJUSTMENT OF TAX LIABILITY.

    IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT
    RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH
    SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS
    AS AGENT FOR THE OTHER.

    IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE
    CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER
    AUTHORIZED TO SIGN.

    THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT
    PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF
    ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

    THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER
    FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO
    YOU PLUS INTEREST AS PROVIDED BY LAW.  IF THE RESULT IS A DECREASE
    IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST
    AS PROVIDED BY LAW.

```
FOR        DATE ACCEPTED FOR
INTERNAL   COMMISSIONER               SIGNATURE
REVENUE
USE ONLY   OFFICE                     TITLE
```

FORM 870-P(AD)(5-88)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 01-358 T

(Judge Victor J. Wolski)

———

JEFFREY T. SCUTERI,

Plaintiff

v

THE UNITED STATES,

Defendant

———

DECLARATION OF ELLEN C. SPECKER

———

I, Ellen C. Specker, pursuant to the provisions of 28 U.S.C. § 1746, state as follows:

1. That I am the Department of Justice attorney assigned to defend the above-captioned case;

2. that in this capacity I have in my possession certain administrative files of the Internal Revenue Service provided to me by that agency that relate to the transactions in suit; and

3. that the foregoing include the following documents, attached to this declaration as exhibits:

| Exhibit | Description |
|---|---|
| 2A | Letter dated Dec. 20, 1996, to Partner of Vista Ag Realty-Partners from Director, Ogden Service Center, IRS, with the following attachments:<br>Form 870-P(AD), with Schedule of Adjustments<br>Summary of the Amcor Appeals Settlement Offer<br>Appeals Settlement Offer |

- A54 -



DEFENDANT'S
EXHIBIT
2

| Exhibit | Description |
|---------|-------------|
| 2B | Letter dated Dec. 20, 1996, to Partner of Coachella Fruit Growers from Director, Ogden Service Center, IRS, with the following attachments:<br>Form 870-P(AD), without Schedule of Adjustments<br>Summary of the Amcor Appeals Settlement Offer<br>Appeals Settlement Offer |

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C. on June __3__, 2004.


*Ellen C. Specker*

ELLEN C. SPECKER

PO BOX 9941 MAIL STOP 4550
OGDEN, UT 84409

Date: 12-20-96
Refer to:
MS 4550
122096-1258

Taxpayer Identifying Number:

Partnership:
VISTA AG-REALTY PARTNERS
Taxpayer Identifying Number:
33-0194209
Docket Number: 12539-90
Tax Year Ended:  1986
IRS Contact Person:
NERY WILLIAMS
Contact Telephone Number:
(801)629-1048

Dear Partner:

    We have completed settlement negotiations on the partnership
shown above.  This case is docketed before the United States Tax
Court.  You have 30 days from the date of this letter to accept
the settlement.

    The settlement is shown on the schedule of adjustments of
the enclosed Form 870-P(AD).  Generally, you can determine how
the adjustments will affect your individual return by multiplying
the adjustment to each partnership item by your interest in that
item.

    If you agree to these adjustments, sign the agreement form
and return it with the schedule of adjustments within 30 days
from the date of this letter.

    This is a binding settlement only if you sign the
Form 870-P(AD) and return it to us and we sign on behalf of the
Commissioner.  When we sign the agreement form, the one-year
period of limitations on assessments will begin under Internal
Revenue Code section 6229(f).  The service center will send you a
report showing the tax computation.  Later, we will send you a
bill for any amounts that you owe.

    If you don't sign the agreement form, the partnership
proceeding will go forward to trial.

    If you have any questions regarding this settlement, you may
call the IRS contact person shown above.  You may also write to
the following partnership contact person:

FRED H BEHRENS
52300 ENTERPRISE WAY
COACHELLA CA 92236

                    Sincerely,

                    DEBORAH S. DECKER

                    DIRECTOR, SERVICE CENTER

cc: Power of Attorney
Enclosures:
FORM 870-P(AD) with
 schedule of adjustments
Copy of this letter



- A56 -                    Letter 2606(RO/CG) (10-92)

```
FORM 870-P(AD)(5-88)      DEPARTMENT OF THE TREASURY          IN REPLY
                            INTERNAL REVENUE SERVICE           REFER TO:
DATE:  12-20-96             SETTLEMENT AGREEMENT               MS 4550
                        FOR PARTNERSHIP ADJUSTMENTS            122096-1258
```

TAXPAYER(S) NAME(S) AND ADDRESS        NAME OF PARTNERSHIP

                                       VISTA AG-REALTY PARTNERS

                                       TIN:  33-0194209

                                       TAX YEAR ENDED:  1986

TIN:

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS.  THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE.  IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED.  UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

SIGNATURE OF                                              DATE
TAXPAYER

SIGNATURE OF                                              DATE
TAXPAYER

BY (SIGNATURE                                             DATE
AND TITLE)

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE:  THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

   IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

   IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

   THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

   THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW.  IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST AS PROVIDED BY LAW.

```
              DATE ACCEPTED FOR       SIGNATURE
FOR           COMMISSIONER
INTERNAL
REVENUE
USE ONLY      OFFICE                  TITLE
```

                                       FORM 870-P(AD)(5-88)

- A57 -

Settlement Agreement For Partnership Adjustments

| | Schedule of Adjustments | | |
|---|---|---|---|
| | Tax Years(s) Ended | | |
| Name of Partnership<br>VISTA AG – REALTY PARTNERS | | | |
| Taxpayer Identifying Number:    33–0194209 | November 30  1986 | | |
| **Detail of Adjustments to Ordinary Income** | | | |
| Schedule F – Farming Deductions | 5,442,470 | | |
| Other Deductions | 146,312 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Adjustments To Ordinary Income** | 5,588,782 | 0 | 0 |
| Other Adjustment:   T.P.I. – Qualified Investment Expense | | | |
| (1) Adjustment | (7,920,903) | | |
| (2) As Reported | 11,001,254 | | |
| (3) Corrected | 3,080,351 | 0 | 0 |
| Other Adjustment: | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | 0 | 0 | 0 |
| Other Adjustment: | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | 0 | 0 | 0 |

Remarks

- A58 -

| Form 4605−A (Rev. September 1986) | Department of the Treasury − Internal Revenue Service<br>Examination Changes − Partnerships, Fiduciaries, S Corporations, and<br>Interest Charge Domestic International Sales Corporations | | |
|---|---|---|---|
| Name<br>VISTA AG−REALTY PARTNERS | Employer Identification Number<br>33−0194209 | | Form Number<br>1065 |
| | Person Appeals<br>Changes Were<br>Discussed With | Name<br>Arnold & Porter<br>Title<br>Attorneys at Law | |

| | Year: 11/30/86 | Year: | Year: |
|---|---|---|---|
| 1. Adjustments to ordinary, distributable net. or taxable income. | | | |
| a. Sch. F − Farming Deductions | 5,442,470 | | |
| b. Other Deductions | 146,312 | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| 2. Total adjustments to ordinary, distributable net. or taxable income. | 5,588,782 | 0 | 0 |
| 3. Ordinary, distributable net, or taxable income as reported. | (11,085,721) | | |
| 4. Corrected ordinary, distributable net, or taxable income. | (5,496,939) | 0 | 0 |
| 5. Other adjustments | | | |
| a. Tax Prefer. Item − Qualified Invest. Expense | | | |
| (1) Adjustment          (72%) | (7,920,903) | | |
| (2) As Reported | 11,001,254 | | |
| (3) Corrected | 3,080,351 | 0 | 0 |
| b. | | | |
| (1) Adjustment | 0 | | |
| (2) As Reported | | | |
| (3) Corrected | 0 | 0 | 0 |
| c. | | | |
| (1) Adjustment | 0 | | |
| (2) As Reported | | | |
| (3) Corrected | 0 | 0 | 0 |

Remarks

NO PENALTIES

INTEREST UNDER IRC SECT. 6621(C) APPLIES

# APPEALS SETTLEMENT

| Appeals Officer<br>Gossett / Spaulding | Office<br>Laguna Niguel Appeals | Date<br>July. 1996 |
|---|---|---|
| | Form 4605−A | (Rev. 9−86) |

Settl-1.986

## Summary of the AMCOR Appeals Settlement Offer

The complete terms of the settlement offer and detailed computations have been provided to the Tax Matters Partner. If there are any discrepancies between this summary and the Appeals Settlement Offer (ASO), the ASO is the controlling document. If you have questions regarding the terms of the settlement offer or you wish to receive a copy of the ASO, you may contact your Tax Matters Partner, attorney of record or this Appeals Office.

The Appeals Settlement Offer (ASO) applies only to the specific partnership stated on the Form 870-P(AD) to which this summary is attached. If you invested in another AMCOR partnership, you will have to sign a separate Form 870-P(AD) to settle that partnership.

Following is a summary of the settlement terms for the AMCOR partnership items:

1.   Subject to the exact terms of the ASO, in general, for the tax year 1986, the Government will disallow 72% of the total adjustment to ordinary income as shown on the Final Partnership Administrative Adjustment (FPAA). Generally, this means that if the farming expenses claimed on the tax return were $10,000,000, the Government is allowing expenses of $2,800,000 and disallowing $7,200,000.

The adjustment to ordinary income, as shown on the FPAA, may be reduced if your partnership reported losses from other partnerships. The ASO specifies whether or not the adjustment to ordinary income will be reduced.

2.   In the years 1987 through 1994, in general, your partnership filed tax returns which included deferred income. In general, the partnerships' tax returns reflected the deferred income from 1987 as 447 and/or 481 income. Under the settlement offer, these partnership returns, as filed, are not being adjusted. Instead, an adjustment in the approximate amount of 72% of the present value of the deferred income (as discounted to reflect the differing tax rates) is made in 1986. The effect of this adjustment is to reduce the amount of disallowed expenses as stated above in paragraph 1.

3.   If your partnership invested in one or more AMCOR partnerships, an adjustment to your 1986 partnership return may be made some time in the future. The adjustment will be consistent with the terms of the settlement proposal.

- A60 -

Settl-1.986

## Summary of the AMCOR Appeals Settlement Offer (con't)

4.    The unadjusted basis of qualified investment property, for purposes of investment tax credit, is allowed as claimed on the partnership return.

5.    Tax Preference Item:  The qualified investment expense is disallowed to the extent of 72% for 1986.

6.    There will be no imposition of penalties under IRC sections 6653 or 6661 with regard to the AMCOR partnership adjustments.

7.    Interest is to be computed under Code Section 6621(c).

8.    The Government will not be allowing Administrative Adjustment Requests (AAR) or claims that have been filed.  Further, you agree not to file an AAR and not to benefit from the results of any AAR or claim that has already been filed.

9.    The partnership tax returns for the tax years 1995 and 1996 should be filed where required and the partners should report their share of the recapture income consistent with this settlement.  This requires the reporting of 28% of the income adjustment required by Internal Revenue Code section 447 and 481 for a partnership formed in 1986, rather than the full 100% portion of the section 447 and 481 income that otherwise would be reported.

### THIS IS NOT PART OF THE APPEALS SETTLEMENT OFFER

### * * * FOR INFORMATIONAL PURPOSES ONLY * * *

In reference to a partner's capital contribution to a partnership (sometimes referred to as Out of Pocket Investment), the cash contribution investment made by a partner is not included as part of the settlement computation.  Each partner should keep a detailed record of his capital account and the partner may have a capital gain or loss upon his termination from the partnership.

- A61 -

APPEALS SETTLEMENT OFFER    :2/20/96  ASO-86.D96
(1986 partnerships)

The Commissioner of Internal Revenue (the "Commissioner") issued
Notices of Final Partnership Administrative Adjustment ("FPAA"),
as provided in sections 6223(a)(2) and (d)(2)[1], for the taxable
years 1984, 1985, and 1986, to partnerships known as the Amcor
sponsored partnerships.  (collectively, the "Amcor
Partnerships").

Your partnership timely filed a Petition for Readjustment of
Partnership Items with the United States Tax Court (the "Tax
Court").

Your partnership case is now pending before the Tax Court.

The Commissioner desires to make you the following settlement
that, if you accept, will resolve your case.  The terms of this
Amcor Appeals Settlement Offer ("Settlement Offer") are as
follows:

1. Procedure.

     This settlement offer will not become effective until a Form
870-P(AD), "Settlement Agreement For Partnership Adjustments,"
has been signed by both the taxpayer[2] (generally a limited
partner) and an authorized representative of the Commissioner.
The statute of limitations for assessment under Internal Revenue
Code section 6229(f) will not commence to run until the Form 870-
P(AD) has been signed by an authorized representative of the
Commissioner. The taxpayer will cooperate with the Service in the
execution of any documents that are required to close his case in
the United States Tax Court.

2. Designation of Partnerships and Tax Rates.

     (a) 1986 Partnerships. A 1986 partnership is a partnership
that ended its first taxable year in the calendar year 1986.
Your partnership is a 1986 partnership.

     There are no subparagraphs (b), (c), or (d).

---

[1]    All references to sections herein are to sections of the Internal
Revenue Code ("Code") unless otherwise indicated.

[2]    If a taxpayer has on file a properly executed Form 2828, "Power of
Attorney and Declaration of Representative," then the authorized
representative may perform any and all acts that this Settlement Offer states
the taxpayer is to perform.  For example, the representative may sign the Form
870-P(AD) as the authorized representative of the taxpayer.

- A62 -

(e)  Applicable Tax Rates.

| Calendar Year | Maximum Individual Rate |
|---|---|
| 1986 | 50% |
| 1987 | 38.5% |
| 1988 | 33% |
| 1989 | 33% |
| 1990 | 33% |
| 1991 | 31% |
| 1992 | 31% |
| 1993 | 39.6% |
| 1994 | 39.6% |

### 3. 1986 Partnership.

The following provisions shall apply in determining the adjustments to the partnership items of your 1986 partnership:

(a) In the FPAA issued to your 1986 Partnership, the Commissioner increased your 1986 Partnership's ordinary income for the taxable year 1986. The total amount of such adjustments is reflected on the Schedule of Adjustments attached to the FPAA issued to your partnership as "Total Adjustments to Ordinary Income."

(b) The amount of the Total Adjustments to Ordinary Income shall be reduced by amounts, if any, included therein as ordinary income or loss from other partnerships. The resulting amount, the "Net Ordinary Income Adjustments," shall be taken into account as provided in subparagraph (c) of this paragraph 3.

Income or loss from other partnerships is, to the extent provided therein, separately taken into account in accordance with the provisions of subparagraph (d) of this paragraph 3.

(c) The amount of the Net Ordinary Income Adjustments shall be multiplied by 72%.

(d) Certain 1986 Partnerships claim, on their U.S. Partnership Return of Income (Form 1065) ("Partnership Return") for the taxable year 1986, a distributive share of partnership loss from another partnership (a "Pass-Through Partnership").

(i) Where such Pass-Through Partnership is one of the Amcor Partnerships, a 1986 Partnership's distributive share of loss from any Pass-Through Partnership shall be redetermined pursuant to the amount of the Pass-Through Partnership's income or loss as determined in accordance with the provisions of its Settlement Offer.

$\boxed{-2-}$

(ii) Where such Pass-Through Partnership is not one of the Amcor Partnerships, the loss will be allowed as claimed in its entirety.

(e) The net amount produced by operation of subparagraphs (a) - (d) of this paragraph 3 shall be multiplied by the highest individual marginal tax rate for the calendar year 1986. The resulting amount ("Tentative Deficiency") shall be brought forward, with interest, from April 15, 1987 to July 31, 1995, subject to offset, on an annual basis, by the amounts set forth in subparagraphs (f) and (g) of this paragraph 3. These offsets shall be made without regard to whether a valid and timely Administrative Adjustment Request, as prescribed in section 6227, has been filed by or for your partnership for any taxable year. Interest on the Tentative Deficiency shall be included, on a running balance basis, at the rates prescribed by former section 6621(c).

(f) An offset ("Second Year Offset") with respect to your 1986 Partnership's second taxable year, 1987, to be made as of April 15, 1988, shall be determined. The Second Year Offset is equal to (i) the 1987 Tentative Offset which, if less than zero, shall be considered zero; multiplied by (ii) the highest individual marginal tax rate for the calendar year 1987.

(I) The 1987 Tentative Offset is an amount equal to 72% of the following: (A) the gross sales amount attributable to farming contracts entered into in the first year of your partnership's existence ("First Year Farming,") as shown on your Partnership Return for the taxable year 1987; plus (B) the income adjustment pursuant to sections 447 and 481 that was reported on your Partnership Return for the taxable year 1987; less (C) the inventory amount at the beginning of the taxable year 1987, as reported on your Partnership Return for such taxable year; less (D) the amount of any First Year Farming purchases reported in Part III of Schedule F of your Partnership Return for the taxable year 1987; less (E) the amount of any First Year Farming deductions claimed on your Partnership Return for the taxable year 1987.

(II) The amount of the First Year Farming deductions referred to in paragraph 3(f)(I)(E) above shall be the total of the expense amounts for the year 1987 shown on the applicable farming contracts for your partnership.

(g) An offset ("Subsequent Year Offset"), to be calculated as of April 15th of each succeeding calendar year, shall be determined with respect to each of the taxable years 1988 through 1994, inclusive, of your 1986 Partnership. The Subsequent Year Offset for each such taxable year is an amount equal to (A) 72% of the income adjustment pursuant to sections 447 and 481 that was reported on your Partnership's Return for such taxable year,

$$\boxed{-3-}$$

(B) multiplied by the highest individual marginal tax rate for such taxable year.

(h) The amount calculated pursuant to subparagraph (e) of this paragraph 3 as of July 31, 1995 shall be discounted back, from July 31, 1995 to April 15, 1987, at rates equal to those prescribed by former section 6621(c).

(i) The amount calculated pursuant to subparagraph (h) of this paragraph 3 shall be converted to an agreed adjustment ("Agreed Adjustment") to your partnership's 1986 taxable year by dividing such amount by the highest individual marginal tax rate for the calendar year 1986, expressed in decimal form.

(j) Any deficiency in income tax at the partner level resulting from a partnership adjustment shall be brought forward with interest, as provided by law, at the rates prescribed by former section 6621(c).

There are no paragraphs 4, 5, 6, or 7.   .

8. Investment Income and Expense.

No adjustment shall be made to Qualified Investment Income. Qualified Investment Expense will be reduced for the taxable year as follows:

(a) For your 1986 Partnership, by 72%;

9. Investment Tax Credit.

The investment tax credit, if any, shall be allowed in the amount claimed on your Partnership Return for the taxable year 1986.

10. No Penalties.

No penalties or additions to tax shall be asserted or assessed against you by the Commissioner with regard to any adjustments made under this Settlement Offer to your Partnership Return for the taxable year 1986. Any additional interest that will be asserted or assessed against you by the Commissioner under Code section 6621(c) is neither a penalty nor an addition to tax.

11. Refund and Administrative Adjustment Requests.

You disclaim entitlement to any refund or credit based on any Administrative Adjustment Request filed by or for your partnership, or any refund or credit that is inconsistent with this Settlement Offer and is or has been filed by any partner,

$$\boxed{-4-}$$

with respect to any of the first eleven taxable years of your
partnership's existence.

Acceptance of this Settlement Offer resolves all claims you
have or may have with regard to your partnership interest with
respect to all taxable years from the first taxable year of your
partnership through its taxable year ended 12/31/94. Acceptance
of this settlement offer also resolves all claims you may have
that are inconsistent with this Settlement Offer with regard to
your partnership interest with respect to the 1995 and 1996
taxable years of your partnership.

By: _____          Date: _December 20, 1996_
    Jerry Gossett
    Appeals Officer (Laguna Niguel)
    Southern California Appeals Office

   *        *        *        *        *

[ -5- ]

PO BOX 9941 MAIL STOP 4550
OGDEN, UT 84409

Date: 12-20-96
Refer to:
MS 4550
122096

Taxpayer Identifying Number:

Partnership:
COACHELLA FRUIT GROWERS
Taxpayer Identifying Number:
33-0191770
Docket Number: 12531-90
Tax Year Ended:  1986
IRS Contact Person:
NERY WILLIAMS
Contact Telephone Number:
(801)629-1048

Dear Partner:

We have completed settlement negotiations on the partnership
shown above.  This case is docketed before the United States Tax
Court.  You have 30 days from the date of this letter to accept
the settlement.

The settlement is shown on the schedule of adjustments of
the enclosed Form 870-P(AD).  Generally, you can determine how
the adjustments will affect your individual return by multiplying
the adjustment to each partnership item by your interest in that
item.

If you agree to these adjustments, sign the agreement form
and return it with the schedule of adjustments within 30 days
from the date of this letter.

This is a binding settlement only if you sign the
Form 870-P(AD) and return it to us and we sign on behalf of the
Commissioner.  When we sign the agreement form, the one-year
period of limitations on assessments will begin under Internal
Revenue Code section 6229(f).  The service center will send you a
report showing the tax computation.  Later, we will send you a
bill for any amounts that you owe.

If you don't sign the agreement form, the partnership
proceeding will go forward to trial.

If you have any questions regarding this settlement, you may
call the IRS contact person shown above.  You may also write to
the following partnership contact person:

FRED H BEHRENS
52300 ENTERPRISE WAY
COACHELLA CA 92236

Sincerely,

DEBORAH S. DECKER

DIRECTOR, SERVICE CENTER



Enclosures:
FORM 870-P(AD) with
 schedule of adjustments
Copy of this letter

Letter 2606(RO/CG) (10-92)

- A67 -

FORM 870-P(AD)(5-88)    DEPARTMENT OF THE TREASURY       IN REPLY
                           INTERNAL REVENUE SERVICE       REFER TO:
DATE:  12-20-96              SETTLEMENT AGREEMENT          MS 4550
                        FOR PARTNERSHIP ADJUSTMENTS        122096

---

TAXPAYER(S) NAME(S) AND ADDRESS        NAME OF PARTNERSHIP

                                       COACHELLA FRUIT GROWERS

                                       TIN:  33-0191770

                                       TAX YEAR ENDED:  1986
TIN:

---

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE,
THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT
TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE
YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS.  THE UNDERSIGNED, IN
ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO
OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY
DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED
BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL
REVENUE SERVICE.  IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE
DATE IT IS ACCEPTED.  UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO
FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF
PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE
ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO
CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF
PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

---

SIGNATURE OF                                               DATE
TAXPAYER

---

SIGNATURE OF                                               DATE
TAXPAYER

---

BY (SIGNATURE                                              DATE
AND TITLE)

---

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE
WITH THE SIGNATURE.

NOTE:  THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE
ADJUSTMENT OF TAX LIABILITY.

    IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT
    RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH
    SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS
    AS AGENT FOR THE OTHER.

    IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE
    CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER
    AUTHORIZED TO SIGN.

    THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT
    PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF
    ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

    THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER
    FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO
    YOU PLUS INTEREST AS PROVIDED BY LAW.  IF THE RESULT IS A DECREASE
    IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST
    AS PROVIDED BY LAW.

---

FOR           DATE ACCEPTED FOR        SIGNATURE
INTERNAL      COMMISSIONER
REVENUE       --------------------     ---------------------------------
USE ONLY      OFFICE                   TITLE

---

                                -A68-           FORM 870-P(AD)(5-88)

Sectl-1.996

## Summary of the AMCOR Appeals Settlement Offer

The complete terms of the settlement offer and detailed computations have been provided to the Tax Matters Partner. If there are any discrepancies between this summary and the Appeals Settlement Offer (ASO), the ASO is the controlling document. If you have questions regarding the terms of the settlement offer or you wish to receive a copy of the ASO, you may contact your Tax Matters Partner, attorney of record or this Appeals Office.

The Appeals Settlement Offer (ASO) applies only to the specific partnership stated on the Form 870-P(AD) to which this summary is attached. If you invested in another AMCOR partnership, you will have to sign a separate Form 870-P(AD) to settle that partnership.

Following is a summary of the settlement terms for the AMCOR partnership items:

1.    Subject to the exact terms of the ASO, in general, for the tax year 1986, the Government will disallow 72% of the total adjustment to ordinary income as shown on the Final Partnership Administrative Adjustment (FPAA). Generally, this means that if the farming expenses claimed on the tax return were $10,000,000, the Government is allowing expenses of $2,800,000 and disallowing $7,200,000.

The adjustment to ordinary income, as shown on the FPAA, may be reduced if your partnership reported losses from other partnerships. The ASO specifies whether or not the adjustment to ordinary income will be reduced.

2.    In the years 1987 through 1994, in general, your partnership filed tax returns which included deferred income. In general, the partnerships' tax returns reflected the deferred income from 1987 as 447 and/or 481 income. Under the settlement offer, these partnership returns, as filed, are not being adjusted. Instead, an adjustment in the approximate amount of 72% of the present value of the deferred income (as discounted to reflect the differing tax rates) is made in 1986. The effect of this adjustment is to reduce the amount of disallowed expenses as stated above in paragraph 1.

3.    If your partnership invested in one or more AMCOR partnerships, an adjustment to your 1986 partnership return may be made some time in the future. The adjustment will be consistent with the terms of the settlement proposal.

A50 18 097

Settlement 1  Page 3

Setcl-1.986

## Summary of the AMCOR Appeals Settlement Offer (con't)

4.    The unadjusted basis of qualified investment property, for purposes of investment tax credit, is allowed as claimed on the partnership return.

5.    Tax Preference Item:  The qualified investment expense is disallowed to the extent of 72% for 1986.

6.    There will be no imposition of penalties under IRC sections 6653 or 6661 with regard to the AMCOR partnership adjustments.

7.    Interest is to be computed under Code Section 6621(c).

8.    The Government will not be allowing Administrative Adjustment Requests (AAR) or claims that have been filed.  Further, you agree not to file an AAR and not to benefit from the results of any AAR or claim that has already been filed.

9.    The partnership tax returns for the tax years 1995 and 1996 should be filed where required and the partners should report their share of the recapture income consistent with this settlement.  This requires the reporting of 28% of the income adjustment required by Internal Revenue Code section 447 and 481 for a partnership formed in 1986, rather than the full 100% portion of the section 447 and 481 income that otherwise would be reported.

### THIS IS NOT PART OF THE APPEALS SETTLEMENT OFFER

### * * * FOR INFORMATIONAL PURPOSES ONLY * * *

In reference to a partner's capital contribution to a partnership (sometimes referred to as Out of Pocket Investment), the cash contribution investment made by a partner is not included as part of the settlement computation.  Each partner should keep a detailed record of his capital account and the partner may have a capital gain or loss upon his termination from the partnership.

- A70 -

<u>APPEALS SETTLEMENT OFFER</u>
(1986 partnerships)                12/20/96  ASO-86.D96

The Commissioner of Internal Revenue (the "Commissioner") issued Notices of Final Partnership Administrative Adjustment ("FPAA"), as provided in sections 6223(a)(2) and (d)(2)[1], for the taxable years 1984, 1985, and 1986, to partnerships known as the Amcor sponsored partnerships. (collectively, the "Amcor Partnerships").

Your partnership timely filed a Petition for Readjustment of Partnership Items with the United States Tax Court (the "Tax Court").

Your partnership case is now pending before the Tax Court.

The Commissioner desires to make you the following settlement that, if you accept, will resolve your case.  The terms of this Amcor Appeals Settlement Offer ("Settlement Offer") are as follows:

1. <u>Procedure</u>.

    This settlement offer will not become effective until a Form 870-P(AD), "Settlement Agreement For Partnership Adjustments," has been signed by both the taxpayer[2] (generally a limited partner) and an authorized representative of the Commissioner. The statute of limitations for assessment under Internal Revenue Code section 6229(f) will not commence to run until the Form 870-P(AD) has been signed by an authorized representative of the Commissioner. The taxpayer will cooperate with the Service in the execution of any documents that are required to close his case in the United States Tax Court.

2. <u>Designation of Partnerships and Tax Rates</u>.

    (a) <u>1986 Partnerships</u>. A 1986 partnership is a partnership that ended its first taxable year in the calendar year 1986. Your partnership is a 1986 partnership.

    There are no subparagraphs (b), (c), or (d).

---

[1]    All references to sections herein are to sections of the Internal Revenue Code ("Code") unless otherwise indicated.

[2]    If a taxpayer has on file a properly executed Form 2828, "Power of Attorney and Declaration of Representative," then the authorized representative may perform any and all acts that this Settlement Offer states the taxpayer is to perform.  For example, the representative may sign the Form 870-P(AD) as the authorized representative of the taxpayer.

- A71 -

(e)  Applicable Tax Rates.

| Calendar Year | Maximum Individual Rate |
|---------------|-------------------------|
| 1986 | 50% |
| 1987 | 38.5% |
| 1988 | 33% |
| 1989 | 33% |
| 1990 | 33% |
| 1991 | 31% |
| 1992 | 31% |
| 1993 | 39.6% |
| 1994 | 39.6% |

3.  1986 Partnership.

The following provisions shall apply in determining the adjustments to the partnership items of your 1986 partnership:

(a) In the FPAA issued to your 1986 Partnership, the Commissioner increased your 1986 Partnership's ordinary income for the taxable year 1986. The total amount of such adjustments is reflected on the Schedule of Adjustments attached to the FPAA issued to your partnership as "Total Adjustments to Ordinary Income."

(b) The amount of the Total Adjustments to Ordinary Income shall be reduced by amounts, if any, included therein as ordinary income or loss from other partnerships. The resulting amount, the "Net Ordinary Income Adjustments," shall be taken into account as provided in subparagraph (c) of this paragraph 3.

Income or loss from other partnerships is, to the extent provided therein, separately taken into account in accordance with the provisions of subparagraph (d) of this paragraph 3.

(c) The amount of the Net Ordinary Income Adjustments shall be multiplied by 72%.

(d) Certain 1986 Partnerships claim, on their U.S. Partnership Return of Income (Form 1065) ("Partnership Return") for the taxable year 1986, a distributive share of partnership loss from another partnership (a "Pass-Through Partnership").

(i) Where such Pass-Through Partnership is one of the Amcor Partnerships, a 1986 Partnership's distributive share of loss from any Pass-Through Partnership shall be redetermined pursuant to the amount of the Pass-Through Partnership's income or loss as determined in accordance with the provisions of its Settlement Offer.

-2-

(ii) **Where such Pass-Through Partnership is not one of the Amcor Partnerships**, the loss will be allowed as claimed in its entirety.

(e) The net amount produced by operation of subparagraphs (a) - (d) of this paragraph 3 shall be multiplied by the highest individual marginal tax rate for the calendar year 1986. The resulting amount ("Tentative Deficiency") shall be brought forward, with interest, from April 15, 1987 to July 31, 1995, subject to offset, on an annual basis, by the amounts set forth in subparagraphs (f) and (g) of this paragraph 3. These offsets shall be made without regard to whether a valid and timely Administrative Adjustment Request, as prescribed in section 6227, has been filed by or for your partnership for any taxable year. Interest on the Tentative Deficiency shall be included, on a running balance basis, at the rates prescribed by former section 6621(c).

(f) An offset ("Second Year Offset") with respect to your 1986 Partnership's second taxable year, 1987, to be made as of April 15, 1988, shall be determined. The Second Year Offset is equal to (i) the 1987 Tentative Offset which, if less than zero, shall be considered zero; multiplied by (ii) the highest individual marginal tax rate for the calendar year 1987.

(I) The 1987 Tentative Offset is an amount equal to 72% of the following: (A) the gross sales amount attributable to farming contracts entered into in the first year of your partnership's existence ("First Year Farming,") as shown on your Partnership Return for the taxable year 1987; plus (B) the income adjustment pursuant to sections 447 and 481 that was reported on your Partnership Return for the taxable year 1987; less (C) the inventory amount at the beginning of the taxable year 1987, as reported on your Partnership Return for such taxable year; less (D) the amount of any First Year Farming purchases reported in Part III of Schedule F of your Partnership Return for the taxable year 1987; less (E) the amount of any First Year Farming deductions claimed on your Partnership Return for the taxable year 1987.

(II) The amount of the First Year Farming deductions referred to in paragraph 3(f)(I)(E) above shall be the total of the expense amounts for the year 1987 shown on the applicable farming contracts for your partnership.

(g) An offset ("Subsequent Year Offset"), to be calculated as of April 15th of each succeeding calendar year, shall be determined with respect to each of the taxable years 1988 through 1994, inclusive, of your 1986 Partnership. The Subsequent Year Offset for each such taxable year is an amount equal to (A) 72% of the income adjustment pursuant to sections 447 and 481 that was reported on your Partnership's Return for such taxable year,

$\boxed{-3-}$

- A73 -

(B) multiplied by the highest individual marginal tax rate for such taxable year.

(h) The amount calculated pursuant to subparagraph (e) of this paragraph 3 as of July 31, 1995 shall be discounted back, from July 31, 1995 to April 15, 1987, at rates equal to those prescribed by former section 6621(c).

(i) The amount calculated pursuant to subparagraph (h) of this paragraph 3 shall be converted to an agreed adjustment ("Agreed Adjustment") to your partnership's 1986 taxable year by dividing such amount by the highest individual marginal tax rate for the calendar year 1986, expressed in decimal form.

(j) Any deficiency in income tax at the partner level resulting from a partnership adjustment shall be brought forward with interest, as provided by law, at the rates prescribed by former section 6621(c).

There are no paragraphs 4, 5, 6, or 7.

## 8. Investment Income and Expense.

No adjustment shall be made to Qualified Investment Income. Qualified Investment Expense will be reduced for the taxable year as follows:

(a) For your 1986 Partnership, by 72%;

## 9. Investment Tax Credit.

The investment tax credit, if any, shall be allowed in the amount claimed on your Partnership Return for the taxable year 1986.

## 10. No Penalties.

No penalties or additions to tax shall be asserted or assessed against you by the Commissioner with regard to any adjustments made under this Settlement Offer to your Partnership Return for the taxable year 1986. Any additional interest that will be asserted or assessed against you by the Commissioner under Code section 6621(c) is neither a penalty nor an addition to tax.

## 11. Refund and Administrative Adjustment Requests.

You disclaim entitlement to any refund or credit based on any Administrative Adjustment Request filed by or for your partnership, or any refund or credit that is inconsistent with this Settlement Offer and is or has been filed by any partner,

-4-

with respect to any of the first eleven taxable years of your partnership's existence.

Acceptance of this Settlement Offer resolves all claims you have or may have with regard to your partnership interest with respect to all taxable years from the first taxable year of your partnership through its taxable year ended 12/31/94. Acceptance of this settlement offer also resolves all claims you may have that are inconsistent with this Settlement Offer with regard to your partnership interest with respect to the 1995 and 1996 taxable years of your partnership.

By: _____    Date: __December 20, 1996__
Jerry/Gossett
Appeals Officer (Laguna Niguel)
Southern California Appeals Office

\*            \*            \*            \*            \*

[-5-]

CERTIFICATE OF SERVICE

I certify that service of the foregoing Appendix A to Response of the United States in

Opposition to Plaintiff's § 6621(c) Motion for Partial Summary Judgment and Supporting Brief

has, this 3d day of June, 2004, been made on plaintiff's counsel by mailing a copy thereof, in a

postage prepaid envelope, to the following address:

Thomas E. Redding, Esquire
Redding & Associates, P.C.
2914 W.T.C. Jester
Houston, TX 77018


U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440