IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 03-2028 T

Judge Francis M. Allegra

(Consolidated with 04-907 T)

KENNETH C. KEENER,

Plaintiff

v.

THE UNITED STATES,

Defendant.

ADDITIONAL/ALTERNATIVE GROUND IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS PLAINTIFFS' TAX MOTIVATED INTEREST CLAIMS

The United States respectfully submits this additional, alternative ground to dismiss for lack of jurisdiction Keener's and the Smiths' claims for tax motivated interest. Defendant filed its motion to dismiss on November 4, 2005. Since then, and in the course of briefing various TEFRA issues in the present cases and the companion AMCOR cases before Judge Block, defendant's understanding of plaintiffs' tax motivated interest claims has deepened considerably. Specifically, in addition to the jurisdictional flaws briefed in those cases and here, we now recognize an additional jurisdictional defect with Keener's and Smith's claims for tax motivated interest. That is, if we accept plaintiffs' characterization of their claims, their administrative refund claims for tax motivated interest were filed after the jurisdictional deadline prescribed in

§§ 6230(c)(1)(A)(ii), (c)(2)(A).[1] Because this additional ground questions subject matter jurisdiction, it is appropriate to raise it, even at this late date. *See* RCFC 12(h)(3). We have no objection to plaintiffs having an opportunity to file a response to this additional jurisdictional ground, and there would appear to be no prejudice to plaintiffs, as there is ample time for them to do so prior to oral argument.

The statutory scheme in § 6230(c) allows for refund claims when the IRS has erroneously made a computational adjustment necessary to apply to a partner a settlement of partnership items. Such a refund claim must be filed within six months after the day on which the IRS mails a notice of the computational adjustment to the partner. A "computational adjustment" is a defined term, meaning "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." § 6231(a)(6). As the Federal Circuit has recognized, tax motivated interest under former § 6621(c) is a computational adjustment. *See Olson v. United States*, 172 F.3d 1311, 1315 n.1, 1318 and n.2 (Fed. Cir. 1999); *see also* Temp. Treas. Reg. § 301.6231(a)(6)-1T(b) (1987) (applicable here) ("A computational adjustment includes any interest due with respect to any underpayment or overpayment of tax attributable to adjustments to reflect properly the treatment of partnership items.").

Keener's and the Smiths' claims for tax motivated interest boil down to the claim that the IRS erroneously computed the interest they owed under their settlements of partnership items, by using the higher tax motivated interest rate instead of the regular interest rate. They claim that

---

[1] A taxpayer may not maintain a tax refund suit before first filing a refund claim for overpayment of tax. *See* § 7422(a). The time periods for filing a refund claim are jurisdictional as they represent the terms on which the United States consents to be sued. *See e.g. United States v. Dalm*, 494 U.S. 596, 602, 608-09 (1990); *see also e.g. Commissioner v. Lundy*, 516 U.S. 235, 240 (1996).

the settlements do not support use of the higher, tax motivated interest rate. Their claim, therefore, alleges the IRS "erroneously computed [a] computational adjustment necessary . . . to apply to the partner a settlement. . .," § 6230(c)(1)(A)(ii). Keener and Smith therefore had six months to file refund claims with the IRS after it mailed the allegedly erroneous notices of adjustment to them.[2]

Neither Keener nor the Smiths satisfied the six month requirement. The IRS mailed Keener notices that his underpayments were subject to interest computed at the higher tax motivated rate in November 1997, but Keener did not file his refund claims for such interest until December 1999. *See Pls.' Findings* [Doc. #34] ¶¶ 24, 28, 52, 56; *App.* [Doc. #37] Ex. 17 at B60-B67, 18, 19; *App.* [Doc. #38] Ex. 29 at B145-B152, 30, 31; *Resp.* [Doc. #51] ¶¶ 24, 28, 52, 56. The IRS mailed Smith notices that his underpayments were subject to interest computed at the higher tax motivated rate in November 1999, but the Smiths did not file their refund claims for such interest until March 2002. *See Pls.' Findings* [Doc. #34] ¶¶ 81, 90, 91, 114, 120; *App.* [Doc. #39] Ex. 50 at B249-B256, 52-55; *Resp.* [Doc. #51] ¶¶ 81, 90, 91, 114, 120.

Plaintiffs presumably will argue that their refund claims for tax motivated interest were timely filed within the periods prescribed under the general refund claim provision of § 6511(a). Under one of the periods in that section, a refund claim is timely if filed within two years from the time the tax claimed was paid. Thus, in their refund claims, plaintiffs state, "[t]he claim is

[2] The characterization of plaintiffs' claim in this paragraph differs from one statement about their claim in our motion to dismiss. *See Mot.* [Doc. #22] at 17 n.14. The difference is attributable to defendant's evolving and deepening understanding of TEFRA and plaintiffs' claims for refund of tax motivated interest, and, to defendant's knowledge, plaintiffs' failure, to date, to explain exactly what statutory mechanisms provide the Court with jurisdiction over their tax motivated interest claims.

timely. It is being filed within two years from the date of payment." *See App.* [Doc. #37] Ex. 18 at B74, 19 at B86; *App.* [Doc. #38] Ex. 30 at B157, 31 at B169; *App.* [Doc. #39] Ex. 52 at B264, 53 at B274, 54 at B285, 55 at B295.

However, the general two year period of § 6511(a) does not apply to a refund claim for tax motivated interest. If it did, it would make the specific TEFRA period of limitation for contesting a computational adjustment in § 6230(c)(2)(A) meaningless. A taxpayer, after paying the interest assessment, would never need to satisfy the six month from notice deadline in § 6230(c)(2)(A), knowing the two year from payment period of § 6511(a) remained open. Indeed, Congress did not write such a loophole into the tax code. Rather, as in effect for the taxable years here at issue, Congress forbid use of the refund claim periods in § 6511, where a taxpayer seeks a "refund of an overpayment attributable to . . . (. . . an affected item)." § 6230(d)(6); *see Bob Hamric Chevrolet, Inc. v. U.S.*, 849 F.Supp. 500, 508-09 (W.D. Tex. 1994). An affected item is "any item to the extent such item is affected by a partnership item." § 6231(a)(5). Tax motivated interest imposed pursuant to former § 6621(c)(3)(A)(v) is, in addition to a computational adjustment, an affected item, because it is affected by partnership level sham determinations. A long line of Tax Court precedents, including *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 743-46 (1987) and *Affiliated Equip. Leasing II v. Commissioner*, 97 T.C. 575 (1991), has held that tax motivated interest is an affected item. *See Mot.* [Doc. #22] at 31 n.23, 38. Indeed, plaintiffs acknowledge as much. *See e.g. Mot.* [Doc. #35] at 8 ("It is well settled that §6621(c) is an affected item . . . .").[3] Thus, plaintiffs' refund

---

[3] We do not agree that tax motivated interest is always an affected item that requires factual determinations beyond computations to be made at the partner level, as the Tax Court appears to believe. *See e.g. N.C.F.*, 89 T.C. at 744-46. Rather, at least with respect to the tax

claims for tax motivated interest are for an overpayment attributable to an affected item, and the two year period of § 6511(a) cannot apply.

Plaintiffs also claim that their refund claims are timely under § 6230(c). "Additionally, even if any of the periods under I.R.C. §6230(c) apply to any portion of this claim, it is timely under those provisions as well." *See App.* [Doc. #37] Ex. 18 at B74, 19 at B86; *App.* [Doc. #38] Ex. 30 at B157, 31 at B169; *App.* [Doc. #39] Ex. 52 at B264, 53 at B274, 54 at B285, 55 at B295. As we explained *supra*, plaintiffs filed their refund claims for tax motivated interest more than six months after notice of the computation, and they are untimely under § 6230(c)(2)(A). The only other period in § 6230(c) for the taxable years at issue relates to a failure to allow a credit or make a refund pursuant to a settlement, FPAA, or judicial decision:

> claim for refund on the grounds that the Secretary failed to allow a credit or to make a refund to the partner in the amount of the *overpayment* attributable to the *application* to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a).

§ 6230(c)(1)(B) (emphasis added); *see Dismore v. U.S.*, Fed. Cl. No. 04-1787, *Br.* [Doc. #36] at 4-5. But § 6230(c)(1)(B) cannot encompass plaintiffs' refund claims for tax motivated interest, even if we assume for argument's sake that plaintiffs' claims derive from their settlement

---

motivated transactions at issue here, § 6621(c)(3)(A)(v), tax motivated interest is "an affected item solely because of a computational adjustment that cannot be made until the partnership level proceeding is completed." *Id.* at 744. It is thus an "affected item[] . . . [that] involves a computational adjustment." *Olsen*, 172 F.3d at 1317. No non-computational, factual determinations are required to assess tax motivated interest, once it is determined that disallowed partnership deductions stem from sham partnership transactions. The IRS need only compute the resulting tax underpayment, see whether the underpayment exceeds $1,000, and, if so, compute interest at the higher tax motivated interest rate. Be that as it may, for present timeliness of refund claim purposes, it is enough to note agreement all around that tax motivated interest is an affected item. Thus, refund claims for it must be brought within the time limits specified in § 6230(c).

agreements. Congress fashioned this cause of action to enable a taxpayer to enforce a settlement, FPAA, or court decision that, when applied, causes a tax overpayment that the IRS fails to refund. *See Anderson v. U.S.*, No. C-91-3523 MHP, 1993 WL 204605, at *6 (N.D. Cal. June 3, 1993). Here, it is undisputed that the *application* of the settlement agreements to plaintiffs created a tax *underpayment*, not, as the statute requires, an *overpayment* that the IRS failed to credit or refund.

Even if the Court were to conclude that plaintiffs' refund claims for tax motivated interest are of the type permitted under § 6230(c)(1)(B), the Court still must conclude that they were untimely. Section 6230(c)(2)(B), as relevant to plaintiffs' claims, requires a refund claim under § 6230(c)(1)(B) to be filed within two years after the day on which a partnership item settlement is entered. Plaintiffs' refund claims missed the two year deadline, even if applicable. Keener entered into the settlements (the application of which he claims does not require payment of tax motivated interest) in April 1997, but he did not file his refund claims for such interest until December 1999. *See Resp.* [Doc. #51] ¶¶ 17, 28, 46, 56. Likewise, Smith entered into the settlements in April 1999, but the Smiths did not file their refund claims for tax motivated interest until March 2002. *See Resp.* [Doc. #51] ¶¶ 75, 91, 109, 120.

Thus, no matter how one views it, plaintiffs' refund claims for tax motivated interest are untimely. When viewed as a failure to properly compute the interest due under their settlements, plaintiffs' refund claims were due six months after they received the IRS' notices of computational adjustment. § 6230(c)(2)(A). If, as plaintiffs claim, they did not agree to pay tax motivated interest when they settled, this six month period was ample time to file a refund claim and put the IRS on notice. Plaintiffs failed to do so. And, even if the Court were to view the

matter as a failure by the IRS to issue a credit or make a refund, plaintiffs' refund claims were untimely, because they were filed more than two years after the effective date of their partnership item settlements. §§ 6230(c)(1)(B), (c)(2)(B).[4]

**CONCLUSION**

For the foregoing reasons, in addition to those expressed in our earlier motion, the Court should dismiss plaintiffs' claims for refund of tax motivated interest.

[4] To the extent the Court concludes that plaintiffs' refund claims for tax motivated interest were appropriately brought and timely filed under § 6230(c), the § 7422(h) analysis set forth in our earlier motion to dismiss (Doc. #22) would still apply to them. This is because, under § 6230(c), no review of substantive partnership determinations is permitted. § 6230(c)(4). Rather, the FPAA and Tax Court determinations that the partnership transactions were shams control. Those determinations, as demonstrated in our earlier motion to dismiss and supporting filings, including our reply brief and opposition to defendant's motion for summary judgment, support imposition of tax motivated interest against plaintiffs.

Respectfully submitted,

s/Bart D. Jeffress

BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

August 14, 2006